# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>  Plaintiff - Appellee<br><br>v.<br><br>**KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS…** (Defendants)<br><br>**[COL.] DAVID J. WRIGHT, KENTUCKY COLONEL Individually**<br>  Defendant - Appellant | 6th Circuit Civil Appeal 23-5795<br><br>**CIVIL RIGHTS APPEAL**<br><br>KYWD 3:20-cv-00132 RGJ [DE-93]<br>KYWD 3:20-cv-00132 RGJ [DE-129]<br>KYWD 3:23-cv-00043-RGJ [DE-22]<br><br>**MOTION FOR TIME AND DATE REQUEST FOR RELIEF**<br><br>**RECEIVED**<br>11/03/2023<br>DEBORAH S. HUNT, Clerk |

## MOTION FOR TIME AND DATE TO FILE APPELLANT'S BRIEF AND REQUEST FOR DISCRETIONARY RELIEF

Comes now the Appellant, Col. David J. Wright, ("Colonel Wright" or "Col. Wright") in *pro-se forma pauperis* as an appellant before this Honorable Court requesting preliminary remedial and intermediate relief that may be granted discretionarily by the Court with reasonable consideration for the challenges faced by the individual Appellant to prepare and file his Appellate Brief to overturn and vacate the Honorable Order of Kentucky Colonels v. Kentucky Colonels International judgment in the Western Kentucky District Court.

### INTRODUCTION

The Appellant lives and works remotely on the Orinoco River between Colombia and Venezuela building and advising Sovereign Amerindian (Indigenous) Governments as a Kentucky Colonel (legal man) where he oversees strategic international natural resource reserves (forests) of the Piaroa Tribe. There the Appellant has a large parcel of land there greater than the titles warranted to colonels by the Governor Commonwealth of Virginia in 1784 to

colonels which was 6,667 acres. In South America, Col. Wright is engaged in a non-profit development mission with the organization he founded in Kentucky in 1994, by and for which he was recognized a Kentucky Colonel in 1996.

"In 1824, they say Chief Justice John Marshall visited a club in Philadelphia where it was the rule that every member make a rhyme. Two or three Kentucky colonels were drinking bourbon at a table nearby. The word given to Marshall was "paradox". His rhyme went this way:

> **In the Blue Grass Region**
> **A paradox was born**
> **The corn was full of kernels**
> **And the colonels full of corn."**

Arthur J. Keeffe, *John Marshall, Magnificent Mugwump*, 6 Cath. U. L. Rev. 103 (1957). Available at: <https://scholarship.law.edu/lawreview/vol6/iss2/4> See *Beveridge, Life of John Marshall* (1919)

Colonel Wright appears clear to affirm his intent to Appeal and requests the Honorable Court understand that **"he, and he alone, is making this appeal"**, despite the standing of any and all other defendants entitled to make this appeal, or others that may be enjoined; Appellant herein also asserts and requests the legitimate diplomatic privilege of being recognized using his honorable title, a courtesy granted, and an entitled feoffment (letters patent) made by The Honorable Paul E. Patton, who was the Governor of Kentucky in 1996, as a legal living "Kentucky Colonel". Further, the Appellee has recognized and knows the Appellant as a "Kentucky Colonel" for more than 20 years including the days leading up to the initiation of this case, and lastly because his legal standing and honorable recognition as a "Kentucky Colonel" is highly relevant to this case. **(See EXHIBIT A)**

## DISCRETIONARY RELIEF REQUESTED
## MOTION TO COMPEL TITLE RECOGNITION

For the Appellant who currently uses the title, KENTUCKY COLONEL is known as a civilian colonel and goodwill ambassador by other international governments, the continued honorable recognition is an imperative, many international and world leaders have become

recognized as colonels also. This case calls on Appellant as a colonel for doing what colonels do, by an organization that serves colonels, about an unincorporated association about more colonels, therefore his recognition herein warrants his standing as a Colonel in title and name.

In support of this motion, the Defendant states as follows:

1. The Appellant is a Kentucky Colonel, which is a title bestowed upon individuals by governors that recognize the noteworthy deeds of many, but not all people;
2. The Appellant has enjoyed the rights, privileges and responsibilities afforded by the title;
3. The Appellant's honorable title of Colonel is important to him and is a part of his identity;
4. The Appellant has been addressed by his title in other courts, in court orders, by governments and jurisdictions since 1996 in which he has appeared as a Kentucky Colonel and Goodwill Ambassador for the Commonwealth of Kentucky promoting environmental protection.
5. The District Court's failure to recognize Colonel Wright with his legal style and title was biased, disrespectful, discriminatory and prejudicial to the Appellant's position in this case based on the omission of facts by the Appellee. The damage caused to the defendant in personal reputation and history by not being recognized properly by the Appellee as a colonel, but moreover as a donor, member and volunteer in good standing is unethically sophisticated, motivated only to remove his person from the realm of the case.

Legally, His Excellency Paul E. Patton while the Governor of Kentucky issued *letters patent*, a *non obstante feoffment* to Honorable David Wright, it entitled him to use the Honorable title: KENTUCKY COLONEL during and throughout his lifetime. It is a title that is displayed as a prefix or prenominal style such as "Colonel" or "Col." in connection with the realm of Kentucky, the use of the title is one of the privileges guaranteed by the commission.

**To Wit the Appellant's Kentucky Colonel Commission reads as follows:**

To all to Whom These Presents Shall Come, Greeting: Know Ye,
That **Honorable David Wright** Is Commissioned A "KENTUCKY COLONEL"
I hereby confer this honor with all the rights, privileges and responsibilities thereunto appertaining.
In testimony whereof, I have caused these letters to be made patent, and the Seal of the
Commonwealth to be hereunto affixed. Done at Frankfort, … 1996

This civil recognition of the entitlement to the honorable title: "Kentucky Colonel" in the Commonwealth is based on a "deed of release" for which the Appellant was recognized with the "Honorable Distinction" *by a colonel that was a judge* who brought it to the attention of another colonel that *was the head-of-state as its governor* to lay claim the deed (the accomplishment and person) *as their own civil official; honorably, legally and respectfully* "just like in old Kentucky's best days" when Colonel William O'Connell Bradley was the Governor in 1896 establishing the motive to build on the prosperity of the state. The Kentucky Colonel Commission is a legal act conferred as a civil honor with iconic recognition culturally, legally, officially, socially and traditionally; it is signed by the Governor and the Secretary of State who records the act. According to Chief Justice Bertram Combs in 1953 a Kentucky Colonel is a legal officer of the Commonwealth with standing and powers like that of a notary public. Recently, the government of Kentucky stated that the Kentucky Colonel Commission Document is recorded by the Secretary of State much like a corporation and the document is affirmed with the signature of the secretary. It is a document that can be apostilled.

> "Kentucky Colonels and [N]otaries [P]ublic are also [officers] created in the name of the Commonwealth, by its Chief Executive, but that does not mean they are the Commonwealth or are bound…" Kentucky Chief Justice Bertram Combs

A United States Court may use its own discretion to recognize and refer to an individual natural person under their assumed name, pen name, adopted name, stage name, or preferred distinctive name as a public figure, as a personal copyright and alias or fictitious name when the case involves the use of the name with a suffix or prefix amended to the name or if the entitlement is a legally designated or a recognized honorific style. In this case the title provides the Appellant with the rights, privileges and responsibilities he earned based on a legal act executed [as such] by the governor of the jurisdiction whose protocol is to recognize its Kentucky Colonels as either "Colonel" or in name "Col. David Wright". **(See EXHIBIT C)**

Moreover, the <u>Agreed Permanent Injunction clearly states that the Appellant shall be known as **"Col. David J. Wright"**</u> as stipulated in the injunction which states:

5. "Notwithstanding the aforestated prohibitive terms and conditions, this Agreed Permanent Injunction does not prohibit the Defendant, **Col. David J. Wright** or *other Kentucky colonels (as individuals)* from using "Kentucky Colonel," "Kentucky colonels" and/or "Kentucky colonelcy" as words or terms to describe Kentucky colonels, as an a honorary title, or for editorial, educational, informative, journalistic, literary or *other non-commercial purposes* so long as the use is not related to the trademark or service mark uses registered, or pending, by the HOKC with the U.S. Patent and Trademark Office."

**Page to Reference: Stipulation Number Five** (5) of **Agreed Permanent Injunction** 3:20-cv-00132-RGJ-RSE, DE-93 Page 3 of 4 PageID #:2058. (emphasis added)

Precedential Decisions using the Honorable Kentucky Colonel title and honorific style.

- Established in Fact: "On October 1, 1955, Colonel Harland Sanders, of Kentucky Fried Chicken fame, visited the defendant, Charles Colbern, at his restaurant in Ottawa, Kansas, and demonstrated to him a method of frying chicken for restaurant consumption. While there, Colonel Sanders entered into a franchise contract with the defendant. Colonel Sanders, the sole owner of Kentucky Fried Chicken, Inc., was in the business of franchising his method of frying chicken. At the time of the trial he had outstanding 253 franchises. The Kentucky Colonel had a copyright for the expression "Kentucky Fried Chicken," and had a patent pending for his process of frying chicken under pressure." Justice Harold R. Fatzer, *Turner v. Colbern*, 348 P.2d 603 (Kan. 1960)

- Also see: *Ballantyne Instruments & Electronics, Inc. v. Chester Wagner, an Individual and Henny Penny Corporation*, 345 F.2d 671 (6th Cir. 1965) "In opposition to plaintiff-appellee's motion for summary judgment, defendants-appellants introduced affidavits of Dr. Wilbur A. Gould and Col. Harland D. Sanders *as persons* skilled in this art." "The article described Colonel Harland D. Sanders' dissatisfaction with the decrease in the quality of "his chicken" since he originated the Kentucky Fried Chicken idea in the 1950's" *Carry Chicken, Inc. v. Miami Herald Publishing Co.*, 44 Fla. Supp. 181 (Fla. Cir. Ct., Miami-Dade Cty. 1976) "… store uses Colonel Sanders' picture, name, trademarks, and slogans and asserts the chicken sold there is prepared according to "Col. Sanders' Recipe." In every way available to it, plaintiff has vigorously and successfully sought the public's attention and established its association with "Colonel Sanders' Kentucky Fried Chicken" in the public's mind."

- "The concept of personal liberties and fundamental human rights entitled to protection against overbroad intrusion or regulation by government is not limited to those expressly mentioned in either the Bill of Rights or elsewhere in the Constitution, but instead extends to basic values `implicit in the concept of ordered liberty' and to `the basic civil rights of man.' Among such basic liberties and rights not explicitly listed in the Constitution are the right `to marry, establish a home and bring up children'; the right to educate one's children as one chooses; and the right to privacy and to be let alone by the government in `the private realm of [civil and] family life." *City of Carmel-By-The-Sea v. Young*, 2 Cal. 3d 259, 266-267 [85 Cal. Rptr. 1, 466 P.2d 225]

There is clear and apparent *prima facie* evidence in this case that on February 20, 2020 that the law firm intentionally deprived the Appellant of his legal Honorable title in such a way that created discrimination, bias and prejudiced the U.S. District Court in the same sovereign Kentucky Territory where the title was bestowed. Inasmuch, based on the probable evidence presented herein; the Appellant humbly moves the court to properly recognize him as "Col. David J. Wright, Colonel David Wright, Colonel Wright, or Col. Wright" as his "*pro persona appellet*" and not refer to him as "Mr. David Wright" or "David J. Wright". It is believed that the Appellee in this case intentionally omitted knowledge of the Appellant's legal title and standing as a Kentucky Colonel to depreciate, desecrate, dishonor, disrespect and devalue his character as an unknown third party and to further directly deprive him of his civil rights and rights to be recognized honorably as a commissioned civilian colonel. Counsel also deprived the court of critical information about the Defendant's 22 year relationship as a Kentucky colonel with the Plaintiff because that information would bar this case. Personal documents demonstrate he has been signing his name "Col. David J. Wright" for over 20 years. **(See EXHIBIT B)**

The Appellant, requests the case title with the modified *appellet* to state:

### COL. DAVID J. WRIGHT, KENTUCKY COLONEL
Appellant/Defendant (Counterclaimant)

Further, this Appellant herein notifies this court (*in hoc instrumento vel in hac*) that dependent upon the outcome of this appeal, the Appellant/Defendant will be seeking reparations, restitution and reconstitution as a remedy for the damage caused by the Appellee adequate enough for the reestablishment, recovery and restoration of the KENTUCKY COLONELS INTERNATIONAL name, cancellation of dilutive generic and descriptive trademarks "KENTUCKY COLONELS" referring to the "Kentucky Colonel" and "Kentucky colonels" that are disparaging, demeaning or disgraceful, and that interfere with rights to heritage or in Kentucky is meant to discriminate among other Kentucky colonels (and Kentucky Colonels' Organizations) that exist and have existed prior to the establishment of the Appellee. The former Defendant's counterclaim will seek damages for unlawful prosecution using a sham lawsuit that

deliberately omitted knowledge from the legal record known to the HONORABLE ORDER OF KENTUCKY COLONELS which was retaliatory in nature to suspend, suppress and target Appellant's civil rights following the rejection of a business offer. It was a damaging lawsuit that caused great injury and the plaintiff's attack on the civil rights of the defendant is no longer viewed as a conspiracy, it is inexcusable. The counterclaim or (independent new plaintiff claim) will seek the full value of the January 2020 merger offer and legal expenses in excess of two million dollars for the scale of the damage and injury caused by the Honorable Order of Kentucky Colonels to their members and the Appellant's ad hoc international branch which was recognized silently over the course of many years, and to be held responsible for the mistaking and misappropriation of the Appellant's research, intellectual property and ideas which have been uncovered as a result of these strategic lawsuits against public participation which have been dismissed twice. The Appellee has spent in excess of $500,000 dollars on two SLAPPs that have backfired in a very bad way for the Plaintiff and caused significant damage to the Defendant. The analysis of these two cases (illegal in Kentucky) and their outcome post appeal may lead to a case study for legal journals about SLAPP.

## I. Page Limit Exception

As the *pro-se forma pauperis* Appellant in the above-mentioned case, Appellant, Col. David J. Wright, respectfully submits this Motion for Extension of Time and Due Date to File Appellant's Brief and Petition for Discretionary Relief to this Honorable Court. Appellant requests leave from the court **to exceed the average page limit of 50 pages | 17,000 words** for the Appellant's First Brief, given the complexity, breadth and scope of the numerous issues which must be addressed in the initial phase of the Appeal.

## II. Background

On September 21st, The Honorable Rebecca Grady Jennings granted the Circuit Court Form 6 Motion and Affidavit for *pauperis* status and affirmed Appellant's representation as a *pro-se* defendant in her court. Furthermore, the District Court granted the absolution and exemption of filing fees in Order 3:20-cv-00132-RGJ Document 137 on 09/21/23 for the filing

of Appellant's Notice of Appeal. The Appellee was notified of the Appeal asserting among other issues the cancellation of the Appellee's trademarks and mistaken reliance on a mid-litigation preliminary injunction that biased the court.

To date, the Appellee has not filed a response or reply, nor has it requested additional time. At this point it may be fair to assume to the Appellant that the Case: 23-5795 Document: 4, Filed: 09/18/2023 by the Appellee as "Appearance of Counsel" is the last document filed in this case, which if the Appellant understands correctly gives him 40 days (or upon request 60 days) to file his brief as a *pro-persona* (*pro-se*) Appellant.

## III. Motion to Find Appellee in Default to Respond

Appellant respectfully seeks guidance from this Court on the matter of the Appellee's failure to respond or reply within the designated 14-day period to Appellant's Notice of Appeal, or the 14 days since the filing fees were waived for the Sixth Circuit filing. Appellant inquires whether the Appellee should be considered in default, and if so, Appellant requests the appropriate course of action from this Honorable Court before proceeding with his brief. Notwithstanding the court's recommendations, Colonel Wright is already preparing a detailed legal brief and needs some additional time to prepare it as a pro-se appellant.

## IV. Extension of Time for Filing the Appellant's Brief

Given the circumstances outlined above, the Appellant kindly requests a generous discretionary extension of 20 to 30 additional days based on the maximum allowable time for a ***pro-se appellant*** to submit the Initial and Final Appellant Brief notwithstanding any requests for Supplemental Briefs by the Esteemed Court once the Initial Brief is finally submitted. This will afford Appellant the necessary time to comprehensively address the complexities of the case, properly cite the law and uphold the standards set by the United States Justice System.

## V. Appointment or Designation of Attorney

As a duly commissioned Kentucky Colonel, a former member, volunteer of the Appellee's organization, and a Whistleblower, Appellant recognizes some of the potential

complexities that may arise in defending civil rights that were subjected to a sophisticated conspiracy. Therefore, Appellant respectfully request consideration by the court for the appointment or designation of an attorney to provide assistance in this matter, it is very likely that as a *pro-se forma pauperis* appellant, mistakes will be made that may require the court's grace and tolerance considering the limited legal experience of the Appellant. Due to the size and complexity of this case the Appellant has not been able to find an attorney on his own pro-bono, the starting retainers for this case are $45,000 to $80,000. The Appellant has not sought representation for a forthcoming lawsuit seeking a Declaratory Judgement and reparations, but it is likely he can once the Circuit Court decision is made.

## VI. Properly Designated Recognition Before the Court

Designation as Kentucky Colonel, Former Donor, Member, Volunteer, and now Whistleblower. Appellant respectfully requests that this Honorable Court recognize his formal honorable and legal career designation as a duly commissioned Kentucky Colonel (civil officer and goodwill ambassador of Kentucky), a former donor of the Appellee's organization, a former member of the Appellee's organization, a former volunteer of the Appellee's organization, and as a Whistleblower that is a "Kentucky colonel" engaged in the exercise of his civil rights, because that is what this case is about now after two dismissals, notwithstanding any and all other defendants. **(See EXHIBITS A, B and C)** Colonel Wright was recognized in six or more national newspapers for his activities as a Kentucky Colonel including the Los Angeles Times, the Louisville Courier Journal, the Washington Post and the Chicago Tribune. The facts conveyed by the exhibit and the Appellant's admission that he was whistleblowing in a series of published works as a Kentucky Colonel, moreover makes this case about an organization that is taking its members to court, without informing the lower court, warrants this legal recognition request because Appellant can now demonstrate the Appellee had an intent to withhold known relevant information from the court.. Moreover the document **(EXHIBIT A)** has been signed by the organization's leader and has a new membership card glued to the front of the letter. This recognition may additionally warrant the appointment or designation of an attorney to assist Appellant as a Whistleblower in defending his civil rights and the civil rights of the 90% plus

colonels that do not support the Appellee actively or directly, if the Honorable Court deems it may be appropriate to recognize these facts as exhibited by the letter, made and mailed by the Appellee. Appellant's legal standing as a colonel can also be affirmed independently by the Secretary of State, Col. Michael G. Adams for the Commonwealth of Kentucky, who also personally knows the Appellant as a fellow herpetology enthusiast and as a researcher of Kentucky Colonel history.

## VII. Service of Documents

It should be noted that the only practical method to serve documents to "Col. David J. Wright, Kentucky Colonel" is by electronic mail securely or insecurely using a return read receipt. The Appellant's primary email address is **david.wright@globcal.net**

Appellant understands LR 6 Cir. R. 25 Filing and Service; Electronic Case Filing, Paragraph (2) Form of Electronic Filing. Electronically filed documents must be in PDF format and must conform to technical requirements established by the Judicial Conference or the court... However, the initial case filing documents have not been reciprocated or delivered in Case 23-5795 to the Appellant by the ECF/CM System via email, therefore the Appellant **respectfully requests to receive copies of all filings by this method**, he is connected to the ECF/CM System from a U.S. District Court Order on this case with full access to this case file at least one year or until June of 2024.

## VIII. Conclusion

Appellant, Col. David J. Wright, respectfully submits this Motion for Extension of Time and/or Date to File Appellant's Brief, and Petition for Discretionary Relief to this Honorable Court, seeking guidance on the Appellee's non-response to the Notice of Appeal of 3:20-cv-00132, requesting a time to file (file by date) for his Appellate Brief, requesting legal recognition and/or standing as a Kentucky Colonel, as a Whistleblower, be noticed as a 20 year member of the Appellee organization and, finally if deemed necessary by the court, the appointment or designation of a *pro-bono* attorney (or consulting attorney) to assist Appellant. Sincerely and in good-faith.

Puerto Carreño, Colombia

Dated: November 03, 2023

Col. David J. Wright,
<u>david.wright@globcal.net</u>
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on November 03, 2023, I emailed for filing the foregoing Notice of Appeal with attachments to the Clerk of the Court for the United States Sixth Circuit Court of Appeals using the special Pro Se Intake Email CA06_Pro_Se_Efiling@ca6.uscourts.gov for entry by the Court Clerk in the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system once the Circuit Court Clerk files the documents.

Deborah S. Hunt, Clerk
Sixth Circuit Court of Appeals
501 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

# Exhibit A



Probable evidence that verifies the defendant is in fact a colonel and was a donor, member and volunteer of the Honorable Order of Kentucky Colonels (Appellee) and had been for some time when the lawsuit was filed in 2020. Interorganizational documents will verify that the parties always exchanged the courtesy title in phone conversations, email, chat, on Facebook and in person with mutual exchanges like "Good morning colonel", "Greetings Colonel", "Howdy Colonel" or "Dear Colonel…"

Exhibit B



Documents verified as authentic by the United States Embassy in Caracas, Venezuela in April of 2014 to verify identity prior to being deported for being an American citizen by Cuban Immigration Officials that were in charge of Venezuelan customs beginning in 2013. (Take note of the signature.)

# Exhibit C



November 20, 2020

Col. David Wright
302 General Smith Dr
Richmond, KY 40475-8886

RE: Nomination of Djordje Marinkovic

Dear Col. Wright:

Thank you for your Kentucky Colonel nomination. Kentucky colonelships are commissioned for an individual's noteworthy contributions to the community, state or nation and for special achievements of all kinds. Our Colonels are Kentucky's ambassadors of good will and fellowship around the world.

Your nomination is now being reviewed. Nominations require a minimum of 30 days for review and processing, if approved.

Please contact me or Lora Mattingly at (502) 564-2611 if you have any further questions.

Sincerely,

Lori Farris
Office of Constituent Services
Andy Beshear, Governor

The Court should take special note that the subject Col. David Wright did not submit in this application for the subject that he was a Kentucky Colonel, the submission form (not shown) does not require that nominations come from colonels under the Governor Andy Beshear Administration of the Kentucky Colonel Commission. It does demonstrate that the state is aware of my colonelcy, competent, and functional, it also demonstrates that the Commonwealth government follows a higher level of ethical and professional protocol than the US District Court and Plaintiff Counsel refused to do.