UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

    Defendants

DAVID J. WRIGHT, Individually and In His Capacity as President of Ecology Crossroads Cooperative Foundation, Inc.

    Defendant-Appellant

**APPELLEE'S RESPONSE TO MOTION FOR TIME
AND DATE TO FILE APPELLANT'S BRIEF AND
REQUEST FOR DISCRETIONARY RELIEF [Doc. 9]**

Plaintiff/Appellee, the Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby tenders its response to the Defendant/ Appellant's "Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief" (hereinafter "Wright's Motion") [Doc. 9].[1]  The

---

[1] Even though Defendant/Appellant, David J. Wright ("Wright") and counsel for HOKC have corresponded by email since February 2020, Wright ignored this Court's order to "mail opposing counsel a copy of every document [he] send[s] to the Clerk's office for filing."  [9/22/23 Letter [Doc. 8-1], pg.1].

(continued…)

relief requested by Wright should be denied and this appeal should be dismissed because Wright failed to timely file an appellate brief as directed by the Court.

## BACKGROUND

Wright's Motion mischaracterizes this action as a "civil rights appeal." [Wright's Motion [Doc. 9], pg. 1]. That is patently false. This is an action for civil contempt of an Agreed Permanent Injunction entered by the District Court on February 23, 2021 prohibiting Wright and his affiliates[2] from infringing on HOKC's famous, federally registered trademark, KENTUCKY COLONELS (the "Mark"). Specifically, the Agreed Permanent Injunction prohibits Wright from "using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark" in

---

While the Court's ECF notice indicates, and the certificate of service on Wright's Motion states, that it was served on November 3, 2023, HOKC had **no notice** of Wright's Motion until the ECF notice was received, transmitting a digital copy of Wright's Motion on November 8, 2023. HOKC has since requested that Wright comply with the Court's order on all future motions, but counsel has no confidence that this request will be honored. HOKC respectfully requests the Court again admonish Wright to serve a copy of any future motions on opposing counsel at the time of filing.

[2] The Defendants in the District Court included three entities controlled by Wright: Kentucky Colonels International; Globcal International; and Ecology Crossroads Cooperative Foundation, Inc. The District Court entered default judgment against those parties by Order dated August 13, 2020 for failing to plead or otherwise defend the action after being properly served [Order [DE 58], Page ID# 1229].

2

connection with the sale of goods or services, the solicitation of charitable donations, or the formation of any membership organization or charitable fundraising endeavor.  [*See* Agreed Permanent Injunction [DE 93], PageID #2057].  ***Wright knowingly, consciously, and expressly agreed to these restrictions.***

Beginning in May 2022, Wright began violating the Agreed Permanent Injunction through a byzantine network of websites and social media postings, misappropriating the Mark in an effort to raise funds for his own personal enrichment.  After conducting an evidentiary hearing, the District Court found Wright in contempt of the Agreed Permanent Injunction and awarded HOKC damages resulting from Wright's violation of that order.  [8/9/23 Memorandum Opinion and Order [DE 129], Page ID# 3714].  The District Court's findings and conclusions were fully supported by the proof of record.

On August 31, 2023, Wright, *pro se*, filed his notice of appeal.  On September 22, 2023, this Court directed Wright to submit his Appellant Brief no later than November 6, 2023.  [9/22/23 Letter [Doc. 8-1], pg. 1].  HOKC was directed to submit its response brief no later than December 7, 2023.  [*Id.*]

**ARGUMENT**

**I.   THERE IS NO LEGAL OR FACTUAL GROUNDS TO SUPPORT WRIGHT'S "MOTION TO COMPEL TITLE RECOGNITION."**

The vast majority of Wright's Motion is dedicated to his demand that this Court and HOKC refer to him as "Col. David J. Wright, Kentucky Colonel."[3] Among other things, Wright basis this demand on the assertion that "Appellant's honorable title of Colonel is important to him and is part of his identity." [Wright's Motion [Doc. 9], pg. 3]. Moreover, Wright asserts that "The District Court's failure to recognize Col. Wright with his legal style and title was biased, disrespectful, discriminatory and prejudicial to the Appellant's position in this case…." [*Id*.]

Contrary to Wright's assertions, this case is not about recognition of Wright as the recipient of an honorable title or Wright's hurt feelings over the manner in which he is addressed. The only issues properly presented to this Court are (1) whether the District Court erred when it found Wright in contempt of the Agreed Permanent Injunction; and (2) whether the District Court erred when it ordered Wright to pay Seven Thousand Five Hundred Dollars ($7,500) in compensatory sanctions for failure to abide by the Agreed

---

[3] This demand is reflected both in Wright's "Motion to Compel Title Recognition" [Wright's Motion [Doc. 9], pg. 2] and his request for "Properly Designated Recognition Before the Court." [*Id*. at p. 9].

Permanent Injunction. Wright's obsession with titles is completely irrelevant to those matters.

There is no statutory or case authority mandating that Wright be referred to as "Col. David J. Wright, Kentucky Colonel." While it is clear that the honorary title of Colonel is important to Wright, that does not mean that the rest of the world must be compelled to honor his misguided belief that he is legally entitled to some fictitious "diplomatic privilege of being recognized using his honorable title." [Wright's Motion [Doc. 9, pg. 2]]. Moreover, contrary to Wright's assertion, the Agreed Permanent Injunction, which the District Court found Wright intentionally violated, does ***not*** mandate that he be referred to as "Col. David J. Wright." That order merely states that it "does not prohibit" Wright from using "Kentucky Colonel" as an ***honorary title***. [*See* Agreed Permanent Injunction [DE 93], PageID# 2058]. Wright can refer to himself as a Colonel, Goodwill Ambassador, Master of the Universe, or King of England if he so desires,[4] but there is no legal or factual grounds for requiring this Court or HOKC to enable his delusions of grandeur.

---

[4] It is worth noting that discovery in this action revealed that Wright has, over the course of the last forty (40) years referred to himself as general, *aide de camp*, colonel, ambassador, Shaman and numerous other titles of gallantry or honor.

## II. WRIGHT'S MOTIONS FOR LEAVE TO SUBMIT A BRIEF IN EXCESS OF THE PAGE LIMITS AND FOR AN EXTENSION OF TIME SHOULD BE DENIED.

The Court directed Wright to file his opening brief consisting of no more than thirty (30) pages no later than November 6, 2023. [9/22/23 Letter [Doc. 8-1], pg. 1]. Wright ignored that deadline. Now, he asks the Court to dramatically expand the limits on his brief because of the "complexity, breadth, and scope of the numerous issues which must be addressed in the initial phase of the appeal." [Wright's Motion [Doc. 9], pg. 7]. That statement is absurd. While Wright will, no doubt, attempt to inject extraneous issues into the matter, those immaterial issues are clearly not before this Court.[5] HOKC should not be required to respond to a 50-page missive from Wright which will include irrelevant and unsupported rants as well as legally unrecognizable claims. There is no reason to expand the page limitations established by the Court, and Wright's request for same should be denied.

---

[5] Wright's Motion telegraphs his intention to derail this appeal by "notifying this Court" that he "will be seeking reparations, restitution and reconstitution as a remedy for the damage caused by [HOKC] adequate enough for the reestablishment, recovery and restoration of the KENTUCKY COLONELS INTERNATIONAL NAME, [and] cancellation of dilutive generic and descriptive trademarks … that are disparaging, demeaning or disgraceful…." [Wright's Motion [Doc. 9], pg. 6]. While it is difficult to decipher such gibberish, it is clear that those matters are not within the scope of this appeal.

Likewise, Wright's request for an extension of time to file his brief should be denied. Wright provides no compelling reason to permit an untimely filing of his opening brief. Indeed, it is apparent from Wright's Motion that he only seeks additional time to facilitate his efforts to inject new claims, irrelevant facts, and unsupported allegations that have no bearing on the District Court's actions. Wright's request for an extension of time to file his opening brief should be denied and this appeal should be dismissed as a result of Wright's failure to show good cause why he failed to file his opening brief before the deadline established by the Court.[6]

### III. WRIGHT'S "MOTION TO FIND APPELLEE IN DEFAULT TO RESPOND" SHOULD BE DENIED.

Wright claims to "seek guidance" from this Court on whether HOKC's failure to respond to his Notice of Appeal constitutes default. That request is improper, even from a *pro se* party. HOKC chose not to move to dismiss after Wright's filing of his Notice of Appeal. That does not constitute default or

---

[6] An appeal may be dismissed when an appellant fails to file an opening brief. *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020). Numerous courts have found that failure of an appellant to comply with appeal requirements by filing briefs in a timely manner is in itself sufficient to justify dismissal of the appeal. *Barber v. American Security Bank*, 841 F.2d 1159, 1162 (US App. D.C. 1988); *SEC v. Pittsford Capital Income Partners, LLC*, 305 Fed. Appx. 694, 696 (2nd Cir. 2008); *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984).

provide grounds for relieving Wright of the scheduling obligations established by this Court's orders.

### IV. WRIGHT'S REQUEST FOR APPOINTMENT OF COUNSEL IS IMPROPER AND SHOULD BE DENIED.

This is not the first time that Wright has asked the Court to find him a lawyer. Wright requested the District Court appoint counsel to defend his blatant infringement on and misappropriation of the Mark. [*See* 5/21/20 Motion to Appoint Counsel by Defendant David J. Wright [DE 35]]. The District Court denied that motion stating:

> Even if this Court could appoint counsel for a corporation in exceptional circumstances, and find counsel willing to accept such a pro bono appointment, Wright has not shown exceptional circumstances that warrant such an appointment. Wright only cites financial hardship as a basis for appointing counsel for himself, the Corporate Defendants, or both." [DE 35]. Wright does not suggest that this case presents exceptionally novel or complex issues that would benefit from the appointment of counsel. Nor does this Court see that the complexity of the issues requires appointment of counsel.

[6/30/20 Order [DE 46], PageID #1018].

As the District Court recognized, appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. No such circumstances exist here. Therefore, Wright's repeated request for appointment of counsel should be denied by this Court just as it was by the District Court.

## **CONCLUSION**

For the reasons set forth herein, the relief requested in Wright's Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief should be denied. Further, Wright's appeal should be dismissed for failure to timely file his opening brief.

> Respectfully submitted,
>
> */s/ Cornelius E. Coryell II*
> Cornelius E. Coryell II
> Julie Laemmle Watts
> WYATT, TARRANT & COMBS, LLP
> 400 West Market Street, Suite 2000
> Louisville, Kentucky 40202
> (502) 589-5235
> ccoryell@wyattfirm.comn
> jwatts@wyattfirm.com
>
> *Counsel for Plaintiff/Appellee, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellee's Response to Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief has been served upon the following, by U.S. mail and/or electronic mail, on this the 13th day of November, 2023:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee the Honorable Order of Kentucky Colonels, Inc.*

101353398.2