RECEIVED
03/11/2024
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 and 23-6108

# In the United States Court of Appeals for the Sixth Circuit

**THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**
Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; and UNKNOWN DEFENDANTS (Defendants)
by
**COL. DAVID J. WRIGHT, KENTUCKY COLONEL**
on behalf of himself and individuals similarly titled.
Defendant-Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE CIVIL DIVISION
DISTRICT COURT ORDERS IN CASE NUMBERS

3:20-cv-00132 and 3:23-cv-00043

PRE-APPEAL MOTION FOR LEAVE—SEEKING AFFIRMATIVE RELIEF
MOTION TO FILE IN FORMA PAUPERIS (PENDING)
NOTICE OF CASE TITLE CAPTION CHANGE
MOTION FOR EXTENSION OF TIME TO FILE BRIEF

**Col. David J. Wright**
Goodwill Ambassador for the Commonwealth of Kentucky
302 General Smith Drive | Richmond, Kentucky 40475

Appellant *Pro Se* in *Forma Pauperis*

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; and UNKNOWN DEFENDANTS

Defendants

By

COL. DAVID J. WRIGHT, A KENTUCKY COLONEL

on behalf of himself and individuals similarly titled.

Defendant-Appellant

# PRE-APPEAL MOTION FOR AFFIRMATIVE RELIEF

Comes now, **Col. David J. Wright** **("Colonel Wright") or ("Appellant")**, a *pro se* in *forma pauperis* defendant-appellant in the matter: [The] **Honorable Order of Kentucky Colonels, Inc. v. Kentucky Colonels International** (an unincorporated defunct association)**, et al.** admitted as Sixth Circuit Court of Appeals **Case Nos. 23-5795** and **23-6108,** to present appeals from **Western Kentucky District Court Cases 3:20-cv-00132 and 3:23-cv-0043** pursuant to Federal Rules of Appellate Procedure, Rules 2, 3, 4, 8, 18, 24, 26, 27, 44 and 48. If

1

the Appellant does not request leave from the court as affirmative relief and make these motions, no one else shall, this motion affirms and combines all relative pending actions moving forward, making it affirmative relief for the Appellant.

This pre-appeal motion for affirmative relief is a combined and consolidated pre-appeal motion addressing:

A. MOTION TO FILE IN FORMA PAUPERIS (PENDING)

B. MOTION FOR TIME EXTENSION OF BRIEF FILING DEADLINE

C. NOTIFICATION OF CASE TITLE CAPTION MODIFICATION

### A. MOTION FOR TIME TO FILE IN FORMA PAUPERIS IN 23-6108 CONSOLIDATING RELATED APPEALS 23-5795 AND 23-6108 PER 10-1

Appellant, Colonel Wright, moved the Court to consolidate or join the two above-captioned appeals, which arise from the **same district court case and involve related issues**. No definitive briefing and litigation schedule has yet been issued in either matter, no briefs have yet been filed, and the Appellant respectfully asked that a single briefing and argument schedule govern the matter as consolidated. The Circuit Court granted the motion to consolidate the cases under **5 CFR § 1201.36 - Consolidating and joining appeals.** See Case: 23-6108 **Document: 10-1** Filed: 02/08/2024 Page: 1.

Meanwhile the Appellant had already filed a SUPPLEMENTAL MOTION FOR LEAVE TO FILE IN FORMA PAUPERIS and MOTION TO STAY JUDGMENT(S) with the District Court in Case 3:20-cv-00132-RGJ, with Document 145, Filed 01/22/24, Page 1 of 15,

starting on PageID #: 3881 (Hyperlinked Exhibit), which has not yet been ruled upon; perhaps due to the Plaintiff's (two) challenges to the motions alleging that 'big ideas are the equivalent of big money' and that Appellant's rights to civil assembly and free speech should be further detained. impaired, and/or restrained based on the injunction by the court. See CourtListener update: Docket Notation 15 on March 8, 2024, "Update fee status change to pending in the district court. 01/22/2024 [PACER CM/ECF] *145 Supplemental MOTION for Leave to Appeal in forma pauperis, MOTION to Stay Judgment by Defendant David J. Wright. (Attachments: # 1 Exhibit 1 - Non-Vehemeness Act, .. # 3 Proposed Order) (SMJ) (Entered: 01/22/2024 (RGF)"

An additional extension of time of perhaps another 30-60 days could also enter the equation with some benign risk for the possibility of adding another element to the fray based on the Plaintiff's mistaken prejudicial responses and allegations in its filing of 1) Document 146 - RESPONSE to Motion 145 .. filed by HOKC, Inc. (Attachments: # 1 Exhibit 1-Puerto Carreno Tourism Council webpage, # 2 Exhibit 2-Cease and desist letter and response, # 3 Proposed Order) (Coryell, Cornelius) (Entered: 01/25/2024) and 2) Document 148 - RESPONSE to Motion 145 .. filed by HOKC, Inc. (Attachments: # 1 Exhibit 1 Sherry Crose Affidavit) (Coryell, Cornelius) (Entered: 02/14/2024).

WHEREFORE, for the foregoing reasons, Appellant respectfully requests that this Court provide a time extension allowing the lower court some additional time (21 days) to rule on the pending **motion for *pauperis* filing status** and **stay of judgment** in 3:20-cv-00132-RGJ to proceed in Case No. 23-6108 **[Document 145]** prior to the submission of his Initial Appellate Brief. This court has already ruled that the cases shall be combined, that is,

notwithstanding Document 145 and the payment of the $605.00 filing fee or fee waiver order which is normally granted by the District Court.

FURTHER, this case is being REFERRED to the *ultimate merits panel* for special consideration of the Appellant's request for *pro-bono* counsel and the designation of a special master, so neither of the parties should be so concerned with timeliness, rather the emphasis of this appeal must rely on good-faith and justice to emerge victorious for both parties. In the meantime however the Appellant must proceed *pro-se* in *forma pauperis*. GRANTING a 21-day time extension until at least April 1st will avoid further complicating the matter with further unnecessary delays notwithstanding the District Court's forthcoming final order; the extension of time will facilitate and expedite the case by providing affirmative relief to the Appellant to consolidate the entire matter in one appellate brief.

### B. SECOND MOTION TO SUPPORT EXTENDING THE INITIAL BRIEFING

Appellant, Colonel Wright foreseeing possible complications because his motions in the lower court are being opposed in an effort to handicap his appeal, he again moves the Court to extend the Initial Briefing Schedule until the lower court can fully consider the **Appellant's SUPPLEMENTAL MOTION FOR LEAVE TO FILE IN FORMA PAUPERIS and MOTION TO STAY JUDGMENT(S) currently before the District Court in Case 3:20-cv-00132-RGJ, with Document 145, Filed 01/22/24, Page 1 of 15**, starting on **PageID #: 3881**. Prudence says that if the District Court affirms the Appellant's motions then the **Appellant can file his timely Appellate Brief on April 01, 2024**; however if the District

Court rejects either of the Appellant's Motions or makes a new ruling against one of them the Appellant may require 30 additional days to reprotract his Appellate Brief

The Appellant affirms that he can use the additional time, whether it be 21-days or 51-days he can use the time wisely to make improvements to his appellate brief to better comply with guidelines, if it pleases the court and make it more concise with better citations as an e-brief. The Appellant is a self-educated legal practitioner, general counsel, webmaster, and consultant working as a non-profit organization leader working with Indigenous peoples in Colombia on a *sui generis* intellectual property registry, he is not an attorney, he does not have access to high-end subscription services and tools like **Westlaw**, **Thompson-Reuters** or **LexisNexis** (Lex Machina) and therefore must construct his case to the best of his ability using publicly available links such as Archive.org, CaseText, CaseMine, CourtListener, CourtHouseNews, GoogleScholar, Cornell Law, FindLaw, Justia, Juris-M, Oyez, Wikipedia, and PACER which are less intuitive and cumbersome than the premium tools and resources used by major law firms. He does not have access to these resources and tools because he is prohibited from using them, but because he is not currently working at a high enough income level or possess the earning capacity that he should based on the reasonably tense and apprehensive environment being created by the Plaintiff on Facebook which has managed to intercept confidential (non-material) communications of the Appellant (See Case 3:20-cv-00132-RGJ Document 148-1 Filed 02/14/24 Page 5 of 8 PageID #: 3934) with its own volunteer members operating as tools of philanthropic or nonprofit espionage (incognito being 1 of 100 of the donors) implanted in a new constitutionally protected civil assembly and formation called **Honorificus ™** that is being developed by the Appellant. As a result of the

breach of the honorary member loyalty and privacy among other members, the rotten apple (infiltrator) must be discovered and has further caused a formational due process delay of the Appellant's work obligating enforcement of Non-Disclosure, Privacy and Confidentiality among the members that Honorificus and its related objectives have appealed to.

Further, stated in this Case: 23-6108, Document: 8, Filed: 01/02/2024, on Page: 23:

"The Appellant asserts than an extended briefing schedule would not be prejudicial to the Appellee; however due to the Appellant's lack of access to legal resources due to where he lives and works on the Orinoco River in South America, due to the Appellant's lack of access to high-speed Internet he is limited in his ability to communicate freely internationally with others in the United States by IP telephone or via videoconference (this obstacle will be resolved March 21, 2024) and due to the fact that .. that he may be further prejudiced. *Let's insert* **[If the Appellate Brief is fractured or compounded with the addition of new appealable elements as a *pro-se* in *forma pauperis* appellant, then the appellant can be prejudiced or harmed otherwise based on his legal knowledge.]**

WHEREFORE, for the foregoing reasons, in good-faith, Appellant respectfully requests that this Court GRANT his Motion for a Time Extension of no less than 21-days until April 01, 2024 to continue refining and structuring his appellate brief as a single blue cover document that is bound to comply with the rules of the court notwithstanding any prohibitions, and provide the lower court some additional time to rule on the Appellant's pending motion.

### C. NOTIFICATION OF CASE TITLE CAPTION MODIFICATION

In the context of titling a case in the Circuit Court, there are generally no hard-set rules that dictate a specific format or structure for the title. However, there are common conventions and practices that are typically followed:

1. **Standard Format:** The title of a case in the Circuit Court usually follows a standard format that includes the names of the parties involved, with the appellant listed first, followed by the appellee. For example, "Appellant v. Appellee" or "Plaintiff v. Defendant." Other details and full names of corporations are sometimes abbreviated.

2. **Use of Parties' Names:** The title should accurately reflect the names of the parties involved in the case. This includes identifying each party by their legal name or the name by which they are commonly known in the case.

3. **Case Number:** In many jurisdictions, the title of the case also includes the case number assigned by the court. This helps to uniquely identify the case and differentiate it from other cases on the court's docket.

4. **Clear Identification:** The title should clearly identify the role of each party in the case, such as appellant, appellee, plaintiff, petitioner, respondent, or defendant. This helps to avoid confusion about the parties' positions in the litigation.

5. **Consistency with Court Rules:** While there may not be specific rules governing the titling of a case in the Circuit Court, it's essential to ensure that the title complies with any applicable court rules or local practices. Some courts may have specific requirements or preferences regarding case titles.

As an appellant in a case, a *pro-se* party typically has the right to participate in the titling process and to ensure that the title accurately reflects his role and the nature of the case. However, it is essential to work collaboratively with the court following any guidance provided by the court to ensure that the title complies with relevant rules and conventions.

In modifying the existing title, the Appellant wants to reaffirm that the other Defendants are not Appellants, the other Defendants are only known as "professional consulting communications network platform facilitators" and/or "infrastructure providers" for the Appellant, Colonel David J. Wright. Neither of the other named Defendants are any more

responsible for this controversy than Facebook or Google are as facilitators. The other Defendants were defaulted upon on August 13, 2020 (See Case 3:20-cv-00132-RGJ Document 60 Filed 08/13/20 Page 1 of 1 PageID #: 1238). Further the Appellant is **not appealing this case as the chief executive officer** of **Ecology Crossroads Cooperative Foundation** or of **Globcal International**; he is appealing this case as a **Kentucky Colonel that was legally designated in 1996 for life, and he is appealing this case as the author, creator and originator of the Plaintiff's trademark between 1998 until 2001** when he was exercising his First Amendment Rights and again in January of 2020 when he was writing news commentary involving the Appellee organization..

The Appellant feels it is inappropriate and misleading to have the case improperly titled requiring modification where the highlighted portion is taken from the recent Order 10-1 by the Circuit Court Clerk, Kelly L. Stephens:

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UKNOWN DEFENDANTS, Defendants and DAVID J. WRIGHT, Individually and ~~In His Capacity as President of Ecology Crossroads Cooperative Foundation, Inc~~. Defendant-Appellant.

The above case title captioning is incorrect, **Kentucky Colonels International** is a dysfunctional association which is abbreviated ("defunct") and it is unincorporated the appellant is the sole officer, it is no longer registered as an assumed name, the outcome of this appeal will change that status. The Appellant is no longer the president of Globcal International and the operational abilities of the Ecology Crossroads Cooperative Foundation have been severely impaired and limited since 2020 due to this lawsuit and the COVID pandemic. Despite this, the Defendant-Appellant did not come to the Sixth Circuit Court of

Appeals to fight for the rights of the defaulted defendants or for any type of financial settlement or reparations on their behalf, which they may be due for their wrongful persecution and prosecution by the Plaintiff-Appellee, that would be a separate case. Therefore the Appellant is not before this Court as "DAVID J. WRIGHT, Individually and In His Capacity as President of Ecology Crossroads Cooperative Foundation, Inc." he is here as a colonel.

The Defendant-Appellant wants to make it abundantly clear based on the Plaintiff's desire to engage as many parties as possible, that the appeal is being undertaken based on Colonel Wright's personal assets, his Kentucky Colonel Title and Deed, his rights as an author and as a member of the Plaintiff's organization for 23 years, which includes his **Right to Publicity under Kentucky Common Law** and as expressed on his **Kentucky Colonel Commission**. The Plaintiff has no special or human rights at all in this matter that the Defendant must observe, nor does he belong to the Plaintiff as a member anymore. There is no determinant ruling in this entire case that rejoins or successfully underpins the other defendants which have been unlawfully defamed and persecuted through inclusion in this case by the Plaintiff. Further, it is not prejudicial to the Plaintiff-Appellee for the Appellant to notify the court of the new "Caption Title" of the case to read as follows henceforth:  (Hint: Green highlighting is the correct modified context for caption title.)

THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.
Plaintiff-Appellee
v.
KENTUCKY COLONELS INTERNATIONAL (*defunct.*); GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS (Defendants)
by
COL. DAVID J. WRIGHT, KENTUCKY COLONEL
on behalf of himself and individuals similarly titled.
Defendant-Appellant-Whistleblower

The above subscribed caption titling will best suit this case because it legally describes what the case is about and what is going on, the Defendant-Appellant also understands that the last word "whistleblower" **may or may not** be permitted by the Court because it *may not be customary* for the case manager to indicate that the appellant is a whistleblower in the captioning of a case. If that is the case, then it will be acceptable for the appeal title caption not to include the whistleblower label, officially anyway.

Inasmuch, the Appellant understands the Court's Order that the Plaintiff not be obligated or compelled to address the Appellant as "Colonel", however that should not impair the Appellant's Right to Publicity as a Kentucky Colonel, simply because it is the greatest honor that can be received in the Commonwealth of Kentucky and because it still has legal status within the Commonwealth, across the river in the State of Ohio and in other parts of the United States. The only thing that has actually changed about the Kentucky Colonel Commission is the governor that makes the act a legal one and has the Secretary of State record the commission, much like corporate records. The fact that the Secretary of State records these titles as acts and deeds, the court is obliged to recognize David Jeffrey Wright under his Kentucky Name, Col. David Wright which at this time is the only way the state may recognize him in name. Moreover, once again this is not prejudicial to the Plaintiff that knowingly filed a strategic lawsuit against public participation ("SLAPP") against a 23-year donor, member, and volunteer without disclosing this fact to the US District Court in the initial complaint. The Appellant submits this notification in good-faith.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Appellant, Colonel Wright, respectfully requests this Court to grant the affirmative relief and continue this case providing him a new extended deadline and schedule for his Appellate Brief to be received on April 01, 2024 withstanding the consideration of this instant motion.

The Appellant humbly prays the Court will understand the Appellant as a *pro se* litigant, ensuring equal access to justice and a fair opportunity to present his case within the scope and limitations of his rights. Additionally, it is the Prayer of the Appellant that the Court grant any other relief deemed appropriate, just and equitable.

Puerto Carreño, Colombia
Dated: March 11, 2024

Col. David J. Wright
Kentucky Colonel
david.wright@colonels.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on March 11, 2024, I emailed for filing the foregoing Notice of Appeal with attachments to the Clerk of the Court for the United States Sixth Circuit Court of Appeals using the special Pro Se Intake Email CA06_Pro_Se_Efiling@ca6.uscourts.gov for entry by the Court Clerk in the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system once the Circuit Court Clerk files the document without prejudice to the Appellee.

Kelly L. Stephens, Clerk
Sixth Circuit Court of Appeals
501 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

*Col. David J. Wright*