UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NOS. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

      Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

      Defendants

DAVID J. WRIGHT, Individually and in his capacity as President of Ecology Crossroads Cooperative Foundation, Inc.

      Defendant-Appellant

**APPELLEE'S RESPONSE TO APPELLANT'S MOTION
FOR EXTENSION OF TIME TO FILE BRIEF [Doc. 17]**

Once again, Defendant/Appellant, David J. Wright ("Wright"), has completely ignored this Court's orders.[1] Instead of filing his opening brief no later than March 11, 2024 as directed by the Court, Wright filed yet another rambling missive repeating his well-worn themes that Plaintiff/Appellee, The Honorable

---

[1] Wright also continues to ignore the Court's directive to "mail opposing counsel a copy of every document [he] send[s] to the Clerk's office for filing." (9/22/23 Letter [Doc. 8-1 in Case No. 23-5795], pg. 1). He has failed to follow this order with every filing. HOKC respectfully requests the Court again admonish Wright to serve a copy of any future filings on opposing counsel at the time it is tendered to the Court.

Order of Kentucky Colonels, Inc. ("HOKC"), is a bully and the Court should take pity on him because he does not have access to the tools necessary to submit a timely brief. While the Court is understandably inclined to extend great leeway to *pro se* parties, that tolerance must have limits. This appeal has been pending for more than six months. Wright has used that time to file one frivolous motion after another rather than concentrating on the substance of his appeal. While Wright now uses his *pro se* status to justify his latest request for an extension of time, his alleged lack of resources has not impeded his ability to generate a deluge of filings, including a thirty-one (31) page, 9,900 word "motion" requesting, among other things, relief from the original briefing schedule. [*See* Appellant's Motion for Affirmative Relief [Doc. 11]]. Wright must not be allowed to further delay these proceedings. The instant motion should be denied, and this appeal should be dismissed because, for the second time, Wright failed to timely file an appellate brief as directed by the Court.[2]

---

[2] HOKC's Motion to Dismiss Appeal is filed contemporaneously herewith.

## ARGUMENT[3]

### I. WRIGHT'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS OPENING BRIEF SHOULD BE DENIED.

The Court originally directed Wright to file his opening brief consisting of no more than thirty (30) pages no later than November 6, 2023 [9/22/23 Letter [Doc. 8-1, pg. 1]]. Wright ignored that deadline. The Court subsequently granted Wright an extension of time to file an opening brief stating "The Defendant is directed to file a *pro se* brief to the best of his ability." [2/8/24 Order [Doc. 13-1], pg. 2]. Wright was ordered to file his brief no later than March 11, 2024. [2/9/24 Letter [Doc. 16], pg. 1]. Once again, Wright ignored that deadline. The instant motion provides no compelling reason to permit an untimely filing of the opening brief. Indeed, it is apparent from the instant motion that he only seeks additional time to facilitate his efforts to inject new claims, irrelevant facts, and unsupported allegations that have no bearing on the District Court's actions. Wright's request for an extension of time should be denied and this appeal should be dismissed as a result of Wright's failure to show good cause why he failed to file his opening brief before either deadline

---

[3] HOKC hereby incorporates by reference Appellee's Response to Motion for Time and Date to File Appellant's Brief and Request for Discretionary Relief [Doc. 9 in Case No. 23-5795] and Appellee's Response to Motion for Time and Date to File Appellee's Brief and Request for Discretionary Review as well as Appellee's Response to Appellant's Motion for Affirmative Relief [Doc. 12].

established by the Court. There is no reason for the Court to give Wright a third chance.

## II. WRIGHT'S UNILATERAL MODIFICATION OF THE CASE CAPTION SHOULD BE REJECTED

The instant motion also includes Wright's "notice" that he intends to further ignore this Court's order regarding the case caption by altering the manner in which the parties are identified in his future filings. [Notification of Case Title Caption Modification [Doc. 17], pg. 7]. Despite Wright's professed intent to defy the Court's directive, there is no legal or factual grounds for the Court to modify the case caption assigned to this matter.

The current caption accurately identifies the parties to the litigation as well as their respective roles as active infringers on HOKC's registered and protected mark. Contrary to Wright's assertions, Globcal International ("Globcal") and Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads") (hereinafter the "Corporate Defendants") are the vessels through which many of Wright's schemes are perpetrated. Wright uses both Globcal and Ecology Crossroads as fronts for his infringing activities, representing that donations to the organizations are tax deductible even though the organizations utterly fail to comply with charitable fundraising regulations. [*See* Motion to Enforce the Permanent Injunction Order, Exhibit 11 [DE 99], PageID #3256-57]. Moreover, the address Wright provides in the instant motion "302 General Smith Drive, Richmond, Kentucky 40475" is the

corporate address for Ecology Crossroads, ***not*** Wright's current residential address. According to Wright, he currently resides in Columbia. [Doc. 17, pg. 12].

Both of the Corporate Defendants have been properly identified and included in every aspect of this case. Indeed, by Order dated August 9, 2023 [DE 129], the District Court held Wright ***and*** the Corporate Defendants in contempt of the Agreed Permanent Injunction Order entered on February 23, 2021 [DE 93]. A motion to enter default judgment against the Corporate Defendants in the amount of compensatory damages and attorneys' fees awarded by the Court is presently pending in the District Court. [*See* DE 139]. There is no basis for excluding those parties from the case caption.

## **CONCLUSION**

For the reasons set forth herein, the relief requested in Wright's motion should be denied. Further, Wright's appeal should be dismissed for failure to timely file his opening brief.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.comn
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellee's Response to Appellant's Motion for Extension of Time has been served upon the following, by U.S. mail and/or electronic mail, on this the 14th day of March, 2024:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee the Honorable Order of Kentucky Colonels, Inc.*

101502570.1