UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

CASE NOS. 23-5795 and 23-6108

RECEIVED
8/26/2024
KELLY L. STEPHENS, Clerk

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.**

**Plaintiff-Appellee**

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.

Defendants in Default

— and —

**COL. DAVID J. WRIGHT, A KENTUCKY COLONEL**

Individually and on behalf of similarly titled individuals,

**Defendant-Appellant**

### DEFENDANT-APPELLANT RESPONSE IN OPPOSITION TO APPELLEE'S SUPPLEMENTAL MOTION TO DISMISS CONSOLIDATED APPEALS & MOTION TO LIFT ABEYANCE

Comes now, **(Col.) David J. Wright**, a Kentucky Colonel ("Wright" or "Appellant"), *pro se* and in *forma pauperis*, sole Defendant-Appellant in the matter of [The] **Honorable Order of Kentucky Colonels, Inc.** **v. Kentucky Colonels International, et al.**. This matter has been admitted to the Sixth Circuit Court of Appeals as Case Nos. **23-5795** and **23-6108**. Appellant seeks to appeal from Western Kentucky District Court Cases **3:20-cv-00132** and **3:23-cv-0043**. This appeal is being made good-faith pursuant to Federal Rules of Appellate Procedure 2, 3, 4, 8, 18, 24, 26, 27, 44, and 48.

In its **supplemental motion to dismiss the cases**, the Appellee presents inconsequential and immaterial arguments that lack substantial factual support or legal merit. The Plaintiff-Appellee is trying to tamp down and cover-up critical evidence it does not want revealed to the Circuit Court that should have been considered by the District Court which will be exposed upon *de novo* review. Requesting the

Circuit Court to refrain from hearing an appeal based on inconsequential arguments by an Appellee is tantamount to asking it to abdicate its duty to serve the public and fulfill its intended purpose as an arbiter of justice.

The Appellant duly asserts that the Western Kentucky District Court failed to provide procedural safeguards guaranteed by the Federal Rules of Civil Procedure, the US Constitution, the Commonwealth of Kentucky, and more recently the Federal Rules of Appellate Procedure, especially regarding notice and the opportunity to be heard and have his position treated with equitable consideration.

Defendant-Appellant Wright, hereby **responds in opposition** to Plaintiff-Appellee, the Appellee's Supplemental Motion to Dismiss the consolidated appeals and moves this Court to lift the abeyance currently placed on these appeals. In support thereof, Appellant states as follows:

1. Appellee's Supplemental Motion to Dismiss is based on the faulty premise that this Court should exercise its discretion to dismiss Appellant's appeals due to his alleged non-compliance with post-judgment discovery orders in the District Court made following his first Notice of Appeal since the jurisdiction of the case has been with the US Circuit Court.

2. The recent decision by this [Court to dismiss the case against the "Corporate Defendants in default" Case 24-5511](#) has no bearing on the merits of Appellant's necessity to pursue his civil rights on appeal or desire to appeal, nor the inexcusable errors made by both the District Court and the Appellee's claims of continued infringement as contempt.

3. The Appellee's supplemental motion attempts to distract from the core issues at hand: the District Court's misapplication of the law, its lack of insight considering credible evidence, its reliance on a vacated injunction, its lack of judicial restraint over the defendant, judicial bias, and the Appellee's hubris continued pattern of bad faith litigation tactics that seek to quell the Appellant's civil and constitutional rights.

4. Furthermore, Appellant has consistently sought to resolve this matter amicably, as evidenced by his email to Appellee's counsel on August 12, 2024, (Submitted by Appellee as an Exhibit contained in [Document 28, Page 13](#)) expressing a willingness to discuss a potential purchase of

his rights, development ideas presented in January 2020, intangible assets, and intellectual property rights as the creator of the first website titled Kentucky Colonels in 1998.

5. The abeyance caused by the Appellee's Motions to Dismiss these appeals is hindering the prompt resolution of these critical issues and is causing undue prejudice to Appellant.

# ARGUMENT

I. **The District Court's Errors Warrant Appellate Review**

   A. The District Court's reliance on a vacated preliminary injunction tainted with judicial bias based on the "lock-in effect" to levy sanctions and issue contempt orders is a clear error of law that necessitates appellate review.

   B. The District Court's and the Appellee's failure to acknowledge fraudulently concealed relevant and judicially noticeable facts is based in deference to the plaintiff and judicial bias.

   C. The District Court's failure to acknowledge the Defendant as a civil rights litigant, member of the Plaintiff-Appellee's organization, independent organizer, and as a whistleblower necessitates appellate review.

   D. The District Court's failure to recognize the Plaintiff's second lawsuit as a SLAPP action or hear the Defendant's motions in a timely fashion prior to holding a hearing demonstrates a lack of due process and consideration as an equitable party.

   E. The District Court's failure to provide the negotiated equity of the court mediated settlement agreement on prejudicial premises to the Appellant must be addressed.

II. **The District Court's Memorandum Opinion dated August 9, 2023, explicitly references the "preliminary injunction" instead and in place of the applicable (equitable) "permanent injunction," demonstrating a fundamental misunderstanding of the case's procedural history and biased position and belief that the Appellant is at fault of contempt.** The equivocal, erroneous and faulty assumption that the **(6 stipulation) permanent injunction was the same as the (4 stipulation) preliminary injunction by Judge Rebecca Grady Jennings is**

**an egregious and serious error** that has caused great damage and injury to the Appellant. This error alone of "mistaken reliance on the wrong injunction" provides sufficient grounds for this Court to overturn the District Court's rulings, irrespective of any alleged non-compliance with post-judgment discovery.

III. **Appellant's Status and Location Do Not Negate His Right to Appeal**

    A. Appellee contends that Appellant's alleged residence in Venezuela and *pro se status* limit the District Court's ability to impose sanctions, thereby necessitating dismissal of the appeals.

    B. This argument is flawed. Appellant's location or *pro se* status does not diminish his right to appeal adverse rulings, especially when those rulings are based on clear errors of law.

    C. This Court has the authority to fashion appropriate relief, including remanding the case with instructions to the District Court to correct its errors.

IV. **Appellant's Financial Circumstances Do Not Negate His Right to Appeal**

    A. Appellee implies that Appellant's limited financial resources and the dissolution or suspension of his nonprofit businesses due to Appellee's solopist actions (resulting in favorable judgments) somehow justify dismissing his appeals.

    B. This argument is unjust and contrary to the principles of equal access to justice. Appellant's financial hardship, exacerbated by Appellee's conduct, should not deprive him of the opportunity to seek redress for the District Court's clear errors of law or any other errors.

    C. This Court has the authority to fashion equitable relief that accounts for Appellant's circumstances, including remanding the case with instructions to the District Court to correct its errors and consider the impact of its rulings on Appellant's livelihood and career.

V. **Appellee's Claims of Contempt are Misplaced and Premature**

    A. Appellee's assertions that Appellant is in contempt of court for failing to follow post-judgment discovery orders are both misplaced and premature.

    B. The propriety of those discovery orders is itself at issue in these appeals.

    C. It is inappropriate to seek dismissal of the appeals based on alleged non-compliance with orders that may ultimately be overturned or modified by this Court.

**VI. Dismissal is an Extreme Sanction that is Not Warranted Here**

    A. Dismissal of an appeal is a drastic sanction that should be reserved for the most egregious cases of misconduct or contumacious behavior. See Fed. R. App. P. 3(a)(2).

    B. Appellant, a Kentucky Colonel, author, and member of the Appellee's organization, has consistently sought to vindicate his rights and expose the Appellee's fraudulent misconduct through lawful and transparent means.

    C. Any delays or non-compliance with discovery orders should be viewed in the context of the broader issues at stake in these appeals, including the District Court's errors and the Appellee's questionable litigation tactics. They can also be viewed as the Appellant's exercise of his right to civil disobedience to protect his rights on Appeal.

**VII. Appellant's willingness to engage in equitable settlement discussions for his intellectual property** and publishing rights in question further demonstrates his good faith efforts to resolve this matter without protracted litigation or additional expense to the parties.

## DISCUSSION

The Circuit Court must acknowledge that in a scenario where a case involving a preliminary injunction transitions to a court-mediated settlement conference presided over by a different judge and subsequently reverts to the original judge for the entry of an Agreed Permanent Injunction and an Agreed Dismissal Order, it is imperative for the original judge to maintain an impartial perspective that upholds the principles of fairness, equity, and adherence to the entirety of the agreed-upon terms reached during the settlement process. Furthermore, the original judge should exercise considerable judicial restraint, in contrast to the original biased decision to impose the preliminary injunction. Probably the most significant error or perhaps, misstep of the District Court judge was to discretionarily re-open a

closed case that was settled by another judge in a court-mediated confidential settlement conference without reviewing the Plaintiff's original complaint and the Defendant's Answer and Affirmative Defenses, or understanding the case immediately leading to settlement.

1. **Respect for the Settlement Agreement:**

    a. The judge should recognize that the final Agreed Permanent Injunction represents a compromise reached by both parties.

    b. The judge should avoid unilaterally modifying or imposing terms that deviate from the settlement agreement or conference, unless there are compelling reasons to do so, such as a change in circumstances or a clear violation of public policy.

    c. Any concerns about the fairness or implications of the agreement should have been addressed during the settlement conference before the second judge, not after the fact of the confidential settlement conference.

2. **Focus on Enforceability and Compliance:**

    a. The primary role of the judge at this stage is to ensure that the terms of the Agreed Permanent Injunction are clear, enforceable, and capable of being monitored for compliance.

    b. The judge should be willing to provide guidance or clarifications if there are ambiguities in the agreement, but should avoid reopening negotiations, the case, showing favor for one of the parties, or altering the core terms.

    c. The judge should be willing to guide the parties to preserve the integrity of the Agreed Permanent Injunction with the *status quo* it originally created for over the course of 2 years.

3. **Due Process and Fairness:**

    a. The judge should continue to afford both parties due process, including the opportunity to be heard as an equally engaged and invested party on any issues related to the implementation or enforcement of the injunction.

b. Even though the injunction is based on an agreement, the judge should remain vigilant in ensuring that its terms are not unduly harsh, oppressive, or **contrary to the principles of equity** that were negotiated.

c. If there are allegations of non-compliance or a request for modification, the judge should conduct a fair and impartial hearing to gather evidence and make an informed decision.

4. **Equity and Balancing of Interests:**

   a. The judge should recognize that the Agreed Permanent Injunction, by its nature, reflects a balancing of the interests of both parties.

   b. The judge should avoid favoring one party over the other in interpreting or enforcing the injunction no matter the situation or circumstance.

   c. If circumstances change significantly after the settlement, **the judge may consider modifying the injunction to maintain the intended balance of equities**, but only after a proper hearing and with due regard for the original intent of the agreement.

5. **Judicial Restraint:**

   a. The judge should exercise judicial restraint and avoid second-guessing the decisions made by another judge with the parties during the settlement process.

   b. The judge should not impose or misinterpret the settlement with their own judicial views, opinion, or mindset on what would have been a "better" or "fairer" agreement.

   c. The judge's only role is to uphold the integrity of the settlement and ensure that its terms are implemented in a just and equitable manner.

In essence, the judge's perspective should have been one of neutrality, respect for the parties' autonomy, and a commitment to upholding the principles of fairness and equity within the framework of the Settlement Conference, Agreed Permanent Injunction, and the Agreed Dismissal Order with prejudice. The District Court judge was not familiar with the context of the "Confidential

Court-Mediated Settlement Conference" and was misguided by the Plaintiff's alarming and extreme SLAPP action presented on January 25, 2023 which refuted the Defendant's equitable standing.

6. **Lifting the Abeyance is Necessary for Prompt and Efficient Resolution**

   a. The current abeyance is impeding the timely resolution of these appeals and is causing prejudice to Appellant by delaying the adjudication of his claims.

Fed. R. App. P. 2 empowers this Court to suspend any provision of the Federal Rules of Appellate Procedure in the interest of expediting decision or for other good cause. Lifting the abeyance will allow these appeals to proceed on their merits, ensuring a just and efficient resolution of the underlying disputes including fraud upon the court and fraudulent concealment by the Appellee before the court.

## CONCLUSION AND PRAYER

For the foregoing reasons, and to prevent further harm to the civil rights, privileges, and responsibilities of Defendant-Appellant, Col. David J. Wright, he respectfully requests that this Court:

- Deny Appellee's Supplemental Motion to Dismiss.

- Stay the agreed permanent injunction and the consequential orders of the US District Court since August 9, 2023 with 6 Cir 23-5795 as previously requested in [Motion to Stay District Court Judgment Case: Document: 21, Filed on 06/10/2024 Page: 2](#).

- Lift the abeyance currently placed on these consolidated appeals.

- Expedite this Appeal as previously requested by the Appellant in his [Motion to Expedite Case: 23-5795 Document: 24, Filed on 06/20/2024, Page: 12](#).

- Place the consolidated matter of the combined cases **23-5795 and 23-6108 back on the active calendar by** issuing an initial court schedule for the "Combined Appeal".

- Allow this Consolidated or Combined Appeal to proceed to a full and fair hearing on the merits with the filing of the Appellant's Appellate Brief which was previously interrupted and

prevented by Apellee's Dismissal Motions forcing this matter into abeyance before the matter was combined by the Circuit Court.

- Change or actualize the caption title of the Combined Matter removing the "corporate defendants" consistent with the wishes of the only Appellant and the decision of the Circuit Court that the Appellant may not represent the environmental conservation organizations which were found in default (to be responsible for the actions of the Appellant) that are now actually defunct or in administrative dissolution since the Earth Day, April 22, 2024 ruling.

- Recognize the remaining *pro-se* Appellant as an individual Kentucky Colonel, a civil rights advocate, goodwill ambassador, a content creator, a publisher, a writer, a webmaster, and a member (donor and volunteer) of the HOKC since 1996; and as an author, expert, investigator, researcher, and whistleblower for civilian and Kentucky colonelcy since January 2020.

- .Grant such other and further relief as this Court deems just and proper.

Puerto Carreño, Colombia

Dated: August 26, 2024

*Col. David J. Wright*

Col. David J. Wright
Kentucky Colonel
david.wright@colonels.net
+1 (859) 379-8277

**Certificate of Service**

I hereby certify that on August 26, 2024, I emailed for filing the foregoing appellant motions, responses, replies, objections, and/or pleadings with attachments to the Clerk of the Court for the United States Sixth Circuit Court of Appeals using the intake email CA06_Pro_Se_Efiling@ca6.uscourts.gov for entry by the Court Clerk in the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system once the Circuit Court Clerk files the document(s) without prejudice to the Appellee.

Kelly L. Stephens, Clerk
Sixth Circuit Court of Appeals
501 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

*Col. David J. Wright*