**NOT RECOMMENDED FOR PUBLICATION**

Nos. 23-5795/6108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 4, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| HONORABLE ORDER OF KENTUCKY COLONELS, INC., | ) ) ) |
| Plaintiff-Appellee, | ) ) ) |
| v. | ) ) ) O R D E R |
| KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS, | ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| DAVID J. WRIGHT, Individually and in His Capacity as President of Ecology Crossroads Cooperative Foundation, Inc., | ) ) ) ) |
| Defendant-Appellant. | ) ) |

Before: CLAY, STRANCH, and MURPHY, Circuit Judges.

Defendant David Wright ("Wright") appeals the district court's order holding him in contempt of the permanent injunction, ordering him to cease use of the Kentucky Colonels trademark, and ordering him to pay compensatory sanctions. Plaintiff, the Honorable Order of Kentucky Colonels ("HOKC"), moves in two separate motions to dismiss the appeal, and Wright responds in opposition. Wright moves for a stay without the posting of bond and a stay of execution of the judgment. HOKC opposes a stay. HOKC also moves to strike Wright's reply. Finally, Wright moves to lift the briefing abeyance.

## Motions to Dismiss

HOKC moves to dismiss the appeal and files a supplemental motion to dismiss the appeal. In its original motion to dismiss, HOKC seeks dismissal because Wright sought a third extension of time to file his brief. In its supplemental motion to dismiss, HOKC seeks dismissal of the consolidated appeals because the defendant is allegedly in contempt of district court orders.

Dismissal is not appropriate here. The Clerk routinely grants extensions of time, especially in pro se cases. Although the "failure to abide by the court's briefing schedule alone may result in the dismissal of an appeal for want of prosecution," *Sagan v. Sumner County Board of Education*, 501 F. App'x 537, 540 (2012) (table), Wright has not technically missed a briefing deadline; he asks for more time in which to file his brief. Additionally, in its supplemental motion to dismiss, HOKC offers no support for its position that this court should dismiss an appeal for alleged misconduct in the district court. The Clerk shall reset briefing to give Wright a final opportunity to submit his appellant's brief.

## Motion to Stay

A party who files a satisfactory supersedeas bond is entitled to a stay of the money judgment as a matter of right. Fed. R. Civ. P. 62(b). The court reviews the grant or denial of a supersedeas bond for an abuse of discretion. *See Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Although the Rule does not "precisely define the amount and conditions of a supersedeas bond," it generally equals the entire amount. *Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The movant bears the burden of objectively demonstrating that a departure from the general rule is warranted, *id.*, unless "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban*, 345 F.3d at 409 (citation omitted). Wright does not allege that he can pay a bond. In fact, quite the opposite—Wright states that the "imposition of monetary sanctions, liens, asset discovery depositions, and ongoing collection endeavors by [HOKC] pose a substantial economic

burden, compromising the Appellant's ability to conduct business effectively and maintain the value of intangible intellectual property assets as his creative works." Wright does not establish that he can plainly cover the cost of the judgment.

This court balances four factors when deciding whether to grant a stay pending appeal: (1) the likelihood that the movant will succeed on the merits of the appeal; (2) the likelihood that the movant will suffer irreparable harm absent a stay; (3) whether a stay will cause substantial harm to others; and (4) whether a stay serves the public interest. *Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) (order). The first two factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

When evaluating a district court's finding of civil contempt, we apply an abuse of discretion standard. *CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (citing *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006)). "Factual findings underlying the contempt ruling are reviewed for clear error." *Id.* (citing *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 544 (6th Cir. 2014)). In a contempt proceeding, the sole issue before the court is whether the defendant violated the injunction. *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir. 1994). The terms of the permanent injunction govern at a contempt hearing. *Id.*

The district court found by clear and convincing evidence that Wright violated the agreed permanent injunction order. Wright does not allege how the district court erred in its finding. Instead, he (as he did in the district court) asserts "new factual judicially noteworthy evidence." Although his exact argument in this regard is difficult to understand, it appears that he believes that HOKC's counsel has attempted to conceal facts and evidence. Wright offers no support for his allegations.

None of Wright's arguments challenges the district court's finding of contempt. He asserts a variety of procedural arguments related to the underlying case; he does not offer any argument

- 4 -

about how he will succeed on the merits in this contempt action. We are not persuaded that Wright has shown a likelihood of success at this juncture, where he reiterates his arguments from the district court without countering the district court's reasoning for finding it unpersuasive.

Wright suggests that enforcement of the judgments prior to an appeal would inflict irreparable harm on his "financial stability, prospective plans, professional career, and personal well-being," but he fails to establish reputational harm. A loss of goodwill and reputation can be irreparable. *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 680 (7th Cir. 2012); 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2948.1 (3d ed.) ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.").

Wright alleges that HOKC's collection activity has raised "red flags in Madison County, Kentucky[,] impeding new business contracts." However, Wright does not identify (1) what new business contracts have allegedly been harmed or (2) how HOKC's filing of a lien against Wright's "unknown and non-existent assets" has harmed him. To the extent he suggests he will be injured, that his employment or future job opportunities might be affected does not rise to the level of irreparable harm, which requires showing more than the possibility of harm. *Nken*, 556 U.S. at 434−35. Further, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

We decline to address the remaining factors—harm to other interested parties and the public interest—when Wright has not established that the first two factors weigh in his favor. *See Nken*, 556 U.S. at 434.

## Motion to Strike

HOKC moves to strike Docket Entry No. 24, entitled "Responses, Replies, and Objections in Opposition to Appellee's Motions – Consolidated; Motion to Expedite Appeal; Motion for

- 5 -

Leave to File in Forma Pauperis." As grounds, HOKC alleges that it was not served with Wright's June 20, 2024, pleading.

"We will grant a motion to strike 'only when the [document] to be striken [sic] has no possible relation to the controversy.'" *United States v. Zayed*, 225 F.3d 660 at *2 (6th Cir. 2000) (per curiam) (table). Wright's document is plausibly relevant to the appeal, so we decline to strike it. However, Wright is cautioned that he must serve a copy of every filing directly on opposing counsel. Fed. R. App. P. 25(b) ("Unless a rule requires service by the clerk, a party must, at or before the time of filing a paper, serve a copy on the other parties to the appeal or review. Service on a party represented by counsel must be made on the party's counsel.").

\* \* \* \* \*

For the foregoing reasons, HOKC's motions to dismiss are **DENIED**, Wright's motion to stay is **DENIED**, and HOKC's motion to strike is **DENIED**. Wright's motion to lift the briefing abeyance is **GRANTED**.

Briefing will be reset by separate letter. Wright is advised that further extensions of time will not be granted, and he must file his appellant's brief by the new deadline set by the clerk or his appeals will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk