# United States Court of Appeals for the Sixth Circuit

Comes now Col. David J. Wright, Appellant
Pro Se in Civil Actions 23-5795 and 23-6108

**April 16, 2025**

**Kelly L. Stevens**
Clerk of Court (Pro Se Intake)
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

**RECEIVED**
04/16/2025
KELLY L. STEPHENS, Clerk

**Re: Pro Se Filing – Notice of Judicial Suppression and Adverse Action**
Appellant, Col. David J. Wright v. Honorable Order of Kentucky Colonels, Inc.

Please accept for filing the enclosed Notice of Judicial Suppression and Adverse Action Affecting Record Integrity, submitted by Appellant **David J. Wright**, appearing **pro se and in forma pauperis** pursuant to 28 U.S.C. § 1654, which guarantees the right of individuals to represent themselves in all federal courts.

This filing is submitted via the Court's designated **Pro Se Email Filing System**, in accordance with the Sixth Circuit's published procedures for Pro-Se IFP litigants.

I respectfully request that this filing be **docketed immediately** in accordance with **28 U.S.C. § 953** and **Federal Rule of Civil Procedure 79(a)**, which require the Clerk of Court to enter all properly submitted papers into the official record without delay. Additionally, **28 U.S.C. § 452** mandates that all court personnel perform their duties impartially and administer justice fairly, which includes ensuring that filings are processed in a timely and unbiased manner.

This 'Notice' concerns post-judgment actions taken by the District Court that have suppressed adjudicative facts, obstructed due process, concealed exculpatory evidence, entrenched fraud upon the court, and affected the completeness and fairness of the appellate record. As such, it is material to this Court's review and must be docketed as part of the official proceedings.

Please feel free to contact me via email at **david.wright@globcal.net** or by telephone/text at **(859) 379-8277** should any clarification or action be required to facilitate docketing.

Thank you for your professional attention to this submission.

Respectfully submitted,

**Col. David J. Wright**

*Pro Se Appellant*

Enclosure: Notice of Judicial Suppression and Adverse Action

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## CASE NOS. 23-5795 and 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.**

Appellee

v.

**COL. DAVID J. WRIGHT, A KENTUCKY COLONEL**

Individually and on behalf of similarly titled individuals,

**Appellant**

— and —

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL;

ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.

Defendants in Default

---

# NOTICE OF JUDICIAL SUPPRESSION AND ADVERSE ACTION

## Affecting Record Integrity and Appellate Review

---

## INTRODUCTION

Appellant David J. Wright, appearing *pro se in forma pauperis*, respectfully submits this **Notice of Judicial Suppression and Adverse Action** to formally alert this Honorable Court that the present appeal is no longer confined to questions of judicial bias or procedural error. It now implicates institutional suppression of the record, overt disregard of controlling law, and coordinated concealment

of trademark fraud. On April 15, 2025, the United States District Court for the Western District of Kentucky issued two rulings—[DE 182] and [DE 183]—that suppressed adjudicative facts, ignored a mandatory statutory disqualification process, and denied fraud-based and constitutional motions without factual or legal evaluation. These acts, taken collectively, reflect not merely judicial bias but a self-protective effort by the Court to shield its own missteps and those of a party now demonstrably shown to have engaged in falsification, perjury, and systemic misrepresentation. This appeal now stands as a challenge to a closed forum, where it is now clear that the Appellant was afforded no possibility of equity or fair process in law since the case began in February 2020.

This Notice is submitted pursuant to **Fed. R. App. P. 10(e)** (to preserve the completeness and accuracy of the record) and in support of an anticipated **Motion for Judicial Notice and Record Expansion**, to be separately filed with this Court.

# I. SUMMARY OF SUPPRESSION AND ADVERSE ACTIONS

### A. Denial of Recusal – DE 182

On April 15, 2025, the District Court denied Appellant's Motion for Recusal [DE 170] despite Appellant's **sworn affidavit filed under 28 U.S.C. § 144**, which mandates **automatic reassignment** upon a facially sufficient showing of personal bias. Judge Rebecca Grady Jennings, the challenged judge, improperly ruled on her own disqualification, contrary to both the plain statutory mandate and **Sixth Circuit precedent**. See *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). She failed to substantively address or even reference the documentary evidence and allegations detailed in Appellant's accompanying declaration [DE 170-1], which outlined systemic judicial favoritism, pre-judgment, and institutional collusion.

### B. Return of Bond and Denial of Motions – DE 183

That same day, the District Court:

- **Granted Appellee's Motion to Return the TRO Bond** [DE 177], despite ongoing constitutional and fraud-based challenges to the validity of the injunction, as specifically raised in Appellant's timely-filed Amended Objection [DE 181], which also explicitly asserted that the bond remained subject to the outcome of this appeal

- **Denied Appellant's Motion for Judicial Notice** [DE 171], and

- **Denied Appellant's Rule 11 Motion for Sanctions** [DE 176], citing lack of jurisdiction and characterizing the filings as "frivolous," despite the motions raising allegations of **fraud on the court**, **perjury**, and **fabrication of trademark history.**

The Court declined to acknowledge the **timely expiration of the Rule 11(c)(2) safe harbor period** and failed to consider any of the highly factual materials presented. It relied exclusively on **procedural avoidance to dispose of matters that implicate the integrity of the underlying record.**

## II. LEGAL SIGNIFICANCE AND IMPACT ON THE RECORD

These rulings materially interfere with Appellant's rights under the Due Process Clause and with this Court's ability to conduct meaningful appellate review. Specifically:

- The recusal ruling violates **28 U.S.C. § 144** and contradicts the Sixth Circuit's supervisory holding in *Sammons*

- The denial of judicial notice ignores newly surfaced **adjudicative facts** that are "capable of accurate and ready determination" under **Fed. R. Evid. 201(b)**

- The denial of Appellant's sanctions motion disregards the procedural requirements of Federal Rule of Civil Procedure 11 and effectively allows fraud on the court and fraud on the United States Patent and Trademark Office (USPTO) to go unaddressed and become institutionally entrenched

- The return of the TRO bond nullifies a contested security interest while **appeal is pending**, in direct conflict with equitable review principles under **Fed. R. Civ. P. 65(c)** and Sixth Circuit stay jurisprudence (*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991))

Together, these actions reflect **judicial suppression** of the record, protection of fraudulent pleadings, and institutional alignment with a party alleged to have repeatedly misrepresented the origin, ownership, and public meaning of the phrase "Kentucky Colonel."

Furthermore, the factual issues presented below are not speculative or hypothetical; they reflect **established instances of fraud on the court**, including:

- Appellee's knowing misrepresentation of its organizational origin, coupled with deliberate historical revisionism that replaces verifiable fact with manufactured myth

- False assertions of "incontestability" and "fame" regarding trademark applications that had not yet been examined or matured to registration

- Willful concealment of prior associations with Appellant, including legal contact, formal membership and donation records over two decades

- The knowing **omission of adverse precedent**—including *Building Champions*, which directly contradicts Appellee's claims—by its legal counsel, in violation of **Rule 3.3(a)(2)** of the Kentucky Rules of Professional Conduct and analogous Sixth Circuit ethical standards

These are not technical defects. They constitute a systematic abuse of legal process intended to silence Appellant, misappropriate a public title, and mislead the Circuit Court. Appellee's legal counsel, as officers of the court, **actively participated in advancing these fabrications** and should be held to account for their role in perpetuating judicial error.

The circumstances described herein **fall squarely within the limited but critical body of law addressing fraud on the court and structural judicial failure**. Appellant submits this Notice in light of the Court's supervisory role and its recognized authority to intervene where judicial machinery has been corrupted. *See* **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944) (*fraud on the court must be addressed even post-judgment*); **Gonzalez v. Crosby**, 545 U.S. 524, 532 (2005) *(Rule 60(d)(3) fraud not time-barred)*; **Demjanjuk v. Petrovsky**, 10 F.3d 338, 354 (6th Cir. 1993) (*fraud on the court justifies equitable relief beyond ordinary appeals*); and **Taubman Co. v. Webfeats**, 319 F.3d 770, 777 (6th Cir. 2003) (*First Amendment bars trademark enforcement where expressive use is at issue*).

## III. ANTICIPATED SUPPLEMENTATION: NOTICE OF FORTHCOMING JUDICIAL NOTICE MOTION AND HISTORICAL DECLARATION

Appellant will shortly submit a formal **Motion for Judicial Notice** and **Motion for Leave to Supplement the Record**, accompanied by a **Declaration of Historical Fact** containing newly uncovered public records and archival documents that directly rebut Appellee's fictitious "1813" origin narrative and its underlying trademark claims. These filings are not duplicative of prior submissions and are necessary to prevent this Court from relying on a fabricated factual and legal foundation advanced by Appellee throughout these proceedings and relied upon below without verification.

Supplementation is warranted pursuant to **Federal Rule of Appellate Procedure 10(e)**, which permits additions to the record where material has been omitted "by error or accident." Moreover, as discussed in Section II above, courts retain inherent equitable authority to consider supplemental filings where necessary to address **fraud on the court, procedural concealment, or factual distortion**, particularly where such distortions impair constitutional rights or the integrity of appellate review.

## IV. REQUEST TO THE COURT

Appellant respectfully requests that this Court:

1. **Docket this Notice** in Case Nos. 23-5795 / 23-6108 as a formal appellate filing

2. **Acknowledge DE 182 and DE 183 as acts of judicial suppression** contravening fraud and misconduct that impact the record's integrity

3. **Permit supplementation of the appellate record under Fed. R. App. P. 10(e)** to include:

    - Appellant's Notice of Intent to File Rule 11 Motion [DE 169]

    - Appellant's Motion to Recuse [DE 170]

    - Appellant's Judicial Notice Motion [DE 171]

    - Appellant's Rule 11 Sanctions Motion [DE 176]

    - Appellant's Amended Objection to Return of TRO Bond [DE 181]

    - Appellant's forthcoming Declaration of Historical Fact and new archival evidence from the federal, public, and state historical record

4. **Consider whether further review or remand** is warranted to investigate suppression, fraud, or judicial misconduct

5. That this Court take under advisement whether a **referral to the appropriate disciplinary authority or bar oversight body** is warranted, pursuant to its supervisory powers over proceedings tainted by intentional deception and litigation misconduct by counsel.

Respectfully submitted in good faith and in the interest of justice,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: (859) 379-8277

Dated: April 16, 2025
Puerto Carreño, Colombia

## Certificate of Service

I hereby certify that on April 16, 2025, I emailed for filing the foregoing **Notice of Judicial Suppression and Adverse Action** to the Clerk of the Court for the United States Sixth Circuit Court of Appeals via the intake email address **CA06_Pro_Se_Efiling@ca6.uscourts.gov** for entry into the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system once the Circuit Court Clerk files the document(s) without any prejudice to the Appellee.

Kelly L. Stephens, Clerk
Sixth Circuit Court of Appeals
501 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

*Col. David J. Wright*