# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

RECEIVED
5/5/2025
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 & 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# DECLARATION OF COL. DAVID J. WRIGHT

**IN SUPPORT OF REPLY BRIEF, MOTION FOR LEAVE TO SUPPLEMENT THE RECORD, AND MOTION FOR JUDICIAL NOTICE**
(Submitted Pursuant to 28 U.S.C. § 1746)

I, *Col. David J. Wright*, **Appellant** in the above-captioned matters, proceeding pro se, and currently living, residing, and working as a U.S. expatriate in Colombia and Venezuela on the Orinoco River, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

## I. PURPOSE AND SCOPE

This declaration serves as a sworn statement of fact and legal assertion in support of:

- My Appellate Brief already filed with this Court;
- My Reply Brief being filed now with this Court with this Declaration;
- The Motion for Leave to File Supplemental Motions;
- The Memorandum of Law Supporting Motion for Leave;

- The Motion for Judicial Notice and Record Expansion; *(forthcoming)*
- Any related declarations, evidentiary submissions, or notices.

## II. DECLARED LEGAL MERITS AND FACTUAL ASSERTIONS

I herein affirm the following facts and legal claims as the basis for my appeal and all associated motions:

1. **Procedural and Constitutional Violations**:

    - The District Court reimposed and considered a void and unconstitutional Preliminary Injunction instead of enforcing the Agreed Permanent Injunction (API) with its governing Court Mediator's Agreement.

    - The Preliminary Injunction (unconstitutional facially and legally) was misused to impose contempt findings without due process or procedurally correct hearing.

    - Appellant-Defendant's constitutionally protected speech and educational work were suppressed and have been extinguished without cause or review.

2. **Fraud Upon the Court and Misrepresentation**:

    - The Plaintiff-Appellee has engaged in false representations of origin, falsely positioned themselves as a source of a state honor, and recklessly abused their trademark rights.

    - These misrepresentations were submitted to the USPTO, the US District Court and this Court as factual, when they are demonstrably false assertions to demonstrate authority.

    - Appellee continues to propagate a fictitious origin of the "Kentucky Colonel" for unlawful institutional gain that is not consistent with the state's previous beliefs prior to their creation in 1933.

    - The Plaintiff fraudulently averred trademark applications with false intent for rights dating back to years before it was legally formed or incorporated to create a fraudulent succession illusion of a potential right to the name "Kentucky Colonels." in 1931.

    - These misstatements have deceived not only courts and federal agencies, but also historians, educators, and the broader public.

3. **Judicial Suppression and Denial of Equity**:

    - Over 20 dispositive, affirmative, and protective motions were ignored, denied without scrutiny, or held in abeyance. The District Court never even considered my Answer and Affirmative Defenses, presented timely on August 25, 2020.

    - The District Court refused to recognize the Court Mediator's Proposal and the API Stipulation 5, which preserved my rights, expanding them distinctly with historical and educational editorial.

    - The final orders [DE-182, DE-183] entrenched false findings, fraud upon the Court, fraud upon the Defendant, the USPTO, and the public, all denied despite the FRE.

4. **SLAPP-Style Abuse and Trademark Retaliation**:

    - Plaintiff has engaged in SLAPP tactics to suppress my public, noncommercial, and historical work.

    - Facebook and social media removals were obtained under color of judicial authority.

    - This conduct constitutes ongoing civil rights interference and economic retaliation.

5. **Public Harm and Institutional Fraud**:

    - Plaintiff has defrauded the public, donors, and the state of Kentucky by perpetuating a fabricated history inconsistent with actual historical facts.

    - More than 800,000 individuals have been misled by Appellee's narrative, which displaces the true origins of the Kentucky Colonelcy.

6. **Deficiencies in the Injunctions**:

    - Both the Preliminary Injunction and the Agreed Permanent Injunction are currently unenforceable because the Plaintiff violated the spirit and intent of the confidential settlement conference.

    - By continuing to interpret the injunction solely through their own perspective, without regard to the equity established in the Mediator's Proposal, the Plaintiff has negated the equitable foundation of the API.

- ○ The API, not written by a neutral arbiter nor grounded in statutory protections for all parties, continues to suppress First Amendment rights and fails the standards required under the **Collateral Bar Doctrine as an exception**.

7. **Evolved Nature of the Case and Litigant**:

    - ○ This appeal in 2025 is not the same case as was presented in 2020 or 2023. Since those earlier proceedings, I have undertaken a deep and sustained legal and historical study of this matter.

    - ○ I have personally invested over 800 full 8-hour days—more than 6,400 hours—researching the legal issues, statutory authority, court precedents, and historical materials relevant to this case.

    - ○ This is equivalent to or greater than the study performed by many graduate students in their seventh year of academic work.

    - ○ Despite this demonstrated investment, the District Court treated me as a minor litigant among institutional actors, failing to afford me the civil rights protections or judicial equity that are guaranteed under law.

8. **Context and Origins of Litigation**:

    - ○ This litigation arose because of my influence and success in reaching peers and members of the Plaintiff's organization with historical facts and lawful public interest speech.

    - ○ The Plaintiff's lawsuit has always targeted my civil and constitutional rights to publish, petition, and speak freely on matters of public history and intellectual inquiry.

9. **Framing and Jurisdictional Clarification**:

    - ○ Although this case may appear procedurally framed as a trademark matter, I—the Appellant—have brought this appeal solely on the basis of **civil rights, First Amendment suppression, and constitutional inequity**.

    - ○ There is no legal imperative requiring this Court to treat the matter exclusively as a trademark dispute, because **it was never adjudicated at trial** as such, and the underlying record concerns civil and procedural injuries, not Lanham Act violations.

- The framing of this appeal must derive not from superficial case styling but from the **language and basis of the Notice of Appeal**, which articulates this as a civil rights and equitable justice matter requiring full scrutiny under 28 U.S.C. § 2106.

10. **Grounds for Relief and Judicial Review**:

    - The Court has full authority to correct these violations under 28 U.S.C. § 2106 and relevant appellate and constitutional doctrine.
    - All my legal filings are submitted in good faith and supported by verifiable documentary evidence.

---

I make this declaration in lieu of a notarized affidavit as permitted under 28 U.S.C. § 1746. I affirm that all statements made herein, and all supporting facts and evidence submitted across these filings, are true and correct and offered in furtherance of judicial review and the protection of constitutional and equitable rights.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: +1 (859) 379-8277

Dated: May 5, 2025
Puerto Carreño, Colombia