UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

    Defendants

DAVID J. WRIGHT

    Defendant-Appellant

### APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT RECORD [DOC. 37]

For the third time, Defendant/Appellant, David J. Wright ("Wright"), seeks to confuse the Court by moving to supplement the record on appeal through "judicial recognition" of matters he incorrectly characterizes as "facts." This tactic was rejected by the District Court – twice. Specifically, the District Court found:

> The information Wright asks the Court to take judicial notice of is not indisputable fact. The information is not readily determined from sources whose accuracy cannot reasonably be questioned. The information is thus inappropriate for the Court to take judicial notice of. Furthermore, the purported 'facts' are

> irrelevant to the Court's resolution of the matters before it. As a result, this motion is also denied.

[8/9/23 Memorandum Opinion and Order [DE 129], PageID #3724-3725].[1]

Ignoring the District Court's multiple rulings, Wright has simply filed the same unintelligible morass of irrelevant material that was rejected by the District Court directly in this appeal. Incredibly, Wright even requests leave to tender even more extraneous material in the future. Wright's efforts to distort the issues and distract from his blatant contempt of the District Court's orders must be rejected. Plaintiff/Appellee, the Honorable Order of Kentucky Colonels ("HOKC"), respectfully requests the Court deny Appellant's Motion for Leave [Doc. 37] (the "Motion") and strike the filing from the Court record.

## ARGUMENT[2]

### I. THERE IS NO LEGAL OR FACTUAL BASIS FOR GRANTING THE MOTION.

Federal courts of appeal review district court orders and judgments on the basis of a closed record, which is limited to materials in the record when

---

[1] Wright's second motion for judicial notice was denied by Order dated April 15, 2025 [DE 183].

[2] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint [DE 97]; the Motion for Temporary Restraining Order and Preliminary Injunction [DE 99] (converted by the Court to a motion to show cause); Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 126]; and the 8/9/23 Memorandum Opinion and Order [DE 120].

the district court made the decision under review. *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986). Rule 10 of the Federal Rules of Appellate Procedure defines the "record on appeal" as the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district court. Consequently, "papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." *Barcamerica Intl. U.S.A. Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 593-94 (9th Cir. 2002). This limitation is "fundamental" because appellate courts "lack the means to authenticate documents" and must rely on the district courts designation of submitted documents as part of the record. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Litigants who disregard this process "impair [the courts'] ability to perform [their] appellate function." *Id*.

Wright claims that the Court should permit the requested supplementation because "[a]llowing [Wright] to present additional filings on leave will ensure the Sixth Circuit has a complete record of unresolved constitutional and factual issues" as contemplated by FRAP 10 and FRE 201(b). [Motion, 5-6]. But FRAP 10 and FRE 201 only apply in very specific and narrow circumstances which do not exist here. And **neither rule** allows supplementing the appellate record to introduce **new evidence**. *Inland Bulk*

3

*Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (characterizing an attempt "to add new material that was never considered by the district court" as "not permitted under the rule"); *see also U.S. v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981) (explaining that "[n]ew proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of [Rule 10]").

FRAP 10 allows the Court to correct inadvertent omissions from the record. Courts of appeal are willing to supplement the record with materials not in the district record *only* if the materials were relied on in the district court proceedings and would have been introduced into the district court record but for inadvertent omission. *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) ("[t]hus, the purpose of amendment under this rule is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial."). That is clearly not what Wright is seeking here. By his own admission, Wright seeks recognition of matters that could have been raised in the District Court but were not. Specifically, Wright concedes:

> This appeal in 2025 is not the same case as was presented in 2020 or 2023. Since those earlier proceedings, I have undertaken a deep and sustained legal and historical study of this matter.

[Declaration of Col. David J. Wright [Doc. 39], 4]. Even though Wright had years to develop a proper record in the District Court, he now insists that this matter "requires new evidence and reframing to ensure that the correct legal framework is applied to this appeal …." [Motion, 2]. Under FRAP 10, however, the "new evidence" allegedly discovered by Wright is not proper supplementation "even if the new evidence is substantial." *Adams*, 330 F.3d at 406.

Similarly, FRE 201 allows the Court to take judicial notice of highly undisputable facts or directly related court proceedings. That rule does not provide a basis for Wright's requested supplementation because it only applies to facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(1) and (2). As the District Court recognized, none of the alleged "facts" of which Wright demands this Court take judicial notice satisfy that standard. Wright's prior judicial notice motion was rejected because the District Court correctly found that "the information Wright asks the District Court to take judicial notice of is not indisputable fact." [8/9/23 Memorandum Opinion and Order [DE 129], PageID #3724]. Moreover, the District Court expressly held that the information did not

5

qualify for judicial notice because it "is not readily determined from sources whose accuracy cannot reasonably be questioned." [*Id.* at PageID #3724-25]. Most importantly, the District Court specifically recognized that "the purported 'facts' are irrelevant to the Court's resolution of the matters before it." [*Id.* at PageID #3725].

The "facts" which are the subject of the Motion suffer from the same fatal flaw that doomed Wright's judicial notice motions in the District Court. Wright's self-proclaimed expertise on the history of Kentucky Colonels, his criticisms of the United States Patent and Trademark Office, and his opinions about HOKC's corporate status are not sources that cannot be reasonably questioned and do not constitute "indisputable fact." Moreover, as the District Court recognized, this case is not about competing historical narratives. It is about Wright attempting to hijack HOKC's registered KENTUCKY COLONELS Mark for personal enrichment in blatant violation of this Court's February 23, 2021 Agreed Permanent Injunction [DE 93] – an injunction to which ***Wright himself agreed***. Wright's lecture on the law of judicial notice and the application of judicial notice to HOKC's history is not relevant to the issues in this appeal. The Motion should be denied.

## II. THE MOTION SHOULD BE STRICKEN FROM THE COURT RECORD.

Like its progeny, the Motion offers nothing more than a self-aggrandizing mess of irrelevant gibberish solely for the purpose of harassing HOKC and needlessly increasing the cost of litigation. A party may not present a pleading, written motion, or other paper to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation." Fed. R. Civ. P. 11(b)(1). Moreover, a document can be stricken by an appellate court when it "has no possible relation to the controversy." *United States v. Zayed*, 225 F.3d 660 at *2 (6th Cir. 2000).

The Motion was clearly filed for an improper purpose – creating a false and inaccurate record Wright could refer to in his Sixth Circuit brief and reply brief. In addition, by Wright's own admission, the Motion was filed for purposes of harassment. Wright has already filed at least fifteen (15) motions or "notices" in this appeal seeking extraordinary relief.[3] Now, he candidly acknowledges that he intends to use the Motion to support at least seven (7) "Proposed Future Motions" as well as other filings. [Motion, 5]. This vexatious behavior must stop. HOKC should not be required to address the unsupported opinions, erroneous legal analysis, and irrelevant factual

---

[3] *See* Docs. 9, 11, 17, 21, 29, and 36.

assertions recited in the Motion or future spurious filings by Wright. Moreover, the Motion has no relevance to the issues on appeal as none of the matters described therein relate to the District Court's contempt Order or the Order awarding HOKC attorneys' fees – the only two Orders which are the subject of this appeal. The Motion should be stricken from the Court's record.

## CONCLUSION

For the reasons set forth herein, the Motion should be denied and stricken from the record.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and/or electronic mail, on this the 7th day of May, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

101933709.1