RECEIVED
5/8/25
KELLY L. STEPHENS, Clerk

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

**Case Nos. 23-5795 & 23-6108**

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO MOTION FOR LEAVE AND RECORD EXPANSION

---

**Appellant, Col. David J. Wright**, submits this **Reply to Appellee's Response to the Motion for Leave (Document 40)**. Appellee's Response is fundamentally flawed, characterized by (1) misrepresentation of the judicial notice standard, (2) a failure to engage with the clear evidence of fraud and misrepresentation by Appellee, (3) a misconstruction of the nature of the relief sought by the Appellant, and (4) an attempt to distract from Appellee's false assertions regarding its own legal structure and membership status.

Appellant's Motion for Leave is essential to prevent injustice and to ensure that the Sixth Circuit reviews a complete and accurate record — one free from the distortions and factual misrepresentations presented by Appellee disguised with the mask of judicial propriety.

# I. THE JUDICIAL NOTICE MOTION IS BASED ON INDISPUTABLE FACTS SUPPORTED BY OFFICIAL RECORDS

## A. Appellee Misstates the Standard for Judicial Notice

Appellee attempts to impose an artificially high standard for judicial notice, suggesting that only "highly undisputable" facts can be noticed. This is incorrect, but nonetheless they are "highly undisputable" and "historical" facts. Under Federal Rule of Evidence (FRE) 201(b), a court may take judicial notice of facts that are:

- **Generally known within the court's territorial jurisdiction; or**
- **Accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

Appellant's Judicial Notice Motion relies on:

- **Official historical records from the Commonwealth of Kentucky;**
- **Newspaper articles, 19th century Americana, and history texts;**
- **Congressional records recognizing the cultural status of "Kentucky Colonel";**
- **False facts presented in The Honorable Order of Kentucky Colonels, Inc v. Building Champions, LLC (3:04-cv-00465);**
- **The 1992 Restated Articles of Incorporation of HOKC, which explicitly state that HOKC has no members.**

These facts are not speculative. They are derived from government records, publicly accessible archives, and official documents. Appellee's attempt to frame these facts as "disputed" is a desperate effort to prevent this Court from acknowledging the true historical and legal status of the "Kentucky Colonel" title and the historical "Kentucky Colonels" of the past.

## B. Appellee Has Conceded the Issues by Failing to Respond in Good Faith

Since the filing of the **Notice of Judicial Suppression** with this Honorable Court on **April 16, 2025 (Document 36)** — which detailed extensive post-judgment suppression of material facts, adverse actions by the District Court, and entrenched procedural irregularities including the adoption of the Plaintiff's fraudulent narratives — the Appellee-Plaintiff has had ample opportunity to respond in good faith to the grave allegations of fraud, record manipulation, and misrepresentation outlined therein, but has not. Appellee has neither meaningfully addressed these allegations nor presented any substantive rebuttal to the documented evidence of fraud and systemic suppression.

By its calculated silence and refusal to confront the verified facts set forth by Appellant, Appellee has effectively conceded the substance of these allegations. Under well-established principles of appellate procedure, an opposing party's failure to respond to serious allegations is deemed an implicit admission. See ***United States v. Rogers*, 118 F.3d 466, 471 (6th Cir. 1997)** ("A party's failure to contest an assertion in its opposing brief is deemed an admission.").

This is particularly significant here because Appellant's filings, including [DE-169] through [DE-181], document a series of post-judgment motions and submissions directly addressing the fraud, misconduct, and judicial suppression affecting the case. These filings were met not with substantive rebuttals, but with procedural evasion by Appellee. Appellee's failure to engage with these issues should be treated as an implicit concession that Appellant's allegations are true, thus raising the level of scrutiny by the judiciary.

## C. The Membership Issue is a Central and Relevant Fact, Not a Distraction

Appellee's Response conspicuously avoids addressing the **central issue of membership fraud**. The Memorandum of Law attached to Appellant's Motion for Leave as Exhibit A in [Document

37 Page 10] exposes how Appellee has falsely represented itself as a "membership organization" in court, before the United States Patent and Trademark Office (USPTO), and to the public. The 1992 Restated Articles of Incorporation — an official corporate document — explicitly state:

> "The Corporation shall have no voting members."

Despite this, Appellee has repeatedly misled the courts, the USPTO, and donors by claiming to be a membership organization, when in reality it is a **non-member corporation governed solely by a Board of Directors**. This deception is not a "minor" issue — it goes to the heart of Appellee's claimed standing, goodwill, and trademark rights. Even the Appellant was deceived to assume and believe that he had viable membership rights from 1996 through 2020.

## II. THE MOTION FOR LEAVE IS JUSTIFIED BY EXCEPTIONAL CIRCUMSTANCES

### A. Appellee's Claims of Harassment Are Baseless

Appellee accuses Appellant of harassment for seeking to correct a fraudulent record. But it is Appellee's own false historical representations that have necessitated the Judicial Notice Motion. Appellant has a right to correct the record and to expose misrepresentations that directly affect the outcome of this case.

### B. The Sixth Circuit Has a Duty to Prevent and Correct Fraud

Appellee's argument that the Sixth Circuit should avoid reviewing these facts is a clear attempt to preserve a fraudulent narrative. But this Court is empowered to correct the record to prevent a miscarriage of justice. See ***Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)**.

## C. The Memorandum of Law Demonstrates Appellee's Misrepresentation

Exhibit A, the Memorandum of Law on the Misrepresentation of Legal Membership Status by HOKC, provides irrefutable proof of Appellee's deception. It reveals:

- **HOKC's own Articles of Incorporation expressly deny the existence of members.**

- **HOKC's public facing representations of "active membership" are a mere fundraising tactic with no legal basis to genuine membership.**

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. **Grant Appellant's Motion for Leave** to file additional motions and to supplement the record to include the entire case [DE-1 through DE-183], ensuring a complete and accurate appellate record free from distortion and fraudulent misrepresentation.

2. **Reject Appellee's meritless arguments**, which are based on a deliberate misrepresentation of the judicial notice standard, a failure to engage with the clear and indisputable historical facts, and an attempt to preserve a false narrative regarding its corporate structure and historical claims.

3. **Recognize that Appellee has effectively conceded the substance of Appellant's allegations** by failing to meaningfully respond to the documented evidence of fraud, record manipulation, and judicial suppression, including the undisputed fact that HOKC is not a membership organization, but a self-governing social club.

4. **Direct that the official record accurately reflects the true historical and legal status of the "Kentucky Colonel" title**, which is a public domain civic honor originating in 1775 and recognized by the United States Congress in 1936 — not an exclusive property or authoritative embodiment of HOKC.

5. **Correct the Appellate Record** under Federal Rule of Appellate Procedure 10(e)(2)(B) to ensure that it is free from false historical narratives and material misstatements introduced by Appellee.

6. **Reaffirm this Court's duty to prevent and correct fraud**, consistent with the United States Supreme Court's holding in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, and ensure that the Sixth Circuit is not misled by false representations or tainted by fraud upon the court.

7. **Protect the Public's Right to Historical Accuracy and Free Expression**, recognizing that the title "Kentucky Colonel" is part of the cultural heritage of Kentucky and the United States, not a proprietary asset of any private organization.

This Reply is not merely a procedural response — it is a call to protect the integrity of the judicial process and to reject the weaponization of false history and fraudulent claims to manipulate the record and mislead the Court.

I, Col. David J. Wright, under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America, declare that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted this 8th day of May, 2025,

Puerto Carreño, Colombia

**Col. David J. Wright**

Defendant-Appellant, Pro Se


## CERTIFICATE OF SERVICE

I hereby certify that on **May 8, 2025**, I **submitted** the foregoing Reply to Appellee's Response to Motion for Leave for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: May 8, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |