UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108


HONORABLE ORDER OF KENTUCKY COLONELS, INC.

       Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL
INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE
FOUNDATION, INC.; UNKNOWN DEFENDANTS

       Defendants

DAVID J. WRIGHT

       Defendant-Appellant


**RESPONSE TO APPELLANT'S NOTICE OF PRO-SE
APPELLANT'S POSITION, EXPERTISE, AND BASIS
<u>FOR CONTINUING APPEAL [DOC. 42]</u>**

Continuing his practice of frivolous filings on matters that are unrelated
to the issues on appeal, Appellant/Defendant, David J. Wright ("Wright"), has
tendered a twenty-three (23) page missive regurgitating the substance of his
prior unauthorized filings and further touting his self-proclaimed "expertise"
on "federal civil procedure, trademark law, historical rights, and fraud upon
the Court." [Notice of Pro-Se Appellant's Position, Expertise, and Basis for
Continuing Appeal [Doc. 42] (the "Notice"), 2]. Yet again, Wright seeks to
relitigate the underlying action which was resolved more than four (4) years

ago, resulting in entry of an Agreed Permanent Injunction which *he* negotiated.  [DE 93].[1]  The *only* issues on appeal are whether the District Court erred when it found Wright in contempt of that order and whether it was proper for the District Court to sanction Wright for his contempt.  Wright's attempt to re-argue the merits of HOKC's underlying infringement claim must be rejected.

The Notice was filed in violation of multiple provisions of the Federal Rules of Appellate Procedure, including FRAP 27(a)(1) ("An application for … relief is made by motion…"); FRAP 27(a)(2)(C)(i) ("a separate brief supporting … the motion must not be filed"); and FRAP 27(d)(2)(B) ("a … typewritten motion must not exceed 20 pages.")  HOKC will not further clutter the record by responding to Wright's irrelevant gibberish.  However, if the Court believes that a substantive response is appropriate, HOKC respectfully requests leave to file such a response.

---

[1] Repeating Wright's all too familiar refrain, the Notice complains that the Agreed Permanent Injunction [DE 93] is "legally defective because it is vague, contradictory, and overbroad, extending behind the legitimate scope of trademark law…." [*Id*. at 3].  Wright offers these assertions even though he knew exactly what the Agreed Permanent Injunction was going to say before it was entered by the District Court.  Wright *agreed* to those terms to induce dismissal of the Verified Complaint filed by Appellee/Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC").

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and/or electronic mail, on this the 15th day of May, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

101959874.1

3