**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

RECEIVED
05/27/2025
KELLY L. STEPHENS, Clerk

**Case Nos. 23-5795 & 23-6108**

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# MEMORANDUM OF LAW IN SUPPORT OF APPELLANT'S MOTION FOR JUDICIAL NOTICE AND CORRECTION OF THE RECORD

---

## I. INTRODUCTION

This Memorandum of Law is submitted in support of Appellant Col. David J. Wright's Motion for Judicial Notice and Correction of the Record. The Appellant seeks judicial notice of the verified historical facts establishing that the title **"Kentucky Colonel"** is a **public domain civic honor**, originating in **1775**, and not a proprietary trademark. Appellant further seeks correction of the record to reflect that the Plaintiff-Appellee, **The Honorable Order of Kentucky Colonels, Inc. (HOKC)**, has engaged in a deliberate campaign of **fraudulent misrepresentation**, suppressing historical facts, and causing civil injury to Appellant by falsely claiming exclusive rights to this public honor.

HOKC's fraudulent conduct has led to a series of unjust orders, including a **Temporary Restraining Order (TRO)** and **Preliminary Injunction**, that were based on false claims of possessing **"famous"**

and "incontestable" trademarks. In reality, HOKC's trademarks were merely **pending applications**, not "incontestable" rights, and HOKC's claim to exclusive rights over the title **"Kentucky Colonel"** is contradicted by verified historical evidence.

The Appellant will demonstrate that this Court must:

- Take judicial notice of the true historical facts, as presented in **Appendix E: Exposition of Exhibits** and the **Declaration of Historical Fact.**

- Correct the record to reflect the true status of HOKC's trademarks, which are not "incontestable."

- Recognize that HOKC's false claims of exclusive rights constitute **fraudulent misrepresentation.**

---

## II. FACTUAL BACKGROUND

### A. The True History of the Title "Kentucky Colonel"

1. **The Title Originated as a Public Domain Civic Honor in 1775**

   - The title **"Kentucky Colonel"** was first established at the **Transylvania Convention of 1775**, where civic and militia leaders were recognized for their service.

   - This title has always been a **public honor**, bestowed by the Commonwealth of Kentucky, and is not subject to proprietary control.

     - **Exhibit Reference: Declaration of Historical Fact** and **Exhibit E**

2. **The Title is Recognized as Part of American Cultural Heritage**

   - In **1936**, the United States Congress formally recognized the title **"Kentucky Colonel"** as a symbol of American cultural heritage.

- This recognition confirms the title's status as a **public domain honor**, not a proprietary trademark.

    - **Exhibit Reference: US Congressional Record (1936), Appendix E.**

## B. The Plaintiff's Fraudulent Misrepresentation

1. **HOKC Falsely Claimed Exclusive Rights Over the Title "Kentucky Colonel"**

    - HOKC represented to the Court that it possessed exclusive rights to the title **"Kentucky Colonel,"** despite the fact that this title is a public domain honor.

    - HOKC falsely claimed an **"1813 origin date"** for the title, which is directly contradicted by verified historical evidence.

        - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

2. **HOKC Secured Judicial Orders Based on False Claims of "Incontestable" and "Famous" Trademarks**

    - HOKC falsely asserted that it possessed "incontestable" and "famous" trademarks for the title **"Kentucky Colonels."**

    - In reality, these trademarks were merely **pending applications**, not legally recognized or incontestable marks.

        - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

3. **HOKC Deliberately Misled the Court by Conflating Multiple Trademarks**

    - HOKC presented a list of trademarks without disclosing that several were merely **pending applications**, while others were registered for unrelated goods (e.g., apparel, novelty items).

    - This deception misled the Court into believing that HOKC possessed comprehensive and enforceable rights over the title **"Kentucky Colonel."**

        - **Exhibit Reference:** HOKC Trademark Chart, Appendix E.

## C. HOKC's Prior Knowledge and Acquiescence to Defendant's Activities

1. **HOKC Knew of Defendant's Activities for Over a Decade**

   - The Defendant, Col. David J. Wright, operated openly using the name **"Kentucky Colonels International"** for over a decade with HOKC's full knowledge.

   - HOKC had previously recognized Wright as a member and engaged in amicable communications, even discussing a potential merger one month before filing this lawsuit.

     - **Exhibit Reference:** HOKC's Prior Communications, Appendix E.

2. **HOKC Concealed Its Prior Acquiescence from the Court**

   - HOKC falsely portrayed the Defendant as an infringer, concealing its long-standing knowledge of his activities.

   - This false narrative created a misleading impression that the Defendant was acting in bad faith, rather than as a recognized goodwill ambassador.

     - **Exhibit Reference:** HOKC Prior Communications, Appendix E.

---

# III. LEGAL STANDARD

This section establishes the clear legal basis for Appellant's request for judicial notice, correction of the record, and recognition of fraudulent misrepresentation by the Plaintiff, **The Honorable Order of Kentucky Colonels, Inc. (HOKC)**. The relief sought is grounded in well-established principles of federal law, including the **Federal Rules of Evidence (FRE 201)**, **Federal Rule of Appellate Procedure 10(e)(2)(B)**, and U.S. Supreme Court precedent.

## A. Judicial Notice of Adjudicative Facts (Federal Rule of Evidence 201)

### 1. The Court's Authority to Take Judicial Notice

- **Federal Rule of Evidence 201(b)** provides that a court may take judicial notice of adjudicative facts that are:
  - **(1) Generally known within the court's territorial jurisdiction;** and
  - **(2) Accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**

- Judicial notice is appropriate for **verified historical facts, public records, government publications, and self-authenticating exhibits**, all of which the Appellant has submitted in **Appendix E: Exposition of Exhibits** and the **Declaration of Historical Fact.**

- *U.S. v. Ferguson,* 681 F.3d 826, 834 (6th Cir. 2012)**:** The Sixth Circuit recognized that judicial notice is appropriate for historical facts that are "not subject to reasonable dispute."

### 2. Application to the Present Case

- The Appellant has presented verified and authenticated evidence establishing that the title **"Kentucky Colonel"** is a **public domain honor**, originating at the **Transylvania Convention of 1775**, not in **1813** as falsely claimed by HOKC.
  - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- The Appellant has further demonstrated that HOKC's trademarks for "Kentucky Colonels" were merely **pending applications**, not "incontestable" as falsely represented to the Court.
  - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

- These verified historical facts are not subject to reasonable dispute and are supported by self-authenticating exhibits, making them precisely the type of facts suitable for judicial notice.

## B. Fraud on the Court Requires Judicial Correction

### 1. Definition of Fraud on the Court

Fraud on the court is a particularly egregious form of misconduct, defined as any conduct that directly undermines the integrity of the judicial process. This includes **deliberate misrepresentation, concealment of material facts, and falsification of evidence.**

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)**:** The Supreme Court held that courts must correct records tainted by fraud, even after judgment, recognizing that "tampering with the administration of justice" is a direct attack on the judicial process.

- *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993): The Sixth Circuit held that fraud on the court occurs when a party's conduct "defiles the court itself," preventing the court from performing its judicial function impartially.

- *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991): The Supreme Court recognized that courts have inherent authority to impose sanctions or correct records where a party has engaged in fraud or bad faith conduct.

### 2. Application to HOKC's Conduct

HOKC has engaged in clear and deliberate **fraud on the court** through the following actions:

- **False Claims of Exclusive Rights to the Title "Kentucky Colonel"**
    - HOKC falsely asserted that it possessed exclusive rights to the title **"Kentucky Colonel,"** despite the fact that this title is a **public domain honor** recognized by the United States Congress.
    - This false claim directly influenced the Court's decision to grant a **Temporary Restraining Order (TRO)** and **Preliminary Injunction**, creating a prejudicial and unjust outcome.
        - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- **Misrepresentation of "Famous" and "Incontestable" Trademarks**

    - HOKC claimed that it possessed "incontestable" and "famous" trademarks for the title **"Kentucky Colonels,"** when in reality, these trademarks were merely **pending applications**.

    - This false claim misled the Court into believing that HOKC's trademarks were enforceable, creating a false sense of legal authority.

        - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

- **Concealment of the Public Domain Status of the Title**

    - HOKC intentionally concealed the fact that the title **"Kentucky Colonel"** is a public domain honor with a verified history dating back to **1775**.

    - By falsely asserting that the title originated in **1813**, HOKC misled the Court into believing that it possessed a proprietary claim over the title.

        - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- **Manipulation of Trademark Applications to Create a False Narrative**

    - HOKC presented a list of multiple trademarks without disclosing that several were merely **pending applications**, while others were registered for unrelated goods (e.g., apparel, novelty items).

    - This manipulation misled the Court into believing that HOKC possessed comprehensive, enforceable rights over the title **"Kentucky Colonel."**

        - **Exhibit Reference:** HOKC Trademark Chart, Appendix E.

## C. Correction of the Record (Federal Rule of Appellate Procedure 10(e)(2)(B))

**1. The Court's Authority to Correct the Record**

- **Federal Rule of Appellate Procedure 10(e)(2)(B)** provides that the record on appeal may be corrected to reflect the true facts when it is shown that a material portion of the record is incorrect or misleading.

- This rule ensures that the appellate record is accurate, complete, and consistent with the verified facts.

**2. Application to This Case**

- The Appellant has demonstrated that the District Court's orders were based on false representations by HOKC, creating a false and misleading record.

- The Court's findings of fact, including its conclusion that HOKC possessed "incontestable" and "famous" trademarks, are directly contradicted by the verified evidence presented in **Appendix E: Exposition of Exhibits**.

    - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

- Because these false representations directly influenced the Court's findings and orders, the record must be corrected to reflect the true historical facts and the actual status of HOKC's trademarks.

## D. Legal Authority for Judicial Relief

- This Court has both the inherent authority and the statutory authority to correct the record, vacate orders obtained through fraudulent misrepresentation, and prevent further deception.

- *Hazel-Atlas,* 322 U.S. at 248: Courts must correct records tainted by fraud, even if it means vacating orders entered based on that fraud.

- *Chambers v. NASCO*, 501 U.S. 32 (1991): Courts have inherent authority to take action where a party has engaged in fraud or bad faith conduct.

- **FRAP 10(e)(2)(B):** This Court has the authority to correct the record to reflect the true facts and prevent injustice.

---

## IV. ARGUMENT

## A. THIS COURT MUST GRANT JUDICIAL NOTICE OF THE TRUE HISTORICAL FACTS BECAUSE THEY ARE VERIFIED, AUTHENTIC, AND IRREFUTABLE

**1. Judicial Notice is Required for Verified Historical Facts (FRE 201)**

- **Federal Rule of Evidence 201(b)** permits judicial notice of adjudicative facts that are "generally known" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

- The Appellant has presented verified, self-authenticating evidence establishing that the title **"Kentucky Colonel"** is a **public domain honor**, originating at the **Transylvania Convention of 1775**, not in **1813**.

    - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

    - **Exhibit Reference:** United States Congressional Record (1936), Appendix E.

- Judicial notice is particularly appropriate because these facts are supported by:

    - **Historical Records:** Verified documentation from the Declaration of Historical Fact.

    - **Government Publications:** United States Congressional Record (1936), recognizing the title as a public domain honor.

    - **Scholarly Analyses:** Published studies confirming the public domain status of the title.

**2. HOKC's False Claims Directly Contradict Verified Historical Facts**

- HOKC falsely claimed that the title **"Kentucky Colonel"** originated in **1813**, a falsehood directly contradicted by the verified historical record.

- ○ **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- HOKC further claimed to possess exclusive rights over the title, despite its status as a **public domain honor** recognized by the United States Congress.

    - ○ **Exhibit Reference:** United States Congressional Record (1936), Appendix E.

### 3. Judicial Notice is Necessary to Prevent Further Deception

- By taking judicial notice of the verified historical facts, this Court can prevent HOKC from continuing to mislead the public, the judiciary, and the Defendant with false claims of exclusive rights.

- This Court's recognition of the true historical facts will protect the public's right to access and celebrate the true legacy of the title **"Kentucky Colonel."**

## B. THE COURT MUST CORRECT THE RECORD TO REFLECT THE TRUE STATUS OF HOKC'S TRADEMARKS

### 1. The Record is Tainted by HOKC's False Claims of "Incontestable" Trademarks

- HOKC falsely represented that it possessed "incontestable" and "famous" trademarks for the title **"Kentucky Colonels."**

- In reality, these trademarks were merely **pending applications**, not legally recognized or "incontestable" rights.

    - ○ **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

### 2. The Court's Orders Are Based on These False Claims

- The District Court issued a **Temporary Restraining Order (TRO)** and **Preliminary Injunction** based on the false premise that HOKC possessed "incontestable" trademarks.

    - ○ **Exhibit Reference:** TRO Order, 3:20-cv-132 Document 14.

    - ○ **Exhibit Reference:** Preliminary Injunction Order, 3:20-cv-132 Document 58.

- The Court's finding that HOKC's marks were "moderately strong" was directly influenced by HOKC's false claims of "incontestable" status.

    - This finding is fundamentally flawed because it is based on fraudulent misrepresentation.

### 3. Correction of the Record is Required Under FRAP 10(e)(2)(B)

- **Federal Rule of Appellate Procedure 10(e)(2)(B)** authorizes this Court to correct the record to reflect the true facts.

- Because the District Court's findings were based on false representations, the record must be corrected to show that:

    - HOKC's trademarks are not "incontestable" but are merely **pending applications**.

    - HOKC has no exclusive right to the title **"Kentucky Colonel,"** which is a **public domain honor**.

    - The verified historical facts establish the true origin and public domain status of the title.

## C. THE COURT MUST VACATE THE DISTRICT COURT'S ORDERS BECAUSE THEY WERE PROCURED THROUGH FRAUDULENT MISREPRESENTATION

### 1. Fraud on the Court is a Direct Attack on Judicial Integrity

- Fraud on the court is a serious offense that undermines the judicial process and must be corrected.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944): The Supreme Court held that courts must correct records tainted by fraud, even after judgment.

- *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993): Fraud on the court is defined as conduct that "defiles the court itself."

**2. HOKC Engaged in Fraud on the Court Through False Representations**

- HOKC falsely claimed that it possessed "incontestable" and "famous" trademarks, despite the fact that these trademarks were merely **pending applications**.
    - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.
- HOKC falsely claimed an **"1813 origin date"** for the title **"Kentucky Colonel,"** directly contradicting verified historical records showing the title originated in **1775**.
    - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.
- HOKC misled the Court by presenting a list of trademarks without disclosing that several were merely **pending applications**, while others were registered for unrelated goods.
    - **Exhibit Reference:** HOKC Trademark Chart, Appendix E.

**3. The District Court's Orders Were Based on Fraudulent Misrepresentation**

- The District Court's findings of fact, including its conclusion that HOKC's trademarks were "moderately strong," were directly influenced by HOKC's fraudulent claims.
- These findings are fundamentally flawed and must be vacated to restore judicial integrity.
- This Court has the inherent authority to vacate orders procured through fraud on the court.
    - **Hazel-Atlas, 322 U.S. at 248.**
    - **Chambers v. NASCO, 501 U.S. 32 (1991).**

# D. THE COURT MUST PROTECT THE PUBLIC DOMAIN STATUS OF THE TITLE "KENTUCKY COLONEL" AND THE NAME PHRASE "KENTUCKY COLONELS" FOR ALL COLONELS

**1. The Title "Kentucky Colonel" is a Public Domain Honor Recognized by Congress**

- The title **"Kentucky Colonel"** is a public domain honor, originating in **1775** and formally recognized by the United States Congress in **1936** as part of American cultural heritage.
    - **Exhibit Reference:** United States Congressional Record (1936), Appendix E.

- HOKC's false claims of exclusive rights directly contradict the public domain status of this title.

### 2. Allowing HOKC's False Claims to Stand Would Harm the Public

- HOKC's false claims distort American history and undermine the public's right to recognize and celebrate the true legacy of Kentucky Colonels.

- This Court must act to protect the public domain status of this title, preventing HOKC from monopolizing a public honor.

### 3. Judicial Integrity Requires Correction of the Record

- This Court has a duty to protect the integrity of the judicial process by ensuring that its records and rulings are based on verified facts, not fraudulent misrepresentations.

- Correcting the record and vacating the District Court's orders is essential to maintaining public confidence in the judiciary.

---

## V. RELIEF REQUESTED

Based on the overwhelming evidence of fraudulent misrepresentation by the Plaintiff, **The Honorable Order of Kentucky Colonels, Inc. (HOKC)**, and the verified historical facts establishing that the title **"Kentucky Colonel"** is a **public domain honor**, the Appellant, **Col. David J. Wright**, respectfully requests that this Honorable Court grant the following relief:

## 1. TAKE JUDICIAL NOTICE OF THE TRUE HISTORICAL FACTS

Appellant respectfully requests that this Court take **judicial notice** of the following verified, adjudicative facts pursuant to **Federal Rule of Evidence 201**:

- The title **"Kentucky Colonel"** is a **public domain civic honor**, originating at the **Transylvania Convention of 1775**, not in **1813**.

- ○ **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- The title has always been recognized as a public honor, not a proprietary trademark.

- The United States Congress formally recognized the title **"Kentucky Colonel"** as part of American cultural heritage in **1936**.

  - ○ **Exhibit Reference:** United States Congressional Record (1936), Appendix E.

## 2. CORRECT THE RECORD TO REFLECT THE TRUE STATUS OF HOKC'S TRADEMARKS

Appellant respectfully requests that this Court order the correction of the record, pursuant to **Federal Rule of Appellate Procedure 10(e)(2)(B)**, to accurately reflect the following facts:

- HOKC's trademarks for "Kentucky Colonels" are not "incontestable" but are merely **pending applications**, which do not confer exclusive rights.
  - ○ **Exhibit Reference:** HOKC Trademark Applications, Appendix E.
- HOKC does not possess exclusive rights to the title **"Kentucky Colonel,"** which is a **public domain honor**.
- Any references in the record suggesting that HOKC possesses "incontestable" or exclusive rights to the title must be struck.

## 3. VACATE THE TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION

Appellant respectfully requests that this Court vacate the **Temporary Restraining Order (TRO)** and **Preliminary Injunction** issued by the District Court because they were procured through fraudulent misrepresentation by HOKC:

- HOKC falsely claimed to possess "incontestable" and "famous" trademarks, misleading the Court.

- HOKC falsely asserted that the title **"Kentucky Colonel"** originated in **1813**, contradicting verified historical records.

- The Court's orders were based on these false representations, creating a fundamentally unjust outcome.

    - **Exhibit Reference:** TRO Order, 3:20-cv-132 Document 14.

    - **Exhibit Reference:** Preliminary Injunction Order, 3:20-cv-132 Document 58.

## 4. FORMALLY RECOGNIZE THE TITLE "KENTUCKY COLONEL" AS A PUBLIC DOMAIN HONOR

Appellant respectfully requests that this Court issue an order formally recognizing that:

- The title **"Kentucky Colonel"** is a **public domain civic honor**, originating in **1775**, and recognized by the United States Congress in **1936**.

    - **Exhibit Reference:** United States Congressional Record (1936), Appendix E.

- HOKC has no exclusive right to this title, and its false claims of inherent ownership are fraudulent, specious, and unlawful.

- The public has a right to use and celebrate the title **"Kentucky Colonel"** free from HOKC's false claims of exclusivity.

## 5. RECOGNIZE THAT HOKC'S FALSE CLAIMS CONSTITUTE FRAUD ON THE COURT

Appellant respectfully requests that this Court formally recognize that HOKC engaged in **fraud on the court** through the following actions:

- Falsely claiming "incontestable" and "famous" trademarks despite relying on **pending applications**.

    - **Exhibit Reference:** HOKC Trademark Applications, Appendix E.

- Falsely claiming an **"1813 origin date"** for the title **"Kentucky Colonel,"** contradicting verified historical evidence.

    - **Exhibit Reference:** Declaration of Historical Fact, Appendix E.

- Concealing the public domain status of the title **"Kentucky Colonel"**, misleading the Court into granting injunctive relief.

- Presenting multiple trademarks without disclosing that several were merely **pending applications**, while others were registered for totally unrelated goods never subject to litigation or the complaint.

## 6. GRANT APPELLANT LEAVE TO SEEK RESTITUTION AND DAMAGES

Appellant respectfully requests that this Court recognize that he may seek **restitution and damages** for the harm caused by HOKC's fraudulent misrepresentations before an impartial tribunal and venue en banc, including:

- Economic damages resulting from the wrongful TRO and Preliminary Injunction, which disrupted Appellant's business, reputation, and goodwill.

- Compensatory damages for the costs incurred in defending against HOKC's false claims, including legal fees, lost business opportunities, and reputational harm.

- Any other relief deemed just and proper to fully restore Appellant's rights and reputation.

## 7. GRANT ANY FURTHER RELIEF THAT THIS COURT DEEMS JUST AND PROPER

Appellant respectfully requests that this Court grant any additional relief that it deems just, remedial, and proper, including:

- Issuing a clear declaration that the Defendant has a right to use the title **"Kentucky Colonel"** in a public, non-commercial, educational, or cultural context (a part of the State's history)

without interference by HOKC, which is a private nonprofit entity that depends on colonels for donations and sales of merchandise.

- Preventing HOKC from continuing to assert false claims of exclusive rights to the title **"Kentucky Colonel" or the use of "Kentucky Colonels"** as part of a name suitable for addressing groups made up of the class of people for the type of colonel.

- Remanding this case to the District Court with instructions to correct the record and dismiss HOKC's claims with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this 27th day of May, 2025,

Puerto Carreño, Colombia.

**Col. David J. Wright**

Defendant-Appellant, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on **May 27, 2025**, I **submitted** the foregoing "Memorandum of Law in Support of Judicial Notice and Correction of the Record" for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: May 27, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |