UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL
INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE
FOUNDATION, INC.; UNKNOWN DEFENDANTS

Defendants

DAVID J. WRIGHT

Defendant-Appellant

**PLAINTIFF/APPELLEE'S MOTION FOR AN ORDER
REQUIRING PRE-APPROVAL OF FURTHER FILINGS
BY DEFENDANT/APPELLANT DAVID J. WRIGHT**

Exceeding the maximum page limitation by a whopping 250 pages,[1]

Defendant/Appellant David J. Wright ("Wright") has submitted his latest

---

[1] Rule 27(d)(2)(B) of the Federal Rules of Appellate Procedure provides "a … typewritten motion must not exceed twenty pages." Wright's filing also violates a litany of other rules including FRAP 27(a)(2)(B)(ii) ("An affidavit must contain only factual information, not legal argument.") and FRAP 27(a)(2)(C)(i) ("A separate brief supporting or responding to a motion must not be filed."). While it is reasonable to grant a certain amount of leeway to a *pro se* litigant, the rules should not be suspended in their entirety. Especially when, as here, the *pro se* litigant is seeking adjudication of matters unrelated to the appeal.

demand for "judicial notice" of irrelevant and extraneous matters that are utterly unrelated to the issues on appeal [*See* Appellant's Motion to Take Judicial Notice of Adjudicative Facts and Correct the Record Pursuant to FRE 201(d) and FRAP 10(e)(2)(B) (Doc. 44), and the accompanying nine (9) appendices and supporting Memorandum of Law (Docs. 43 through 52) (collectively the "Motion")].[2] On May 5, 2025, Wright requested leave to file this incomprehensible morass of rubbish [*See*, Appellant's Motion for Leave to Supplement Record (Doc. 37)]. Ultimately, however, he refused to wait for permission. Incredibly, the Motion threatens that Wright will file at least five (5) additional "Memoranda of Law" and twenty (20) additional "Stand alone exhibits" within seventy-two (72) hours "[u]nless otherwise directed by the Court." [Motion (Doc. 51), page 2]. That is precisely what this Court should do – ***direct Wright to immediately cease filing additional notices and motions without pre-approval from the Court***.

---

[2] Plaintiff/Appellee The Honorable Order of Kentucky Colonels ("HOKC") partially responded to Wright's Motion for Leave to Supplement Record (Doc. 40) and his Notice of Pro-Se Appellant's Position, Expertise, and Basis for Continuing Appeal (Doc. 43). Those responses are adopted and fully incorporated herein by reference. If the Court entertains any of Wright's post-brief motions, HOKC respectfully requests leave to file substantive responses to the matters under consideration.

This Court has consistently held that a party cannot "multipl[y] the proceedings in any case unreasonably and vexatiously." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (*per curium*) (quoting 28 U.S.C. §1927); *Kempter v. Michigan Bell Tel. Co.*, 534 F. App'x 487, 493 (6th Cir. 2013). Furthermore, the Court has imposed pre-filing requirements, including pre-approval, on individuals who abuse the legal process. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Finally, the Court has recognized that a document can be stricken when it "has no possible relation to the controversy." *United States v. Zayed*, 225 F.3d 660 at *2 (6th Cir. 2000).

Wright has already tendered more than a dozen filings in this appeal seeking extraordinary relief.[3] Now, he candidly acknowledges that he intends to use the Motion to support unlimited additional filings.[4] This vexatious behavior must stop. HOKC should not be required to address the unsupported opinions, erroneous legal analysis, and irrelevant factual assertions recited in Wright's spurious filings. The Motion has no relevance to the issues on appeal

---

[3] *See* Docs. 9, 11, 17, 21, 29, 36, 42 and 44-52.

[4] Ironically, Wright asks the Court to accept his version of "historical facts" as "incontestable" even though he has an established history of embellishment, including misrepresenting legal authority and offering case law citations that do not exist. [*See* Response to Defendant's Motion for Rule 11 Sanctions [DE 179], PageID #4617].

3

as none of the matters described therein relate to the District Court's contempt Order or the Order awarding HOKC attorneys' fees – the only two Orders which are the subject of this appeal. The Court must impose pre-filing restrictions on Wright pursuant to its inherent authority and the Federal Rules of Appellate Procedure.

## **CONCLUSION**

For the reasons set forth herein, the Motion, and all other post-brief filings by Wright, should be stricken from the Court's record and Wright should be directed to make no additional filings without first securing leave of Court.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## **CERTIFICATE OF SERVICE**

   This is to certify that a true and correct copy of the foregoing has been served upon the following, by electronic mail, on this the 29th day of May, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net


         */s/ Cornelius E. Coryell II*

         *Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

101971497.1