# IN THE UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

**Case Nos. 23-5795 & 23-6108**

**RECEIVED**
06/02/2025
KELLY L. STEPHENS, Clerk

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# MEMORANDUM OF LAW IDENTIFYING VOID ORDERS RESULTING FROM FRAUD ON THE COURT AND TRADEMARK FRAUD

---

**An Addendum Filed in Support of Appellant's Motion to Take Judicial Notice and Record Correction Under FRE 201 and FRAP 10(e)**

**Case Nos. 23-5795 & 23-6108 – U.S. Court of Appeals for the Sixth Circuit**

This **Addendum to Judicial Notice** is submitted by Appellant **Col. David J. Wright** in connection with previously filed **Motion to Take Judicial Notice** [Document 44], **Notice of Evidentiary Supplements** [Document 51], and **Motion Amendment and Response to Appellee's Attempt to Limit Filings** [Document 54].

This memorandum provides formal notice, pursuant to **Federal Rule of Evidence 201** and **Federal Rule of Appellate Procedure 10(e)**, of **adjudicative facts** relevant to the pending appeal. These facts demonstrate that several **District Court orders under review** were entered based on **material**

**misrepresentations**, **misuse of judicial process**, and **factual inaccuracies** affecting jurisdictional and constitutional thresholds. In the morning of June 02, 2025 Appellant filed a **Notice of Void Orders** [3:20-cv-132 DE-184] with the U.S. District Court pursuant to FRCP 9(b) and 60(b)(3). **See Exhibit attached "Notice of Void Orders"**.

This Judicial Notice Addendum:

- Identifies specific **orders** that are **void ab initio**;
- Cites factual errors and fraudulent representations forming their basis;
- Supports judicial notice of these matters as *indisputably established by the record*.

This is not a motion for relief but a documentary submission to aid judicial efficiency and support the factual correction and integrity of the appellate record.

---

# I: INTRODUCTION

This Memorandum of Law is submitted as an evidentiary and legal addendum in support of Appellant's previously filed **Motion to Take Judicial Notice** and related record correction filings under **Federal Rule of Evidence 201** and **Federal Rule of Appellate Procedure 10(e)**. The purpose of this submission is to provide the Court with a structured record of legal and factual deficiencies in the District Court's injunctive orders that are relevant to the issues on appeal.

This Addendum specifically identifies the legal basis and factual circumstances under which the following orders issued by the United States District Court for the Western District of Kentucky in Case 3:20-cv-132-RGJ are **void ab initio**:

- Temporary Restraining Order [DE-14]

- Preliminary Injunction Order [DE-58]

- Agreed Permanent Injunction [DE-93]

- Memorandum Opinion and Order (using mistaken Preliminary Injunction) [DE-129]

- Related orders issued during the post-judgment enforcement phase

These orders are alleged to have been entered:

1. In the absence of lawful jurisdiction under the Lanham Act;

2. Without application or recognition of statutory fair-use and constitutional protections;

3. Based on materially false representations of fact made by the Plaintiff-Appellee concerning its trademark claims, historical assertions, and evidentiary disclosures;

4. Without proper notice or adjudication of controlling legal doctrines required under the Lanham Act and the First Amendment.

The Addendum is offered not as argument, but as a factual and doctrinal supplement to assist the Court in reviewing the adjudicative record, correcting omissions, and evaluating whether foundational due process and jurisdictional prerequisites were satisfied in the proceedings below.

## II. LEGAL PRINCIPLES: A VOID ORDER IS A LEGAL NULLITY

A **void order** is a judicial order that is legally null from the moment it is issued. It is as though the order never existed because it was issued without lawful authority. Under federal law, an order is considered **void ab initio** (void from the beginning) if it is issued in violation of fundamental legal principles, including:

- **Lack of Jurisdiction:** An order is void if the court lacked **jurisdiction over the subject matter**, **jurisdiction over the parties**, or the **authority to issue the order.**

- **Violation of Due Process:** An order is void if it violates **constitutional due process**, such as being issued without proper notice, an opportunity to be heard, or a fair proceeding.

- **Exceeding Judicial Authority:** An order is void if the court exceeds its authority by attempting to grant rights it has no legal authority to confer.

- **Contravention of Federal Law:** An order is void if it directly violates the **U.S. Constitution**, federal statutes, or binding **Supreme Court precedent**.

## The District Court's Orders Are Void Because They Were Procured Through Fraud

### A. Fraud on the Court is a Direct Attack on Judicial Integrity

- **Fraud on the court** is a grave offense that directly undermines the integrity of the judicial process.

- Fraud on the court occurs when a party engages in conduct that "defiles the court itself," preventing the court from performing its judicial function impartially.

- **Hazel-Atlas, 322 U.S. at 245:** The Supreme Court held that courts must correct records tainted by fraud, even after final judgment.

### B. HOKC's Fraudulent Misrepresentations in This Case

HOKC secured the District Court's orders through deliberate and fraudulent misrepresentation by:

1. **Falsely Claiming "Incontestable" and "Famous" Trademarks:**

   - HOKC represented to the Court that it possessed "incontestable" and "famous" trademarks for the class of people called **"Kentucky Colonels."**

   - In reality, these trademarks were merely **pending applications**, not legally recognized, intent to use applications, not enforceable rights.

   - **Exhibit Reference:** HOKC Trademark Applications, [Document 50, Page 14-15: Appendix E Section V.(B) – 4.) 1981 Metry USPTO Application 73299122 and 5.) Applications 88800020, 88800035, and 88800038.]

2. **Falsely Claiming an "1813 Origin Date" for the Title "Kentucky Colonel":**

- ○ HOKC falsely asserted that the title **"Kentucky Colonel"** originated in **1813**, directly contradicting verified historical records showing that the title is a **public domain honor** originating in **1775**.

- ○ **Exhibit Reference:** [Document 45, Page 1; Declaration of Historical Fact]

3. **Concealing the Public Domain Status of the Title "Kentucky Colonel":**

- ○ HOKC misled the Court into believing it had proprietary rights over a **public domain honor**, despite the title being recognized as a **public domain honor** by the United States Congress in **1936**.

- ○ **Exhibit Reference:** [Document 67, Page 1; US Congress 1936 Recognition]

4. **Misrepresenting a List of Trademarks:**

- ○ HOKC presented a list of trademarks without disclosing that several were merely **pending applications**, while others were registered for unrelated goods.

- ○ This deception misled the Court into believing that HOKC possessed comprehensive, enforceable rights over the title **"Kentucky Colonel."**

- ○ **Exhibit Reference:** [Document 71, Page 1; Legal Analysis HOKC Trademarks].

---

## III: INJUNCTIVE ORDERS WERE ENTERED WITHOUT CONSIDERATION OF FAIR USE, BASED ON MATERIAL MISREPRESENTATIONS BY PLAINTIFF

The **Temporary Restraining Order [DE-14]**, **Preliminary Injunction [DE-58]**, and **Agreed Permanent Injunction [DE-93]** each imposed sweeping restrictions on Appellant's use of the phrase **"Kentucky Colonel"**, associated domain names, and expressive civic identifiers. These restrictions were issued **without any judicial finding or acknowledgment of statutory fair-use exceptions**,

expressive use protections, or the constitutional limits of trademark enforcement; therefore they do not withstand the Lanham Act or fully invoke its language.

This omission is traceable directly to the **Plaintiff's Verified Complaint [DE-1]** and its **Motion for Preliminary Injunction [DE-7]**, including associated declarations and supplements. Those filings **did not disclose material facts** that were necessary for the Court to assess the lawfulness of the injunctive relief sought. Specifically, Plaintiff failed to disclose:

- That Appellant had been a **contributing member and honoree** of Plaintiff's organization for more than **23 years**;

- That Appellant had previously operated an **active website(s) under "Kentucky Colonels" naming conventions** without legal objection since 1998;

- That the Plaintiff had **acquiesced to Appellant's activities and branding** for over a decade;

- That prior litigation and court findings in this District under **Building Champions, Inc. v. The Honorable Order of Kentucky Colonels**, 345 F. Supp. 2d 716 (W.D. Ky. 2004), had already limited the scope of Plaintiff's claims;

- That Plaintiff's asserted trademarks were merely **pending application claims and intent to use applications at the time** and not legally enforceable as "incontestable" or "famous."

These misrepresentations and omissions **deprived the Court of the opportunity to evaluate statutory fair use (15 U.S.C. §§ 1115(b)(4), 1125(c)(3))**, constitutional limits under the First Amendment, and equitable defenses such as laches, estoppel, and unclean hands. As a result, the Court's injunctive orders were **issued under false pretenses** and without application of controlling law or legal jurisdiction.

The Plaintiff's initial pleadings in 2020—specifically **DE-1** and **DE-7**—functionally framed the judicial process and induced the US District Court into issuing orders **beyond the scope of its statutory and constitutional authority**. Where such omissions affect jurisdictional determinations,

the resulting orders are **void ab initio** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) and *United Mine Workers v. United States*, 330 U.S. 258 (1947).

Federal courts may not lawfully issue trademark-based injunctions without first applying the statutory limits of 15 U.S.C. §§ 1115(b), 1125(c)(3) (fair use, nominative use, and non-commercial use protections). Trademark injunctions are usually very specific under the Lanham Act.

## A. Failure to Apply Fair Use Doctrine

The Lanham Act expressly limits trademark enforcement through built-in statutory protections:

- **15 U.S.C. § 1115(b)(4):** Classic fair use
- **15 U.S.C. § 1125(c)(3):** Exemptions for news, commentary, parody, and noncommercial uses

None of the District Court's injunctions mention, preclude, or apply these sections.

## B. Constitutional Restraints Ignored

Under First Amendment precedent (*Rogers v. Grimaldi*, *Mattel v. Walking Mountain*, *Matal v. Tam*), courts must avoid trademark rulings that result in:

- **Prior restraint on expressive content**
- **Suppression of nominative or descriptive uses**
- **Vague prohibitions chilling lawful speech**

None of the injunctions contain 'carve-outs' or limiting language to protect such uses.

## C. Legal Consequence: Injunctions are Void

Because the court **failed to consider or constrain the injunctive relief** based on fair-use limitations:

- The resulting orders **exceed the court's lawful authority** under the Lanham Act;

- They violate binding constitutional precedent;

- They are thus **void ab initio** and unenforceable as a matter of law.

**See:** *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004); *New Kids on the Block v. News America*, 971 F.2d 302 (9th Cir. 1992); *Matal v. Tam*, 582 U.S. 218 (2017); *United Mine Workers*, 330 U.S. at 294.

# IV: FRAUD ON THE COURT CONSTITUTES A STRUCTURAL DEFECT THAT VOIDS ORDERS AB INITIO

The record in this matter reflects a deliberate course of concealment, misrepresentation, and factual distortion by the Plaintiff beginning with its **Verified Complaint [DE-1]** and **Motion for Preliminary Injunction [DE-7]**, which has since infected every subsequent order issued by the District Court.

Such conduct qualifies as **fraud on the court**—a distinct legal concept that renders any resulting judgment or order **void**, not merely voidable. Unlike traditional fraud claims between parties, fraud on the court targets the **judicial machinery itself**, subverting the adversarial process and depriving the tribunal of the ability to impartially adjudicate the matter.

> **"Fraud upon the court is... a wrong against the institutions set up to protect and safeguard the public."**
> —*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)

## A. Definition and Scope of Fraud on the Court

According to the U.S. Supreme Court and Sixth Circuit precedent, **fraud on the court** includes:

- **Fabricated or knowingly false factual assertions in sworn pleadings**;

- **Omission of material facts required to inform judicial discretion**;

- **Intentional concealment of legal authority contrary to the moving party's position**;

- Any act that "**defiles the court's integrity and prevents normal functioning**."
  See: *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001); *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993).

In this matter, Plaintiff:

1. Presented **false claims of incontestable and famous trademarks** that were merely pending at the time of filing;

2. Concealed Defendant's **23-year membership history and prior communications** with Plaintiff;

3. Omitted the **Building Champions** decision—a controlling adverse precedent from the same District Court;

4. Withheld material trademark history and USPTO status inconsistencies;

5. Framed its claims to **manufacture urgency and irreparable harm**, thereby obtaining an ex parte TRO and PI under false pretenses.

Each of these elements—taken alone or together—constitutes **fraud on the court** under established federal precedent.


## B. Legal Consequence: Orders Are Void

When fraud on the court occurs, or an order is created based on a fraudulent trademark, the resulting orders are not merely erroneous—they are **void**. Courts possess **inherent authority** to vacate such orders at any time, and appellate courts may take **judicial notice** of record fraud that undermines jurisdiction or structural integrity. See: *Hazel-Atlas*, 322 U.S. at 245–46; *United States v. Throckmorton*, 98 U.S. 61 (1878); and *Demjanjuk*, 10 F.3d at 348

Because Plaintiff's misrepresentations corrupted the record and shaped the basis of judicial action, the injunctive orders in this case must be treated as **void ab initio**, lacking the legal foundation required for their issuance or enforcement.

## V: "Kentucky Colonel" Is a Public Domain Civic Honor Protected as Descriptive and Expressive Use; Plaintiff's Counsel Acted with Knowing Disregard of This Fact

The phrase **"Kentucky Colonel"** is a longstanding **public domain title and civic honor**, first recognized during the American Revolution and continuously used across government, nonprofit, social, and private ecosystems for over two centuries. It is neither originated nor exclusively controlled by the Plaintiff, and courts—including the **U.S. District Court for the Western District of Kentucky**—have **previously rejected similar attempts** by Plaintiff to monopolize this phrase as a commercial trademark.

## A. The Phrases "Kentucky Colonel" and "Kentucky Colonels" are Historical and Descriptive Term in the Public Domain since 1833

The Plaintiff's claim of exclusive trademark rights over the phrase "Kentucky Colonel" conflicts directly with historical record, Congressional recognition, and long-standing descriptive use by thousands of individuals and organizations. The idea, concept, and fame of "Kentucky Colonels" as a **class of people was internationally recognized by the 1830s** in Ireland and England. *See* **Appendix E** [Document 50, Page 16; Exhibit – Orange Society 1836 Article] and [Document 56, Page 1; Exhibit – Colonel Nimrod Wildfire 1833]

- The phrase "Kentucky Colonels" has been **used historically and honorifically by the Commonwealth of Kentucky since at least 1875**, with usage by historical societies dating back even earlier to **1775**, according to evidence cited in Appellant's prior filings.

- The **U.S. Congressional Record (1936)** recognized the Kentucky Colonel title as a civic distinction awarded by the Governor—not a proprietary brand.

- The Plaintiff is merely one of **many concurrent users** of the term, and has **never enjoyed exclusive commercial use** or broad federal protection over the title itself.

## B. Plaintiff's Counsel Knew These Facts and Failed in Their Duty of Candor

The undersigned respectfully asserts that **counsel for the Honorable Order of Kentucky Colonels (HOKC)** has knowingly failed to meet their **duty of candor to the tribunal** under **Rule 3.3 of the ABA Model Rules of Professional Conduct**, and has done so in a calculated manner designed to create the illusion of exclusivity. Specifically:

- Counsel **failed to disclose** the **existence of dozens of other active organizations, websites, and registered users** of the phrases "Kentucky Colonel" and "Kentucky Colonels" in the context of their business or organization names operating both within and outside the Commonwealth of Kentucky.

- Counsel **failed to acknowledge Appellant's continuous 23-year history of use and organizational participation**, despite having access to records proving the same.

- Counsel **omitted reference** to the **Building Champions precedent**, which came from the very same District Court and **directly refuted their claims** that the term "Kentucky Colonel" could function as a source-identifying trademark.

    "The phrase 'Kentucky Colonels' is primarily a designation of honorary title and not inherently distinctive. Without evidence of acquired distinctiveness, it is not protectable." — *Building Champions, Inc. v. Honorable Order of Ky. Colonels*, 345 F. Supp. 2d 716, 722 (W.D. Ky. 2004)

By **intentionally narrowing the narrative** and **ignoring the regional and historical ubiquity of the term**, Plaintiff's counsel **engineered a false appearance of exclusivity**, transforming a descriptive civic honor into a proprietary brand in the eyes of the Court. This maneuver allowed

Plaintiff to obtain injunctive relief against speech and conduct that should have been protected as **expressive, nominative, and descriptive use**.

## C. Legal Consequence: Orders Based on False Exclusivity Are Void

Because the underlying term is not subject to exclusive trademark control, and because the Plaintiff's asserted rights were based on known falsehoods and intentional omissions, the Court's jurisdiction under the **Lanham Act (15 U.S.C. § 1125(a))** was improperly invoked.

- The Court **lacked authority** to enjoin expressive or descriptive use of a **public honor**;

- The Plaintiff's **claimed rights exceed statutory boundaries** under the Lanham Act;

- The resulting orders are **void ab initio** for lack of subject matter jurisdiction and constitutional compliance.

## VI: Legal Status of the Challenged Orders – Void Ab Initio Under Federal Law

Based on the foregoing factual record and controlling law, the following orders issued by the United States District Court for the Western District of Kentucky are properly classified as **void ab initio**:

- Temporary Restraining Order [DE-14]

- Preliminary Injunction [DE-58]

- Agreed Permanent Injunction [DE-93]

- Memorandum Opinion and Order Enforcing Injunction [DE-129]

- All derivative and enforcement orders based thereon

These orders are void on the following legal grounds:

## A. Lack of Subject Matter Jurisdiction

The court lacked statutory authority to convert a **public domain honorific** into a proprietary commercial trademark, and lacked jurisdiction to enjoin **expressive descriptive use** of such terms under the **Lanham Act**, **First Amendment**, and **Building Champions** precedent.

## B. Violation of Constitutional Due Process

The orders were issued based on **material omissions**, without full and fair notice of controlling facts, and in the absence of proper application of required **fair-use** and **free expression** principles. The resulting process did not satisfy the constitutional requirements for lawful adjudication.

## C. Fraud on the Court

The record reflects a pattern of **intentional factual concealment and misrepresentation** by Plaintiff that impaired the impartial functioning of the judicial process and precluded fair decision-making. Under *Hazel-Atlas* and Sixth Circuit precedent, such fraud renders any resulting orders void as a matter of law.

## D. Failure to Apply Mandatory Legal Doctrines

The District Court issued injunctive relief without reference to mandatory statutory exceptions under 15 U.S.C. § 1115(b)(4) and § 1125(c)(3), and without applying required constitutional balancing tests under *Rogers v. Grimaldi* and *KP Permanent*. Injunctions issued without such analysis are ultra vires and unenforceable.

This Memorandum is submitted solely for the purpose of evidentiary clarification and judicial record correction under **FRE 201** and **FRAP 10(e)**, and no affirmative relief is requested beyond the Court's recognition of the void legal status of the identified orders.

Respectfully submitted this 2nd day of June, 2025,  Puerto Carreño, Colombia.


/s/**Col. David J. Wright**

Defendant-Appellant, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on **June 2, 2025**, I **submitted** the foregoing "Memorandum of Law" as a Judicial Notice Exhibit for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

Deborah S. Hunt, Clerk                                        /s/ Col. David J. Wright
Sixth Circuit Court of Appeals                         David J. Wright, Pro-se Appellant
501 Potter Stewart U.S. Courthouse                     DATED: June 2, 2025
100 East Fifth Street
Cincinnati, Ohio 45202-3988

**Exhibit**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **THE HONORABLE ORDER OF** | ) | **Civil Action No. 3:20-cv-00132-RGJ** |
| **KENTUCKY COLONELS, INC.** | ) | |
| **Plaintiff** | ) | |
| | ) | **NOTICE OF VOID ORDERS** |
| **vs.** | ) | |
| | ) | **Filed Pursuant to FRCP 9(b)** |
| | ) | **and FRCP 60(b)(3)** |
| **COL. DAVID J. WRIGHT** | ) | |
| **Defendant** | ) | |
| | ) | |

# NOTICE OF VOID ORDERS

**TO THE HONORABLE DISTRICT COURT:**

COMES NOW Defendant, Col. David J. Wright, a Kentucky Colonel, appearing *pro se* and in *forma pauperis*, and respectfully provides **formal notice** that the following orders and proceedings in this case are **void *ab initio* pursuant to Fed. R. Civ. P. 9(b) and 60(b)(3)**, having been entered without proper jurisdiction, based upon fraudulent trademarks, baseless retaliatory litigation, and included the fraudulent concealment of exculpatory facts in **Plaintiff's Verified Complaint [DE-1]** and **Motion for Preliminary Injunction [DE-7]** in violation of his constitutional protections:

- **Temporary Restraining Order [DE 12, 14] Judge David J. Hale**

- **Preliminary Injunction [DE 58] Judge Rebecca Grady Jennings**

- **Court Mediator's Proposal / Agreement – Magistrate Regina S. Edwards**

- **Agreed Permanent Injunction [DE 93] Judge Rebecca Grady Jennings**

- **Settlement Conference [DE 77 and related docket] Magistrate Regina S. Edwards**

- **Memorandum Opinion and Order [DE 129] Judge Rebecca Grady Jennings**

# I. Grounds for Declaring Orders Void Ab Initio

## 1. Fraud on the Court and Trademark Misrepresentation

The Plaintiff initiated this action on the basis of three trademark applications filed just three days earlier, but presented them in its Verified Complaint [DE-1] and Motion for Preliminary Injunction [DE-7] as if they were already registered, incontestable, and famous. These representations were materially false and made ambiguous before the court. With those trademarks, the Plaintiff manufactured the basis for the lawsuit. At the time of filing, the trademarks were neither registered nor enforceable under the Lanham Act, whereas other similar marks were for products. The Plaintiff further omitted key facts, including Defendant's 23-year history as a contributing member of the Plaintiff's organization, prior communications between the parties, and public use of the "Kentucky Colonel" identity for decades as the creator of the first "Kentucky Colonels" website in 1998.

These omissions and falsehoods constitute **fraud on the court**—a structural violation that taints the judicial process. Under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)** and **Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806 (1945)**, any order premised on material fraud is void and subject to vacatur at any stage of the proceedings.

### Summary of Fraud on the Court, Trademark Fraud, Misrepresentation

- Plaintiff filed this lawsuit three days after applying for three trademarks it falsely asserted as registered "incontestable and famous" in its Complaint and TRO/PI motions.

- These claims were **fraudulent and concealed material facts**, including prior contact, negotiations, trademark limitations, and the Defendant's membership in the Plaintiff organization. The trademark applications were fraudulent; the HOKC claim to a 1931 document as **[DE-1 Exhibit 1]** is fraudulent without legal succession.

- Such deceit constitutes **fraud on the court**, voiding any order premised on it. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806 (1945).

## 2. Unconstitutional Prior Restraint on Speech

The Temporary Restraining Order, Preliminary Injunction, and Agreed Permanent Injunction each imposed a prior restraint on the Defendant's ability to use the phrase "Kentucky Colonels" and related expressive identifiers. These orders prohibit non-commercial, civic, and historical references that fall well within the scope of constitutionally protected speech.

Such restraints are invalid under **Matal v. Tam, 582 U.S. 218 (2017)**, which held that trademarks may not be used to suppress expressive speech, and under **Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976)**, which forbids the use of court orders to impose prior restraints without strict constitutional scrutiny.

### Summary of Unconstitutional Prior Restraint on Civil Rights

- The **TRO**, **Preliminary Injunction**, and **Agreed Permanent Injunction** operate as unconstitutional **prior restraints** on protected speech.

- These restraints bar expressive use of "Kentucky Colonel" and even the unofficial unregulated TM symbol in non-commercial speech.

- *Matal v. Tam*, 582 U.S. 218 (2017); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976).

## 3. Lack of Subject Matter Jurisdiction

The Court lacked jurisdiction under the Lanham Act to issue injunctive relief over a public domain term. The Plaintiff's asserted trademark rights were not registered at the time of the TRO or Preliminary Injunction. The Defendant has not claimed or filed any trademarks and was engaged in civic or descriptive use. Courts may not expand the scope of statutory rights to confer exclusive ownership over a public title such as "Kentucky Colonel," which has historic roots recognized as early as 1775, acknowledged by the Commonwealth of Kentucky 1875, and Congress in 1936.

This District has already held in **Building Champions, Inc. v. The Honorable Order of Kentucky Colonels, 345 F. Supp. 2d 716 (W.D. Ky. 2004)** that the term "Kentucky Colonels" lacks secondary meaning sufficient for trademark enforcement and is widely used in a descriptive or honorary capacity.

**Summary on Lack of Subject Matter Jurisdiction, Not Yet a Trademark**

- The Court lacked **Lanham Act jurisdiction** because the Plaintiff's trademark rights were:

  - Not a registered trademark at the time of TRO/PI hearing,

  - Based on fraudulent applications,

  - Defendant made no trademark applications or claims,

  - Extended beyond what the law permits (e.g., claiming ownership dominance of an ideal based on a historical identity defined by the state).

- A federal court cannot expand statutory rights through equitable orders beyond its **subject-matter jurisdiction**, rendering such orders void. *United States v. Cotton*, 535 U.S. 625 (2002).

# 4. Structural Due Process and Judicial Impartiality Concerns

Key orders in this case were entered while motions for recusal alleging potential judicial bias were pending. In particular, the Court failed to rule on the recusal motion before issuing substantive rulings, including the Memorandum Opinion and Order [DE-129], which re-enforced the same unconstitutional restraints previously issued in the superseded Preliminary Injunction [DE-58].

This failure violates procedural due process and undermines the legitimacy of the orders issued. As held in **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** and **In re Murchison, 349 U.S. 133 (1955)**, the appearance or risk of judicial bias during critical phases of litigation is itself sufficient to invalidate proceedings under constitutional principles.

**Summary of Due Process Concerns**

- The Court repeatedly deferred to Plaintiff's requests, proposed orders, ignored dispositive motions, and failed to stay proceedings despite a pending recusal motion.

- Failure to rule on a recusal motion before issuing key orders is **per se reversible error** and strips the proceedings of due process. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *In re Murchison*, 349 U.S. 133 (1955).

## II. Specific Orders Declared Void

The following docket entries are identified as **void ab initio** based on the material misrepresentations, constitutional violations, and jurisdictional defects outlined above:

- **[DE 14] Temporary Restraining Order**
  Entered *ex-parte* on representations that Plaintiff owned "incontestable" and "famous" trademarks, when no registrations existed at the time. Issued without proper factual basis or analysis of fair use or expressive protections.

- **[DE 58] Preliminary Injunction**
  Relied on materially false premises from Plaintiff's motion and complaint. Imposed sweeping prohibitions on speech, domain names, and identity markers without analysis of statutory limitations under 15 U.S.C. §§ 1115(b)(4) or 1125(c)(3). The order exceeded Lanham Act authority and functioned as a prior restraint on protected speech.

- **[DE 77] Settlement Conference and Related Proceedings**
  Proceeded during an active premature case management and discovery, and under the false premise that Plaintiff's injunction posture was valid and binding. Plaintiff's mediated proposal and actions were not consistent with federal jurisdiction or due process principles.

- **[DE 93] Agreed Permanent Injunction**
  Incorporated language from the flawed Preliminary Injunction, lacked independent findings, and was premised on the same unconstitutional and jurisdictionally defective framework. Defendant's prior stipulations were withdrawn in later filings, and the agreement was later contested in new proceedings [DE-97, DE-99].

- **[DE 129] Memorandum Opinion and Order**

  Reasserted language from [DE 58], despite intervening notice of appeal and constitutional challenges. Reopened the case without addressing pending recusal and due process concerns. Relied on enforcement of an injunction that was void for lack of subject matter jurisdiction and constitutional authority. Mistook the Preliminary Injunction for the Agreed Permanent Injunction notwithstanding the Court Mediator's Agreement.

Each of these orders is inseparably linked to the original fraud on the court and unsupported trademark claims. Because the underlying foundation was defective from the outset, the resulting orders lack legal effect and must be recognized as void as a matter of law.

## III. Legal Position and Judicial Duty to Acknowledge Voidness

Federal courts possess **inherent authority** and a continuing obligation to recognize when an order is void ab initio. Under **Rule 60(b)(4)** of the Federal Rules of Civil Procedure, a judgment is void if the rendering court lacked subject matter jurisdiction, acted in a manner inconsistent with due process, or issued rulings based on fraud that undermined the integrity of the proceedings.

As the Supreme Court held in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)**: "Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public."

Likewise, a federal court may not exercise authority in excess of its statutory jurisdiction under the Lanham Act, nor may it issue injunctions that violate First Amendment principles. As reaffirmed in **United States v. Cotton, 535 U.S. 625, 630 (2002)**, "[s]ubject-matter jurisdiction can never be forfeited or waived," and when it is lacking, the court's orders are "**nullities**."

Defendant respectfully informs this Court that this matter is currently pending before the **United States Court of Appeals for the Sixth Circuit**, Case Nos. **23-5795** and **23-6108**, where the validity

of the underlying injunctions and related orders is under appellate review. No affirmative relief is sought through this filing. However, the legal status of the above-cited orders—as void ab initio—requires acknowledgment in the interest of constitutional compliance and judicial integrity.

## Reservation of Rights

Nothing in this Notice to the Court shall be construed as a waiver of any rights, defenses, objections, or remedies available to the Defendant at law or in equity. Defendant expressly reserves all rights before this Court and any reviewing court, including the right to seek further judicial relief or appellate review as appropriate.

## Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. § 1746, I, Col. David J. Wright, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, and that this Notice is submitted in good faith to advise the Court of adjudicative facts and legal status relevant to the integrity of the record and administration of justice.

Respectfully submitted,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net                    Dated: June 02, 2025
Tel: (859) 379-8277                          Puerto Carreño, Colombia