UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108


HONORABLE ORDER OF KENTUCKY COLONELS, INC.

Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL
INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE
FOUNDATION, INC.; UNKNOWN DEFENDANTS

Defendants

DAVID J. WRIGHT

Defendant-Appellant


### APPELLEE'S OMNIBUS MOTION TO STRIKE

Appellant/Defendant, David J. Wright ("Wright"), continues to tender unauthorized filings which are completely unrelated to the matters on appeal. Those filings are offered solely to harass, delay, and needlessly increase the cost of litigation for the Appellee, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"). Specifically, Wright has recently inundated the Court and HOKC with the following tidal wave of inappropriate filings, tendered after the matter was fully briefed:

Doc. 44   Appellant's Motion to Take Judicial Notice of Adjudicative Facts and Correct the Record Pursuant to FRE 201(d) and FRAP 10(e)(2)(B)

Doc. 45   Appellant's Declaration of Historical Fact

Doc. 46   Appendix A – Sources and Origins

Doc. 47   Appendix B – Descriptive Quotation and Passages

Doc. 48   Appendix C – Images of Kentucky Colonel

Doc. 49   Appendix D – Things Referred to as Kentucky Colonels

Doc. 50   Appendix E – Exhibits Exposition

Doc. 51   Appellant's Notice Regarding Primary and Supplemental Exhibit Filing and Evidentiary Materials for Judicial Notice

Doc. 52   Appellant's Memorandum of Law in Support of Appellant's Motion for Judicial Notice and Correction of the Record

Doc. 54   Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filings

Doc. 56   Appellant's Exhibit consisting of Colonel Nimrod Wildfire 1833

Doc. 57   Appellant's Exhibit consisting of Public Notice to Subject Members

Doc. 58   Appellant's Exhibit consisting of Fraudulent Succession of 1931 First Use

Doc. 59   Appellant's Exhibit consisting of Historical Markers at Boonesborough

Doc. 60   Appellant's Exhibit consisting of Honorable Order of the Blue Goose Photo

Doc. 61   Appellant's Exhibit consisting of Kentucky Colonel – New Vintage 1969

Doc. 62   Appellant's Exhibit consisting of Governor W. O. Bradley 1897 Photo

Doc. 63   Appellant's Exhibit consisting of Adlai E. Stevenson, Something of Men I Have Known

2

Doc. 64    Appellant's Exhibit consisting of Internet, Libraries, and Newspapers

Doc. 65    Appellant's Exhibit consisting of Ambiguous Influence of the Honorable Order of Kentucky Colonels

Doc. 66    Appellant's Exhibit consisting of Kentucky Colonels Handbook

Doc. 67    Appellant's Exhibit consisting of U.S. Congress 1936 Recognition

Doc. 68    Appellant's Exhibit consisting of Notable and Prominent Kentucky Colonels

Doc. 69    Appellant's Exhibit consisting of Kentucky Progress Commission

Doc. 70    Appellant's Exhibit consisting of HOKC Disambiguation

Doc. 71    Appellant's Exhibit consisting of Legal Analysis of HOKC Trademarks

Doc. 72    Appellant's Exhibit consisting of Kentucky Colonels Newspaper Clippings

Doc. 73    Appellant's Exhibit consisting of The Kentucky Colonel, A Study of Semantics

Doc. 74    Appellant's Exhibit consisting of Myth of the Kentucky Colonel 1813 Origin

Doc. 75    Appellant's Exhibit consisting of Kentucky Epitaphs, Landmarks, and Markers

Doc. 76    Appellant's Exhibit consisting of Supplemental Judicial Commentary, exhibit 1

Doc. 77    Appellant's Exhibit consisting of Supplemental Judicial Commentary, exhibit 2

Doc. 78    Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filing

Doc. 79    Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filing

Doc. 80          Appellant's Memorandum of Law Identifying Void Orders
                 Resulting from Fraud on the Court and Trademark Fraud

Doc. 81          Appellant's Memorandum of Law in Support of the Right
                 to Use "Kentucky Colonel(s)" as a Descriptive Trade Name
                 and/or Organizational Identity

Doc. 82          Appellant's Memorandum of Law Supporting Judicial
                 Notice of a Historical, Legal, Social, and Cultural Class
                 Recognition of Persons Known as "Kentucky Colonels"

By his own admission, Wright seeks to relitigate the underlying action

which was resolved by entry of an Agreed Permanent Injunction which *he*

negotiated more than four (4) years ago [DE 93]. No appeal was taken from

the entry of that order or the underlying litigation. The *only* issues on appeal

are whether the District Court erred when it found Wright in contempt of that

order and whether it was proper for the District Court to sanction Wright for

his contempt. Wright's attempt to re-argue the merits of HOKC's underlying

infringement claim, filing thousands of pages of documents with the appellate

court must be rejected.

The materials described above (hereinafter "the Unauthorized Filings")

were filed outside of the briefing schedule entered by the Court and in

violation of multiple provisions of the Federal Rules of Appellate Procedure,

including FRAP 27(a)(1) ("An application for … relief is made by

motion…"); FRAP 27(a)(2)(C)(i) ("[a] separate brief supporting … a motion

must not be filed"); and FRAP 27(d)(2)(B) ("a … typewritten motion or

4

response must not exceed 20 pages."). Moreover, the Unauthorized Filings have no relevance to the issues on appeal as none of the matters described therein relate to the District Court's contempt order or the order awarding HOKC attorneys' fees. Under such circumstances, a document can, and should, be stricken by an appellate court. *United States v. Zayed*, 225 F.3d 660 at *2 (6th Cir. 2000); *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). Striking a filing is particularly appropriate where the filing contains "numerous immaterial, impertinent, or scandalous statements designed to improperly illicit sympathy, to curry favor, or to cast aspersions on [another litigant]." *Evarage v. Ford Motor Co.*, No. Civ. 04-549-KKC, 2005 WL 1176095, at *3 (E.D. Ky. May 12, 2005), *report and recommendation adopted*, No. Civ. A. 04-CV-549 KKC, 2005 WL 2365267 (E.D. Ky. Sept. 14, 2005). The Unauthorized Filings have no purpose other than to cast aspersions on HOKC, HOKC's counsel, and the District Court. Consequently, they should be stricken from this Court's record.

## CONCLUSION

For the reasons set forth herein, the Unauthorized Filings should be stricken from the record.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and/or electronic mail, on this the 19th day of June, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

102004590.1

6