IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

RECEIVED
07/14/2025
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 & 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.,

Plaintiff-Appellee,

v.

COL. DAVID J. WRIGHT,

Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# MEMORANDUM AND DECLARATION ON KENTUCKY COLONEL RIGHTS

---

ESTABLISHING LAWFUL INTENT, HISTORICAL CONTINUITY, AND ASSERTION OF UNWAIVED CONSTITUTIONAL RIGHTS IN CONNECTION WITH "KENTUCKY COLONELS INTERNATIONAL" AND RELATED CULTURAL, CIVIC, CUSTOMARY, EX OFFICIO EXPRESSIONS NOTWITHSTANDING THE HONORABLE ORDER OF 1813

---

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1746, Appellant respectfully submits this sworn declaration and memorandum for the purpose of affirming, on the record, his continuous and lawful intent to resume and expand public-facing activities under the historical identity and trade name **"Kentucky Colonels International,"** originally launched in 1998 as **"Kentucky Colonels"** and so named in 2009 to distinctly disambiguate the noble historical endeavor apart from the **"Honorable Order of Kentucky Colonels,"** which has been proven to use a mythical narrative of 1813 deviant to state history.

These lawful activities include, but are not limited to, publication of nonfiction historical literature, development of documentary works, web hosting of Kentucky colonels, archival republication of public domain materials, email and educational services, cultural advocacy, and digital restoration of the original **Kentucky Colonels Registry**, first proposed in 1930 by Col. Oliver Vickery of the **Kentucky Colonels Association** with the *Kentucky Colonels Handbook* [**Document 66**] and reintroduced in 1998–2001 by the Appellant with the *1st Kentucky Colonels website* for the Kentucky Colonel class [**Document 57**].

This declaration further establishes that no court or administrative body has issued any lawful order enjoining Appellant from engaging in these constitutionally protected endeavors that were not void *ab initio* due to fraud, lack of jurisdiction, or judicial overreach inconsistent with prevailing law. See **Memorandum of Law Identifying Void Orders Resulting from Fraud on the Court and Trademark Fraud [Document 80]**.

Appellee's past cease-and-desist communications—preliminary and agreed injunctions—though chilling in effect—did not and do not operate as lawful bars to Appellant's rights to speech, publication, association, or commerce as protected under the First Amendment and the common law rights to create a cooperative organization based on individuals and peers of the Kentucky Colonel class.

*See* [**Memorandum of Law In Support of The Right to Use "Kentucky Colonel(s)" As a Descriptive Trade Name and/or Organizational Identity**, Document 81]; [**Memorandum of Law Supporting Judicial Notice of a Historical, Legal, Social, and Cultural Class Recognition of Persons Known as "Kentucky Colonels"**, Document 82]; and [**Memorandum of Law on the Generic & Descriptive Nature of "Kentucky Colonel" and "Kentucky Colonels"**, Document 85].

Furthermore, Appellant affirms that no Kentucky Colonel—regardless of the date or origin of their commission—is legally bound to the Honorable Order of Kentucky Colonels, Inc., or any affiliated

entity. The title of Kentucky Colonel is conferred by the Governor of the Commonwealth as a symbolic civic distinction and carries with it no exclusive contractual or fiduciary obligation to any private organization. No statute, regulation, or executive order designates the HOKC as the legal representative, registry, or administrator of the Kentucky Colonel title, and thus all Kentucky Colonels retain full freedom of association, speech, and initiative in forming independent groups, registries, or expressions of civic honor.

## II. ASSERTED AND LAWFUL INTENT TO RESUME AND EXPAND SERVICES

Appellant created and launched the public platform (website) known as "Kentucky Colonels" under the domain **www.colonel.org**[1] in 1998, utilizing encoded metadata containing the following keyword descriptors and disclaimers:

- **Keywords (terms):** <meta name="keywords" content="kentucky colonels, kentucky colonel, ky, kentucky, colonels, colonel, col., united we stand divided we fall, southern gentleman, commissioned, title, honorable, honor, good samaritan, commonwealth of kentucky, services, eleemosynary, information, governor, curriculum vitae, resumes, research, educational, commission, history, historical">

- **Copyright:** <meta name="copyright" content="Registry of **Kentucky Colonels**">

- **Description:** <meta name="description" content="Public Registry and Home Page of **Kentucky Colonels**. This is Voluntary Registry and a who is who of the **Kentucky Colonels**. Historical, Educational and Research Information.">

- **Disclaimer Statement:** This website is not affiliated, associated or supported, directly or indirectly, in any way with or by the "Honorable Order of Kentucky Colonels" a registered federal trademark of The Honorable Order of Kentucky Colonels Incorporated, a private non-profit corporation and eleemosynary services organization. This website is not part of the 'Kentucky Colonels,' athletic teams of Eastern Kentucky University or the 'Kentucky Kernel,'

---

[1] COLONEL.ORG — FILE ARCHIVED Mar 31, 2001 – web.archive.org/web/20010331195318/http://www.colonel.org

a newspaper published by the University of Kentucky. The web site is not part of the band called "The Kentucky Colonels."

From 1998 through 2001, Appellant operated a live website that:

- Offered paid memberships and published a civic registry for Kentucky Colonels;
- Provided secure web hosting and free custom email addresses (e.g., @colonel.org);
- Accepted electronic credit card payments;
- Disseminated historical and cultural information on the Kentucky Colonel title;
- Promoted civic engagement and public service ideals associated with the title.

Appellant hereby affirms his uninterrupted, continuous intent to lawfully resume and expand these services, including:

- Republishing colonel.org as an archival and forward-facing historical resource via subdomain (e.g., kycolonelcy.us) hosted under colonels.net;
- Enhancing the digital archive using authenticated materials presented to the Court;
- Offering membership-based communications and heritage registry services;
- Providing secure email and hosting services as originally offered;
- Publishing a nonfiction historical monograph on the origins, civic function, and cultural misuse of the Kentucky Colonel designation;
- Producing documentary content grounded in Kentucky's legal and civic history;
- Releasing a scholarly second and third edition of the 1930 *Kentucky Colonels Handbook* upon its public domain entry on January 1, 2026;
- Supporting the formation of independent chapters and cultural organizations aligned with the civic legacy of Kentucky Colonels since 1775;
- Promoting indigenous and civic intellectual sovereignty in cultural diplomacy.

These intended activities are lawful and fully protected by the United States Constitution, including under the First Amendment, the Copyright Act (17 U.S.C. §§ 101 et seq.), fair use and nominative use doctrines under the Lanham Act (15 U.S.C. § 1051 et seq.), and the public domain principles recognized by courts interpreting expressive content and civic identity.

## III. NO WAIVER OR FORFEITURE OF RIGHTS

Appellant's temporary suspension of services in 2001 was coerced under conditions of economic duress following a cease-and-desist letter issued by counsel for the Appellee, the Honorable Order of Kentucky Colonels, Inc. That cessation was not voluntary, and it did not constitute legal abandonment of any trademark, trade name, or expressive rights associated with "Kentucky Colonels International."

Appellant never intended to waive or forfeit any intellectual, civic, or expressive rights relating to the Kentucky Colonels Registry, the Kentucky Colonels Handbook, or the descriptive use of the term "Kentucky Colonels" as applied to members of the gubernatorially appointed class. Appellant formally revived the initiative in 2007 and has taken consistent steps since then to reassert these rights through protected speech, public records filings, historical publication, and legal process.

Under 15 U.S.C. § 1127 and binding case law, mere nonuse under duress does not constitute abandonment where there is a continuing intent to resume use. See *Emergency Care Research Institute v. Guidant Corp.*, 2006 WL 618309, at *5 (E.D. Pa. Mar. 9, 2006) ("Involuntary cessation due to threats or legal risk does not constitute abandonment."); *McCarthy on Trademarks and Unfair Competition* § 17:11 (5th ed.) (abandonment requires both nonuse and intent not to resume use).

Further, Appellant's continued effort to seek judicial notice, file objections, and document cultural and civic origins of the Kentucky Colonel designation—through formal filings in 2020, 2023, and 2025—demonstrates continuous interest and preservation of legal standing.

Appellant affirms that the original district court case, *HOKC v. Kentucky Colonels International*, Case No. 3:20-cv-00132 (W.D. Ky.), did not reach a final adjudication on the factual accuracy of any of the claims made by the Plaintiff-Appellee in its initial Complaint [DE 1] or Motion for Preliminary Injunction [DE 7]. No trial occurred. No findings of fact were made as to the alleged infringement, nor was any judgment issued that lawfully extinguished Appellant's constitutional or statutory rights to operate. The case was dismissed with prejudice and settled with a Confidential Settlement Agreement (Mediator's Proposal) and an Agreed Injunction between the parties. It became appealable when the abuses of the Appellee became manifest in a contempt proceeding that erroneously concluded that infringement did occur.

Accordingly, Appellant's resumption of operations is not barred by res judicata, collateral estoppel, estoppel by judgment, concession, or any waiver-based defense, and is fully consistent with constitutional principles protecting speech, press, association, and civic enterprise.

# IV. REQUEST FOR JUDICIAL NOTICE AND CONSTITUTIONAL RECOGNITION

Appellant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of the archived historical website located at:

https://web.archive.org/web/20010331195318/http://www.colonel.org

Said archive evidences active public-facing use of the name "Kentucky Colonels" by the Appellant as early as 1998, including commercial, educational, and cultural services—predating all relevant federal trademark applications asserted by the Appellee. This material supports Appellant's seniority of use and is relevant to factual disputes over genericness, descriptiveness, public domain status, and fair use rights. See *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (permitting judicial notice of archived internet content).

Appellant further requests that this Court take notice of the distinct historical corpus, evidentiary exhibits, and legal declarations submitted by Appellant, which demonstrate a historically grounded narrative materially different from the fictitious "1813 origin" asserted by the Appellee. These differences are verifiable, fact-based, and legally significant under the doctrine of reverse confusion, whereby a dominant junior user overwhelms and appropriates the goodwill and historical identity of a senior or concurrent user. See *Ameritech, Inc. v. American Information Technologies Corp.*, 811 F.2d 960, 964 (6th Cir. 1987); *McCarthy on Trademarks* § 23:10 (explaining reverse confusion).

Appellant specifically requests recognition that no provision of the Lanham Act, state law, or common law bars Appellant—or any similarly titled individuals—from engaging in the following activities:

- Publishing nonfiction educational or historical literature relating to Kentucky Colonels;
- Hosting civic-oriented or commercial websites truthfully referring to Kentucky Colonels;
- Producing historically accurate documentaries about the Kentucky Colonel title;
- Offering email, web hosting, or member registry services rooted in public honorific identity;
- Republishing materials that are demonstrably in the public domain;
- Organizing unincorporated associations or civic chapters based on the Kentucky Colonel commission;
- Engaging in protected public discourse about the title's historical evolution, misuse, or rightful significance.

These activities are constitutionally protected under the First Amendment and are further insulated by statutory doctrines of fair use, nominative use, and public domain republication rights. See *Matal v. Tam*, 582 U.S. 218 (2017); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004); *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

Accordingly, Appellant asks this Court to affirmatively safeguard the lawful resumption of such activities by him and other affected members of the public class, and to reject any contrary assertion of trademark exclusivity advanced by Appellee which contravenes established constitutional and statutory boundaries.

## V. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that the United States Court of Appeals for the Sixth Circuit:

1. **Affirm Appellant's right** to resume, expand, and publicly engage in all civic, educational, expressive, and descriptive activities under the name *Kentucky Colonels International*, including but not limited to digital registry, cultural publication, and historical restoration work;

2. **Recognize the Appellant's senior use** of the phrase "Kentucky Colonels" in a descriptive and non-source-identifying context dating back to 1998, long before Appellee's recent trademark applications and enforcement actions;

3. **Hold that the phrase "Kentucky Colonels" is generic or descriptive** when used in reference to the gubernatorial title and class of honorees recognized by the Commonwealth of Kentucky;

4. **Reject the Appellee's claim to exclusivity** over the name "Kentucky Colonels" insofar as it conflicts with nominative fair use, historical expression, and civic identity protected by the First Amendment and federal trademark law;

5. **Declare void and unenforceable** any trademark rights acquired or asserted by the Appellee through fraudulent misrepresentation, reverse confusion, or suppression of historical and concurrent use;

6. **Enjoin Appellee from asserting exclusive trademark rights** over the term "Kentucky Colonels" against Appellant and other members of the public class, in a manner inconsistent with statutory limits and constitutional protections;

7. **Issue a judicial clarification** recognizing the functional and legal distinction between Appellant's civic and educational platform and Appellee's philanthropic brand identity;

8. **Remand for appropriate proceedings** to vacate any void district court orders that failed to apply required legal doctrines, omitted material facts, or arose from demonstrable fraud upon the court.

As this Court has recognized in *Blinded Veterans Ass'n v. Blinded Am. Veterans Found.*, 872 F.2d 1035, 1038–40 (D.C. Cir. 1989), "[t]he mere fact that a name or mark is descriptive of the users does not deprive it of the protection of the Lanham Act," but in cases involving terms that describe a class of persons or services—as here—no party may falsely assert exclusivity or create public confusion where the descriptive phrase reflects a broader community or honorific identity. The Court in *Blinded Veterans* affirmed the right of nonprofit civic organizations to use truthful, descriptive terminology where there is no likelihood of confusion and where the terms themselves describe a shared status or characteristic.

Appellant further requests such additional relief as this Court deems just, proper, and necessary to restore his constitutional rights, vindicate the public interest, and correct the institutional harm caused by the misappropriation of historical civic traditions.

Respectfully submitted under penalty of perjury pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net                    Dated: July 14, 2025
Tel: +1 (859) 379-8277                       Puerto Carreño, Colombia

## CERTIFICATE OF SERVICE

I hereby certify that on **July 14, 2025**, I **submitted** the foregoing **"Memorandum on Kentucky Colonel Rights"** for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: July 14, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |