# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

RECEIVED
07/18/2025
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 & 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# MEMORANDUM AND LEGAL DECLARATION OF COL. DAVID J. WRIGHT IN SUPPORT OF JUDICIAL NOTICE AND RESTORATIVE RELIEF

---

**PRESENTED IN SUPPORT OF JUDICIAL NOTICE AND PURSUANT TO:**

- [Document 44](#) "Motion To Take Judicial Notice Under FRE 201(b)";

- [Document 78](#) "Motion Amendment of Exhibits Expanding Judicial Notice"; and

- **Motion for Court Mediated Settlement Under FRAP 33** (filed concurrently)

I, **Col. David J. Wright, Appellant** in the above-captioned matter, appearing *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. § 1746, do hereby declare, certify, and state as follows under penalty of perjury, and in lieu of a sworn affidavit, that the statements set forth below are true and correct to the best of my knowledge, information, and belief:

# I. PURPOSE AND CONTEXT

This Memorandum and Declaration is submitted to provide the Court, Appellee, and any future mediator with an inventory of my intellectual property, digital assets, professional rights, and reputational interests subject to suppression, restriction, and loss as a result of the District Court's orders **([DE 14], [DE 58], [DE 93], [DE 129])** and the subsequent actions of the **Honorable Order of Kentucky Colonels, Inc. ("HOKC") in W.D Ky Case 3:20-cv-132 and 3:23-cv-43**

These facts are submitted in support of judicial notice under Fed. R. Evid. 201 and for the record on appeal, and shall serve as a basis for restorative relief, reparation, and/or civil damages through mediation with consent or upon remand, reversal, vacatur, or exoneration.

---

# II. ASSETS AND RIGHTS IMPACTED

## A. Digital Assets and Online Properties

1. **Primary Website:**

    - **kycolonelcy.us** and *colonels.net* (operated for over 4 years; together receives ~4,500 unique monthly visitors while under suppression of Court Order [DE 129], traffic was previously 60% higher)

        i. [kycolonelcy.us](kycolonelcy.us) was created post settlement to replace *kycolonels.international* which was taken offline as a result of the TRO and Preliminary Injunction

        ii. Other websites were used when ***colonel.org*** went offline from 2001–2020

    - **blog.kycolonelcy.us** and *blog.colonels.net* (news and commentary sub-domain blog) serves as a conversion point for ~1,000 monthly visitors

    - Contains original research, historic registry, educational resources, and over 1,000 digital archives of historical data

2. **Secondary Website(s):**

    - [colonelcy.org](colonelcy.org) and [blog.colonelcy.org](blog.colonelcy.org) are developed for our members as co-owners of the pages, which provide historical, biographical, and authoritative data (this project was started and then used as a mirror following the 2023 complaint)

3. **Social Media Properties:**

    - Three (3) Facebook Groups and five (5) Pages, each previously with ~700–3,000+ members or followers  (with unique and overlapping audiences)

    - Previous suspended Facebook Pages that were taken down due to false offensive content and infringement complaints

    - Personal and administrative Facebook account (all content lost or suppressed following Plaintiff's takedown requests)

    - Additional social platforms between 2009-2023: Twitter/X, Instagram, LinkedIn, YouTube, Google+ (archived)

    - Additional social media tools, usernames, and accounts that work together with social media accounts and websites

4. **Digital Membership and Registry Databases:**

    - Comprehensive registry of Kentucky Colonels, historic alumni, and membership data

    - Loaded GPT AI application based on fact and folklore using public domain resources

    - Cloud-based digital infrastructure that is secure for 9,000 users

## B. Intellectual Property and Publications

1. **Research Archives:**

    - Original digital and print research on the history, membership, and traditions of the Kentucky Colonelcy (spanning over 25 years)

    - Collections of government documents, genealogical records, and public domain materials

2. **Publications:**

    - **Kentucky Colonels: Forefathers, Founders and Model Figures** .. Kentucky Culture, Customs, Folklore, History, Music, Society, Traditions, and Values © 2020

    - **Kentucky Colonels Handbook** © 1930 © 2026 (original work and republication rights in public domain, both published and unpublished)

    - Rights to produce, publish, and sell additional digital and print works relating to Kentucky Colonels, Kentucky colonelcy, and related civic heritage topics

## C. Professional, Commercial, and Civic Rights

1. **Operation of Civic and Membership Organizations:**

    - Right to operate, organize, and promote registries and heritage associations under the "Kentucky Colonels" descriptive name and theme referring to the class of individuals

2. **Monetization and Fundraising Rights:**

    - Receipt of donations, membership fees, and revenues from web, print, and event activities (suppressed due to Plaintiff's legal actions)

3. **Rights to Host Events, Programs, and Educational Campaigns**

    - Including public lectures, online forums, reunions, and book signings

## D. Constitutional and Statutory Rights

1. **First Amendment Rights:**

    - To research, publish, critique, and associate as "Kentucky Colonel(s)"

    - To maintain and use digital and print platforms for expressive activity

    - To form or organize cooperative endeavors with others of the Kentucky Colonel class

2. **Fair Use and Descriptive Use Rights:**

- Non-infringing, nominative use of the Kentucky Colonel title for historical, civic, and personal purposes

### E. Reputational and Relational Interests

1. **Standing and Recognition as a Kentucky Colonel:**

    - 23-year membership and donor status in HOKC (concealed by Plaintiff)

2. **Restoration of Public and Professional Reputation:**

    - Harm resulting from three disparaging letters sent by HOKC to its membership and partners

---

# III. RESTORATIVE RELIEF SOUGHT

Upon vacatur or exoneration, I respectfully seek the following restorative relief:

1. **Immediate Reinstatement of All Suppressed Digital and Social Media Assets:**

    - Restoration of the *kycolonelcy.us* website to full, unimpeded operation

    - Restoration of all Facebook Groups, Pages, and personal accounts removed or suppressed through HOKC's use of the court's orders

    - Affirmative notice to Facebook, Google, and other platforms that prior enforcement orders were vacated, and that all takedowns should be reversed

2. **Return and Protection of Intellectual Property:**

    - Return of any digital files, research, and archives obtained by HOKC or its agents through litigation or takedown requests

    - Cessation of any infringement, misuse, or interference with my published and unpublished works

3. **Public and Member Communication (Corrective Letter):**

HOKC shall be ordered to draft and mail (using U.S. Postal Service, not just email) a corrective letter to all current active and inactive members, and all third parties including the media who received prior disparaging communications, stating:

- That the Defendant has been exonerated and restored to full rights and standing since they originally alleged trademark infringement in 2020 and 2023,

- That any prior statements disparaging the Defendant's character, legitimacy, or rights were in error and should be disregarded,

- That HOKC recognizes the historical and civic legitimacy of independent Kentucky Colonel organizations and research efforts,

- And that HOKC will not interfere with the Defendant's legitimate civic, educational, and heritage activities in the future.

4. **Public Acknowledgment:**

- HOKC shall post a public statement on its website and social media channels acknowledging the vacatur and correcting prior claims

5. **Removal of "Bad Actor" Flags and Infringement Notices:**

- All negative communications to platforms, partners, and affiliates to be formally retracted

6. **Reimbursement of All Out-of-Pocket Losses:**

- Including legal fees, web hosting, PACER fees, lost income, and related financial harm (to be documented and submitted)

7. **Order of Mutual Non-Interference:**

- Both parties shall be enjoined from disparagement, improper takedown actions, or interference with each other's lawful, non-infringing activities going forward

# IV. DECLARATION REGARDING HISTORICAL RESEARCH AND ORIGINALITY OF SUBMISSIONS

I further declare and notify the Court, as follows:

1. **Distinctiveness and Originality of Submitted Historical Research:**
   The historical records, research memoranda, exhibits, and supporting materials I have filed in this case constitute a comprehensive, original, and thoroughly sourced investigation into the origins, development, cultural meaning, and legal context of the title "Kentucky Colonel," its related civic activities, and the organizations claiming that legacy.

2. **Contrast With Plaintiff's Narrative:**
   My research and documentation **substantially differ** from the account promoted by the Honorable Order of Kentucky Colonels (HOKC), which was formed in 1933. HOKC's historical narrative is limited to its organizational interests, the date 1813, and omits significant historical evidence, cultural documentation, and alternative perspectives that predate and once ran parallel to HOKC's founding. My work draws from public records, archival sources, government documents, literature, and original artifacts—many never before compiled or interpreted in this manner for judicial review.

3. **Purpose, Use, and Copyright Notice:**
   The documents and research I have submitted to the Court are part of my personal intellectual property and historical research efforts as an author, both as evidence in this litigation and as foundational material for a forthcoming book and related scholarly work. While much of the information is drawn from the public domain, the selection, arrangement, original commentary, and synthesis reflect my unique perspective, experience, and scholarship. I reserve all copyright and authorial rights to my own filings, narratives, and compilations.

4. **Judicial Notice and Suppression:**
   These submissions have been provided for the purpose of judicial notice, correction of the historical record, and the prevention of further misrepresentation or suppression of facts. The suppression or exclusion of this historical information from judicial consideration has contributed to the adverse actions, losses, and harm detailed elsewhere in this declaration.

5. **List of Documents and Exhibits Submitted:**

   The following filings—consisting of motions, briefs, notifications, appendices, exhibits, memoranda, and legal analysis—represent the core of my historical research, my story of the Kentucky Colonel, and the factual basis for my claims and defenses in this case:

   a. Motion to Take Judicial Notice and Supplement Certified Record, Document 44

   b. Declaration of Historical Fact, Document 45

   c. Appendix A: Sources and Origins, Document 46

   d. Appendix B: Descriptive Quotation Passages, Document 47

   e. Appendix C: Images of the Kentucky Colonel, Document 48

   f. Appendix D: Things Referred to as Kentucky Colonel(s), Document 49

   g. Appendix E: Exhibits Exposition, Document 50 (Source Matter)

   h. Exhibit – Colonel Nimrod Wildfire 1833, Document 56

   i. Exhibit – Public Notice to subject Members (2001) Document 57

   j. Exhibit– Fraudulent Succession of 1931 First Use, Document 58

   k. Exhibit – Historical Markers at Boonesborough Document 59

   l. Exhibit – Honorable Order of the Blue Goose Photo, Document 60

   m. Exhibit – Kentucky Colonel - New Vintage 1969, Document 61

   n. Exhibit – Governor W. O. Bradley 1897 Photo, Document 62

   o. Exhibit – Adlai E. Stevenson, Something of Men I Have Known, Document 63

   p. Exhibit – Internet, Libraries, and Newspapers, Document 64

   q. Exhibit – Ambiguous Influence of the HOKC, Document 65

   r. Exhibit – Kentucky Colonels Handbook, Document 66

   s. Exhibit – US Congress 1936 Recognition, Document 67

    t.    Exhibit – Notable and Prominent Kentucky Colonels, [Document 68](#)

    u.    Exhibit – Kentucky Progress Commission. [Document 69](#)

    v.    Exhibit –  HOKC Disambiguation, [Document 70](#)

    w.    Exhibit – Legal Analysis of HOKC Trademarks. [Document 71](#)

    x.    Exhibit – Kentucky Colonels Newspaper Clippings, [Document 72](#)

    y.    Exhibit – The Kentucky Colonel, A Study of Semantics, [Document 73](#)

    z.    Exhibit – Myth of the Kentucky Colonel 1813 Origin, [Document 74](#)

---

## V. REQUEST FOR JUDICIAL NOTICE

I respectfully request the Court to take judicial notice of the above facts and claims, as these are derived from court filings, public records, historical evidence, digital analytics, and uncontested documentation. Judicial notice is necessary to protect the integrity of the proceedings, prevent further prejudice, and lay the groundwork for any restorative relief or future proceedings.

Nothing in this Memorandum and Declaration shall be construed as an admission, waiver, or relinquishment of any substantive or procedural right, claim, or defense available to me, including but not limited to the right to seek civil damages, assert additional or future claims, or to petition for the cancellation, amendment, or restriction of any trademark registration under 15 U.S.C. § 1119 or any other applicable law. I expressly reserve all rights to pursue any and all remedies at law or in equity arising from the conduct, actions, or omissions of the Plaintiff-Appellee or any related parties, whether or not such claims are addressed herein. This submission is made solely for purposes of supporting judicial notice and does not limit or modify my rights in this or any related proceedings.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: +1 (859) 379-8277

Dated: July 18, 2025
Puerto Carreño, Colombia

## CERTIFICATE OF SERVICE

I hereby certify that on **July 18, 2025**, I **submitted** the foregoing **"Memorandum and Declaration"** for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: July 18, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |