UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

        Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

        Defendants

DAVID J. WRIGHT

        Defendant-Appellant

### RESPONSE AND OBJECTION TO APPELLANT'S MOTION FOR COURT-FACILITATED MEDIATION AND SETTLEMENT CONFERENCE UNDER FRAP 33 [DOC. 90]

Continuing his practice of flouting the rules, Appellant/Defendant, David J. Wright ("Wright") has filed "approximately 8,200 words" (3,000 words over the limit) regurgitating rhetoric which he characterizes as "indisputable facts" and threatening both the Court and Appellee, The Honorable Order of Kentucky Colonels ("HOKC"), with dire "consequences" if mediation is not ordered. Wright's abuse of the system must be stopped.

The parties have already successfully mediated this matter. That mediation resulted in Wright signing a Mediator's Proposal [DE 97] and

Agreed Permanent Injunction [DE 93] resolving claims that he has improperly attempted to relitigate in this appeal through thousands of pages of unauthorized filings. Barely a year after that mediation, Wright violated the Agreed Permanent Injunction and the District Court found him in contempt. He then appealed that finding to this Court and has used this appeal to engage in a campaign of defamation and harassment, attacking this Court, the District Court, and HOKC.

The parties have fully briefed the issues before this Court, and it is ripe for ruling. Contrary to the tripe spewed in Wright's relentless filings, the facts have not changed and the matter is not complicated. Even though the prior mediation resulted in a resolution, Wright refused to honor the terms of that agreement. A second mediation would not be a judicious use of resources.

Further, Wright is once again attempting to shake down HOKC suggesting a "Buyout and Compensation Pathway" of mediation. [See Doc. 90 at 24]. HOKC has no interest in paying Wright for his infringing "intellectual property." Wright also presents threats for not resolving the matter through mediation, including filing a motion for summary reversal and vacatur in the next three weeks and "severe and potentially irreversible outcomes for the Appellee—both procedurally . . . and reputationally" by

2

"asserting claims in all available forums," including the courts, the USPTO, the Kentucky Attorney General, and media outlets. [Doc. 90 at 25-27].

Wright seems to be confused as the Agreed Permanent Injunction, including paragraph five regarding his right to use Kentucky Colonel as a title or for "editorial, educational, informative, journalistic, literary, or other non-commercial purposes so long as the use is not related to the trademark or service mark uses registered, or pending, by the HOKC with the U.S. Patent and Trademark Office" was not "nullified and cancelled" by the Memorandum Opinion and Order. Instead, the Memorandum Opinion and Order focused on the first four paragraphs of the Agreed Permanent Injunction because ***those were the provisions Wright was found to have violated***. [See DE 129, PageID 3719].

Wright is also incorrect in claiming that the District Court "refused to acknowledge the Mediator's Proposal," as the District Court specifically stated in the Memorandum Opinion and Order that "The Court also looks to the mediator's proposal—as both parties argued for—which was signed by both parties." [*Id.*] The Agreed Permanent Injunction is still in effect; there has been no "collapse" as Wright claims. The only settlement terms that have been "disregarded or undermined" are those that Wright violated and threatens to violate again. In fact, Wright laid out his numerous past,

3

continuing and intended future violations in his Memorandum and Legal Declaration for Restorative Relief [Doc. 89].

HOKC objects to mediation. The matters on appeal before this Court are not complex and were submitted for this Court's consideration on May 5, 2025. HOKC therefore asks this Court to deny Wright's request, admonish him for the threats made in the instant Motion, and strike the filings which are the subject of HOKC's Omnibus Motion to Strike (Doc. 83).

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and/or electronic mail, on this the 28th day of July, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net

        */s/ Cornelius E. Coryell II*

        *Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

102058955.1