# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

RECEIVED
0/19/2025
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 & 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.[1]
**Defendant-Appellant**

---

## MOTION FOR LIMITED REMAND UNDER FED. R. APP. P. 12.1 FOLLOWING A REQUESTED INDICATIVE RULING; ALTERNATIVE REQUEST FOR REMAND UNDER 28 U.S.C. § 2106

---

**Comes now** the Defendant–Appellant, Col. David J. Wright ("Appellant"), a Kentucky Colonel and pro se litigant proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and respectfully moves this Honorable Court for a **limited remand pursuant to Federal Rule of Appellate Procedure 12.1** and **Federal Rule of Civil Procedure 62.1(a)(3)**, for the purpose of permitting the United States District Court for the Western District of Kentucky to decide a motion raising substantial issues of *fraud on the court* and material misrepresentation that strike at the integrity of the judicial process.

This motion is procedural in nature. It does not seek a ruling from this Court on the merits of Appellant's underlying claims or defenses. Rather, it requests that the Court exercise its authority under FRAP 12.1 to allow the District Court to address a specific, outcome-determinative issue:

**whether Plaintiff–Appellee The Honorable Order of Kentucky Colonels, Inc. ("HOKC")**

---

[1] Appellant uses "**Individually and on behalf of all other similarly titled individuals**" as a descriptive formulation reflecting shared interests among recipients of Kentucky Colonel commissions (Kentucky Colonel Class [Document 82]). This motion (case) seeks **no Rule 23 class relief** and does **not** assert representative capacity in this proceeding; it requests only the **procedural remedy** of a limited remand under *FRAP* 12.1.

**obtained extraordinary injunctive relief in the form of a TRO [DE 14], a preliminary injunction [DE 58], and ultimately an Agreed Permanent Injunction [DE 93], through the knowing omission of material facts about its trademark rights, namely that the asserted "registrations" were in fact 'mere applications' filed only three days before the initiation of this action.**

On **August 11, 2025**, Appellant filed in the district court a **Motion for an Indicative Ruling under FRCP 62.1 [DE 185]** and a **Supplement [DE 185-3]**, which preview the proposed preliminary draft **Rule 60(d)(3)/(b)(3)** motion identified here (see **[DE 185-1]**); Appellant does not attach these district-court filings here; they are identified solely to apprise the Court that the *FRCP* 62.1 pathway has been invoked below and to facilitate association of the district-court record with this limited-remand request under *FRAP* 12.1.

As the record shows from the original complaint [DE 1], TRO filings [DE 7; DE 13], and subsequent injunction orders [DE 14, DE 58], the Plaintiff's pleadings and sworn statements never disclosed this critical fact to the Court in the first instance. This omission, and other related misstatements, deprived the District Court of the opportunity to evaluate Plaintiff's standing and entitlement to Lanham Act relief under the correct factual circumstances, and it framed the proceedings in a false light from inception. Such conduct, if proven, constitutes "fraud on the court" within the meaning of Rule 60(d)(3) as recognized by the Sixth Circuit in *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993).

Appellant respectfully submits that the District Court, having presided over the original proceedings and possessing direct familiarity with the relevant record, is in the best position to make the factual and legal determinations necessary to resolve a Rule 60 motion. This Court's limited remand authority under Rule 12.1 provides the only procedural avenue for that determination to be made while the appeal is still pending.

# I. Procedural History

On **February 20, 2020**, Plaintiff–Appellee *The Honorable Order of Kentucky Colonels, Inc.* ("HOKC") initiated this action in the United States District Court for the Western District of Kentucky, asserting claims under the Lanham Act and Kentucky law [DE 1]. Three days earlier — on **February 17, 2020** — HOKC had filed three *(brand new)* applications with the United States Patent and Trademark Office ("USPTO") for the marks forming the asserted basis of its claims. These applications were **pending**, *unexamined*, and *unregistered* when suit was filed, yet the Complaint and accompanying TRO/PI filings [DE 7; DE 13] did not disclose this fact, among others.

Relying on Plaintiff's representations, the District Court granted a **temporary restraining order** [DE 14] to protect the alleged *incontestable* and *famous* marks, later issuing a **preliminary injunction** [DE 58]. In **December 2020**, during a court-facilitated mediation, the parties mutually resolved to enter into an **Agreed Permanent Injunction ("API")** [DE 93], which superseded the preliminary injunction and was accompanied by an order **dismissing the case with prejudice** [DE 94].

On **January 25, 2023**, Plaintiff filed a new case alleging infringement, converted by the court into a contempt proceeding [DE 97; DE 99], alleging violations of the API. Appellant opposed and filed motions raising issues of *fraud on the court*, *historical revisionism, material misrepresentation*, and *suppression of record-critical evidence* [DE 103; DE 104; DE 113; DE 116; DE 127; DE 128]. **At Plaintiff's request [DE 118], the District Court held many of these motions in *abeyance* the very next day [DE 119] during the contempt proceedings.**

On **August 9, 2023**, the District Court entered a **Memorandum Opinion and Order** finding Appellant in contempt [DE 129], without addressing the pending fraud-related and potentially dispositive motions. Appellant timely noticed his appeals [DE 132; DE 142]. After discovering additional substantiating evidence of fraud in **2024**, Appellant filed further **Rule 60 procedural trajectory motions** [DE 171; DE 176]. The parties have since fully briefed the consolidated appeals

(Case Nos. 23-5795 & 23-6108), including Appellant's **Initial Brief** [Document 34], Appellee's **Brief** [Document 35], and Appellant's **Reply** [Document 38].

During the pendency of the appeal—which this Court held in abeyance pending Appellee's dispositive motion to dismiss—Appellant discovered additional substantiating evidence in 2024 and pursued the Rule 60 trajectory in the district court. Appellant prepared and set the procedural trajectory for filing a **Rule 60(d)(3)** motion in the District Court, with a **Motion for Judicial Notice** and **Motion for Rule 11 Sanctions** [DE 171; DE 176], asserting that Plaintiff's concealment of the status and timing of its trademark applications — along with the omission of Appellant's **23-year membership** in the organization (*implicating acquiescence and collateral estoppel*) — constituted *fraud on the court* and raised procedural irregularities that prevented fair adjudication. Because the District Court lacked jurisdiction to grant such relief while the appeal was pending, it issued a **Memorandum Opinion and Order** [DE 183] stating it lacked jurisdiction during the appeal, and therefore declined to consider the materials for lack of jurisdiction.

Appellant now seeks a **limited remand under FRAP 12.1** so the District Court may decide a proposed Rule 60(d)(3) motion [DE 185-1] and make the necessary factual findings on whether Plaintiff's omissions undermine the validity of the injunctions and subsequent contempt judgment.

## II. Legal Standard for Limited Remand under FRAP 12.1

Federal Rule of Appellate Procedure 12.1, read together with Federal Rule of Civil Procedure 62.1, provides a clear procedural mechanism for the district court to indicate whether it would grant a motion or that the motion raises a "substantial issue" when the court is otherwise divested of jurisdiction due to a pending appeal. Because the notices of appeal divest the district court of authority over the aspects on review, a limited remand is the proper vehicle for consideration. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

**FRAP 12.1(a)** states:

> "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue."

**FRCP 62.1(a)(3)** expressly authorizes the district court, in such circumstances, to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Sixth Circuit has recognized that a limited remand is proper when the district court is best positioned to make factual findings or rule on a substantive motion raising matters not yet addressed below. *See*, e.g., *Henness v. Bagley,* 766 F.3d 550, 553–54 (6th Cir. 2014) (remanding to permit the district court to address new evidence and claims); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (noting that an appeal divests the district court of jurisdiction, but remand may restore it for limited purposes).

A Rule 60(d)(3) motion alleging **fraud on the court** is precisely the type of substantial issue contemplated by FRAP 12.1, because such fraud "is directed to the judicial machinery itself" and, if established, "strikes at the integrity of the court and is a wrong against the institutions set up to protect and safeguard the public." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944)).

Here, the District Court has not yet had the opportunity to consider Appellant's proposed Rule 60(d)(3) motion, which Appellant intends to promptly file if a limited remand is granted. The alleged omission — that Plaintiff's claimed trademark "registrations" were mere applications filed three days before suit — goes to the very foundation of the injunctions, settlement posture, and contempt order now on appeal. Determining the truth of this allegation requires factual findings, record review, and credibility assessments that are the province of the District Court in the first instance.

A limited remand will permit the District Court to resolve this substantial issue without disrupting the orderly progression of the pending appeal now before this Court. If the district court finds fraud on the court occurred, that determination may directly affect the validity of the orders under review, thereby promoting judicial economy and ensuring that this Court's ultimate resolution rests on a complete and accurate record. As a court of review—and not of first view—this Court may remand to permit the district court to address substantial issues in the first instance. See *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005).

## III. Argument

### A. Fraud on the Court — Sixth Circuit Standard

The Sixth Circuit has consistently held that *fraud on the court* is "conduct: (1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless disregard for the truth; (4) that is a positive averment or a concealment when one is under a duty to disclose; and (5) that deceives the court." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993); *Workman v. Bell*, 245 F.3d 849, 852–53 (6th Cir. 2001).

The standard is exacting, and the record presents each element for adjudication under Rule 60(d)(3).

### B. Mapping the Record to the Elements

1. **Officer of the Court:** Plaintiff's counsel signed and submitted the Complaint [DE 1] and TRO filings [DE 7, DE 13] as officers of the court, owing a duty of candor under Fed. R. Civ. P. 11(b) and Kentucky Rules of Professional Conduct.

2. **Directed to the Judicial Machinery:** The omission occurred in documents seeking extraordinary equitable relief — a TRO [DE 14] and preliminary injunction [DE 58] — which invoked the court's injunctive powers at the inception of litigation. These proceedings shaped the entire trajectory of the case, its settlement, and later contempt.

3. **Intentionally False or in Reckless Disregard:** Plaintiff asserted rights in "registrations" without disclosing that the marks were only *applications*, filed three days before suit (February 17, 2020). Given that trademark registration records are public and Plaintiff's own filings contained serial numbers, counsel knew the true status.

4. **Concealment Under a Duty to Disclose:** When seeking injunctive relief, a party is required to present "all material facts," even those adverse to its position. *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 818 (1945). The omission of the filing date and non-registration status was material because it bore directly on Plaintiff's standing under the Lanham Act and the strength of its claimed marks. See *Honorable Order of Kentucky Colonels v. Building Champions, LLC*, 345 F. Supp. 2d 716 (W.D. Ky. 2004).

5. **Deception of the Court:** The District Court's orders [DE 14, DE 58] expressly relied on Plaintiff's purported "incontestability and famous" ownership of "registered" marks. Without knowledge of the true status, the court was deprived of the ability to assess the merits under the correct legal standard — a defect that infected subsequent proceedings, including the Agreed Permanent Injunction [DE 93] and contempt finding [DE 129].

## C. Why the Issue is "Substantial" Under FRAP 12.1

A "substantial issue" is one that is reasonably debatable and, if resolved in the movant's favor, could materially affect the outcome of the case. *See Henness v. Bagley*, 766 F.3d 550, 553–54 (6th Cir. 2014). The question here — whether Plaintiff's counsel's concealment of the true status of the asserted marks constitutes fraud on the court — goes to the legitimacy of every injunctive order and the contempt judgment now on appeal.

If the District Court finds fraud on the court, the proper remedy under Rule 60(d)(3) is to vacate the tainted misapplied orders in their entirety. That finding would directly affect the scope, and possibly the necessity, of appellate review, thus serving the interests of judicial economy and the integrity of the judicial process.

## IV. Request for Relief

For the foregoing reasons, Appellant respectfully requests that this Court:

1. **Issue a limited remand** to the United States District Court for the Western District of Kentucky, pursuant to Federal Rule of Appellate Procedure 12.1(b) and Federal Rule of Civil Procedure 62.1(a)(3), for the sole purpose of permitting that court to decide Appellant's **proposed** Rule 60(d)(3) motion previewed in [DE 185-1] alleging fraud on the court;

2. **Retain appellate jurisdiction** over the consolidated appeals (Nos. 23-5795 & 23-6108) during the pendency of the limited remand, with instructions that the District Court shall certify its ruling to this Court upon disposition of the Rule 60(d)(3) motion and the district clerk shall promptly notify the circuit clerk upon disposition in accordance with **FRAP 12.1(b)–(c)**;

3. **Alternatively, pursuant to 28 U.S.C. § 2106,** remand as may be just under the circumstances to permit the district court to address the Rule 60 issues in the first instance while this Court retains jurisdiction; and

4. **Grant** such other and further relief as this Court deems just and proper to preserve the integrity of the judicial process in law and ensure that appellate review rests on a complete and accurate record of the facts.

A proposed order is submitted contemporaneously. Appellant also tenders **Appendix A (Chronology of Events)** to streamline the Court's review.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: +1 (859) 379-8277

Dated: August 19, 2025
Puerto Carreño, Colombia

# Appendix A – Chronology of Events

| Date / Docket | Event / Record Support |
|---|---|
| **1998–2001** | Appellant creates and operates first online 'Kentucky Colonels' website; contemporaneous notices and materials are included in the district-court exhibits. |
| **Jan. 13, 2020** | At the invitation of HOKC, Appellant proposes **merger** / acquisition; HOKC signs **Confidentiality Agreement** and receives a proposal package [DE 171-4]. |
| **Feb. 17, 2020** | HOKC files **new USPTO applications** (e.g., Ser. Nos. 88800020; 88800035; 88800038) with **conflicting first-use claims** (1931/1951/1995) contravening previous HOKC first-use claims accepted by USPTO, omitting Defendant's use. |
| **Feb. 20, 2020** [DE 1], [DE 7], [DE 13] | HOKC sues and seeks emergency TRO/PI grounded in asserted registered trademarks as famous/incontestable rights; court days later **assumes likelihood of success on the merits of these claims** based on HOKC's submissions. |
| **Feb. 25, 2020** [DE 14] | **TRO entered** on ex parte record; findings cite Sixth Circuit injunction precedents and presume valid rights and irreparable harm. |
| **Aug. 13, 2020** [DE 58] | **Preliminary Injunction** granted; court also directs **Rule 55 default** against corporate defendants and sets case-management referral for pre-trial. |
| **Dec. 29, 2020** [DE 87] | **Settlement conference**; later forms basis for **Agreed Permanent Injunction** based on Court Mediator's Proposal (entered Feb. 23, 2021). |
| **Feb. 23, 2021** [DE 93]; [DE 94] | Court **enters Agreed Permanent Injunction** and **dismisses with prejudice**; injunction text mirrors PI and purports to retain jurisdiction. |
| **Jan. 25, 2023** [DE 97], [DE 99] | HOKC reopens case via "Kentucky Colonels II"; seeks to **enforce** Permanent Injunction with broad ambiguous Lanham and contempt allegations. |
| **Aug. 9, 2023** [DE 129] | **Contempt/enforcement order** entered; court quotes and relies upon [DE 93] and mediator's proposal [DE 97-6]. |
| **Nov. 13, 2023** [DE 138] | **Sanctions and legal costs** awarded to HOKC. Appellant is ordered to pay Plaintiff a portion of its legal fees in the amount of $9,425 and $1,052.25 in sanctions. |
| **Mar. 17, 2025** [DE 171]; [DE 176] | Appellant moves court to take **judicial notice** (rare book **Kentucky Colonels Handbook** [Document 66] and other exhibits discovered May 21, 2024 following default against corporate defendants [DE 150]) and **Rule 11 sanctions** (showing application timing and conflicting first-use claims; HOKC press messaging). |
| **Apr. 15, 2025** [DE 183] | **District court denies Appellant-Defendant's corrective judicial notice and Rule 11 motions** [DE 171] & [DE 176] for lack of jurisdiction (case on appeal). |

## CERTIFICATE OF SERVICE

I hereby certify that on **August 19, 2025**, I **submitted** the foregoing **"Motion for Limited Remand to District Court"** for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: August 19, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |