# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                               Plaintiff

v.                                                              Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                              Defendants

\* \* \* \* \*

**ORDER**

Pro se Defendant David J. Wright ("Wright") filed a Motion Under Rule 62.1 for an Indicative Ruling That the Court Would Grant Relief Under Rule 60(d)(3) and/or Rule 60(b)(3). [DE 185]. Plaintiff The Honorable Order of Kentucky Colonels, Inc. ("Plaintiff") responded and filed a Motion for an Order Requiring Pre-Approval of Further Filings by Defendant David J. Wright. [DE 187]. For the reasons below, the Court lacks jurisdiction over Wright's motion for judicial notice and it is **DENIED.** [DE 185]. Plaintiff's motion is **GRANTED IN PART and DENIED IN PART** [DE 187] as set forth below.

As to Wright's motion, this case is pending on appeal before the Sixth Circuit. Case 23-5795, *Honorable Order of KY Colonels, Inc. v. KY Colonels Intl, et al.* Wright's notices of appeal [DE 132, DE 142] divested this Court to jurisdiction to consider Wright's motion as "[i]t is well settled that filing a notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). Because Wright's motion attempts to affect the merits of his appeal, this Court may not

1

consider it. As Wright is aware, this case is on appeal and the Court will not consider any motions from the parties that attempt to affect the merits on appeal. The Court has previously denied motions filed by Wright because the motions attempt to affect the merits of his appeal and this Court lacks jurisdiction to consider such motions. [DE 183].

As to Plaintiff's motion to restrict further filings of Wright, the court possesses the inherent authority to control proceedings before it, and to take all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991). A party cannot "multipl[y] the proceedings in any case unreasonably and vexatiously." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (per curium) (quoting 28 U.S.C. §1927); *Kempter v. Michigan Bell Tel. Co*., 534 F. App'x 487, 493 (6th Cir. 2013). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, including imposing filing restrictions. *Chambers*, 501 U.S. at 45-46, *Feathers v. Chevron U.S.A., Inc*., 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation . . . [t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims."); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[W]e see nothing wrong . . . with an order . . . that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."). In *Filipas*, the Sixth Circuit contemplated that the "proper method for handling the complaints of prolific litigators" is to issue an order requiring leave of court prior to further filings. 835 F.2d at 1146.

Since noticing his appeal, Wright has moved for recusal of the undersigned [DE 170]; moved for "judicial notice" of facts (including hundreds of pages of exhibits that appear irrelevant) [DE 171]; moved for Rule 11 sanctions against Plaintiff's counsel [DE 176]; filed "notice" of prior orders of this Court which he claims are "void" [DE 184]; and most recently moved for an indicative ruling under Rule 62.1 [DE 185]. Wright's filings consistently fail to provide proper legal grounds for the relief requested and typically repeat claims and arguments reflected in previous filings. These filing needlessly burden the Court and opposing party. Accordingly, Wright is **WARNED** that failure to refrain from filing frivolous pro se documents in the record will result in an Order from the Court designating Wright as a restricted filer or ordering the Clerk's office to refrain from docketing Wright's filings. If designated a restricted filer in this case, Wright would be required to seek permission from the Court before filing any document in the record.

## CONCLUSION

For the reasons set forth it is **ORDERED**:

1) Wright's Motion Under Rule 62.1 for an Indicative Ruling That the Court Would Grant Relief Under Rule 60(d)(3) and/or Rule 60(b)(3) [DE 185] is **DENIED**.

2) Plaintiff's Motion for an Order Requiring Pre-Approval of Further Filings by Defendant David J. Wright [DE 187] **IS GRANTED IN PART AND DENIED** in part as set forth above.

3) **Wright is WARNED that the further filing of frivolous *pro se* documents in the record will result in an Order designating Wright as a restricted filer.**

August 26, 2025

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:    Defendant David Wright, pro se
                Counsel of Record