# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**RECEIVED**
09/05/2025
KELLY L. STEPHENS, Clerk

### Case Nos. 23-5795 & 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**

Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

## MOTION FOR LEAVE TO FILE COMBINED REPLY AND SUPPLEMENT AND TO ACCEPT FILING OUT OF TIME

---

Appellant Col. David J. Wright, pro se and *in forma pauperis*, respectfully moves the Court for leave to file his contemporaneously filed **Combined Reply & Supplement in Support of Limited Remand** up to **5,200 words** and to accept the filing **one day out of time**, and states as follows:

## Relief Requested

1. **Leave** under *Fed. R. App. P.* 27(d)(2) to file a **combined Reply & Supplement** for judicial economy and fully address the issues not exceeding **5,200 words**; and

2. **Acceptance** of the combined filing **one day after** the Rule 27(d)(2)(C) reply deadline pursuant to *Fed. R. App. P.* 26(b)(1)(A) (excusable neglect/good cause). A *Rule* 32(g) certificate stating the exact word count (excluding items under *FRAP* 32(f)) accompanies the contemporaneously filed document.

## Background (Timeliness & Length)

**Reply deadline.** The governing rule for this filing is *Fed. R. App. P.* 27. A "reply to a response must be filed within 7 days after service of the response." *Fed. R. App. P.* 27(a)(4). Accordingly, service of **[Document 94]** on August 27, 2025 fixed Appellant's reply deadline at September 4, 2025.

**Authority to extend and accept late.** The Court "may extend the time prescribed by these rules" for good cause and "may permit an act to be done after that time expires," with exceptions not applicable here. *Fed. R. App. P.* 26(b). The Sixth Circuit's local rules further require a motion when a party seeks extra time or acceptance out of time, and they note that the Court disfavors routine extensions; **late filings must be accompanied by a motion explaining the delay**. *6th Cir. R.* 26; *6th Cir. I.O.P.* 26.

**Good cause shown.** During the seven days preceding the deadline, Appellant—residing in a remote area of eastern Colombia—experienced five days without functional internet access and electrical service outages, notwithstanding diligent drafting efforts. Appellant is submitting the **Combined Reply & Supplement** one day after the deadline and contemporaneously moves for acceptance out of time. See *Fed. R. App. P.* 26(b).

**Word-limit compliance and requested enlargement.** For motion practice, a reply produced by computer "must not exceed 2,600 words" absent leave. *Fed. R. App. P.* 27(d)(2). Appellant files here, a separate motion for leave to exceed that cap, explaining that this consolidated Reply & Supplement addresses the interlocking FRCP 62.1 / FRAP 12.1 issues, the 28 U.S.C. § 2106 remedial framework, and record-based fraud and Lanham Act points already briefed in **[Document 93]** and **[DE 185], [DE 185-1], [DE 185-3]**, and therefore cannot be presented comprehensively or responsibly within 2,600 words. See *Fed. R. App. P.* 27(d)(2); *Fed. R. App. P.* 32(a)(5)–(6).

## Legal Standards

- **Word limits.** A computer-produced **reply** is limited to **2,600 words**; a **motion or response** may be **5,200 words**. *FRAP* 27(d)(2)(A), (C). A certificate is required. *FRAP* 32(g).

- **Single paper.** "A separate brief must not be filed" in motion practice. *FRAP* 27(a)(2)(C).

- **Late filing.** The Court may extend time for "good cause," and—after expiration—on a showing of **excusable neglect**. *FRAP* 26(b)(1)(A). The **Pioneer** factors govern excusable neglect (prejudice, length and impact of delay, reason for delay, good faith); the Sixth Circuit applies those factors. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005).

- **Pro se considerations.** The Sixth Circuit **liberally construes** pro se submissions. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

## Argument

### A. Good Cause to Exceed 2,600 Words

1. **Rule-driven consolidation.** *FRAP* 27(a)(2)(C) required Appellant to **combine** his reply with essential supplementation; separate briefing is forbidden. The additional words reflect that rule-driven consolidation, not scope creep.

2. **Focused, narrow issues.** The document is confined to the threshold **limited-remand** question under *FRCP* 62.1/*FRAP* 12.1 and 28 U.S.C. § 2106 and the Lanham Act remedial pathway (15 U.S.C. §§ 1056, 1064, 1111, 1119, 1120, 1125).

3. **Judicial economy.** Appellee filed multiple motions/responses seeking to restrict or strike materials (**[Document 40]**, **[Document 43]**, **[Document 53]**, **[Document 83]**) and objected to limited remand (**[Document 94]**). Addressing that cluster **once** avoids duplication and benefits the Court.

4. **No prejudice.** The requested cap—≤ **5,200 words**—matches the motion/response ceiling in *FRAP* 27(d)(2)(A) and is materially shorter than the aggregate pages that would result from separate filings (which the rules disallow).

## B. Excusable Neglect for One-Day Late Filing

1. **Minimal delay / no prejudice.** The delay is **one day**, with no effect on oral argument or the Court's consideration; Appellee suffers no cognizable prejudice. *See Pioneer*, 507 U.S. at 395; *Nafziger*, 467 F.3d at 522.

2. **Reason for delay / diligence.** Appellant experienced **five days of internet outage** within the **seven-day** period before the deadline, despite active efforts to meet it. This is a concrete, external obstacle—not mere inadvertence. *Cf. Turner*, 412 F.3d at 650 (reason for delay and control are central).

3. **Good faith.** Appellant acted promptly upon restoration of service, filed immediately, and moved for leave contemporaneously. There is no bad faith. *Pioneer*, 507 U.S. at 395.

4. **Pro se/IFP posture.** The Sixth Circuit's liberal construction of pro se filings supports acceptance where, as here, Appellant diligently complied with the rules and consolidates issues to assist the Court. *Boswell*, 169 F.3d at 387; *Franklin*, 765 F.2d at 85.

# Conclusion

For the foregoing reasons, Appellant respectfully requests that the Court **grant leave** to file for consideration the combined **Reply & Supplement** up to **5,200 words** and **accept the filing one day out of time**, deeming it filed as of the date submitted, and grant such other relief as is just.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net                               Dated: September 5, 2025
Tel: +1 (859) 379-8277                                 Puerto Carreño, Colombia

# CERTIFICATE OF SERVICE

I hereby certify that on **September 05, 2025**, I **submitted** the foregoing **"Motion for Leave Submitting Oversized Combined Reply and Supplement"** for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: September 05, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |