# IN THE UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RECEIVED
09/05/2025
KELLY L. STEPHENS, Clerk

Case Nos. 23-5795 & 23-6108

**HONORABLE ORDER OF KENTUCKY COLONELS, INC.,**
Plaintiff-Appellee,

v.

**COL. DAVID J. WRIGHT,**
Individually and on behalf of all other similarly titled individuals.
**Defendant-Appellant**

---

# APPELLANT'S COMBINED REPLY & SUPPLEMENT FOR LIMITED REMAND (FRAP 12.1; § 2106) — FRCP RULE 60 FRAUD; LANHAM ACT §§ 1064, 1119, 1120, 1125

---

**COMES NOW** the Appellant, Col. David J. Wright, *pro se* and *in forma pauperis*,[1] to respectfully submit this **Combined Reply & Supplement in Support of Limited Remand** seeking an order under *Fed. R. App. P.* 12.1 and *28 U.S.C.* § 2106 authorizing the district court to conduct fact-finding to adjudicate fraud-based relief under *Fed. R. Civ. P.* 60(b)(3) and 60(d)(3) and to take appropriate action under the Lanham Act, including cancellation, correction, and/or modification of fraudulent trademark records. The filing consolidates reply points and necessary supplementation pursuant to *FRAP* 27's directive that "a separate brief must not be filed" for a motion, and that any reply be timely submitted, thereby promoting judicial economy and adherence to appellate motion practice.

The Appellee's opposition to limited remand rests not on engagement with the governing standards of *Rule* 62.1 and *FRAP* 12.1, but on **invective directed at the pro se Appellant and procedural**

---

[1] **Pro Se Status and Procedural Compliance Statement** attached to this filing following Appendix, pp 19.

**objections designed to deflect the Court from the merits of fraud allegations**. For example, Appellee's district-court filings label the Pro Se Appellant a "textbook example of a vexatious litigant," and its appellate response asserts that Appellant's fraud contentions are "demonstrably untrue," rather than meeting the substance presented by demonstrating effective rebuttal. In contrast, Appellant's submissions are grounded in authenticated governmental, archival, and published press sources tendered through judicial notice practice and record-correction procedure, not in speculation or harassment. See, e.g., **[Document 84]**[2] Responding to Appellee's Motion to Strike **[Document 83]** Judicial Notice Documents (describing exhibits sourced "from public archives, libraries, and government institutions" submitted under *FRE* 201 and *FRAP* 10(e)) with Appellant's Motion For Judicial Notice **[Document 44]** and Judicial Notice Amendment supplementing the record further **[Document 78]**.

The record now demonstrates that Appellant moved in the district court for an indicative ruling under *Rule* 62.1 **[DE 185]**[3] so that, upon limited remand, fraud issues could be decided on a developed evidentiary basis—precisely the course *FRAP* 12.1 contemplates. The district court denied the motion on its inherent discretion while acknowledging its lack of authority during the pendency of this appeal; it *did not impose any filing restrictions* with **[DE 188]**, but did issue a warning without predicate echoing Appellee's rhetorical complaint about *frivolous pro se documents* that are allegedly vexatious and harassing toward the Appellee in the Circuit Court providing a list of judicial notice exhibits filed by Appellant **[DE 187]**. That posture triggers, rather than defeats, limited remand under *FRAP* 12.1 so that the tribunal most familiar with the record can state whether it would grant relief or whether the Appellant's **Proposed Draft Fed. R. Civ. P. 60(b)(3) and 60(d)(3) Motion [DE 185–1]** raises a "substantial issue," or, alternatively, permits this Court to act under *28 U.S.C.* § 2106 which empowers the Court to "remand … and direct … further proceedings … as may be just under the circumstances." As it did in ***Demjanjuk v. Petrovsky***, 10 F.3d 338, 352–56 (6th Cir. 1993) (vacating

---

[2] Bracketed **[Document ##]** refers to filings on this appeal, in the *Sixth Circuit 23-5795 combined with 23-6108*
[3] Bracketed **[DE ###]** refers to Western District-Court of Kentucky "docket entries" used in. *3:20-cv-00132*

the district court's judgment and this Court's prior judgment upon finding prosecutorial misconduct constituting fraud on the court).

Appellant's allegations of fraud are not conclusory. They identify how Appellee manufactured a litigation predicate by filing **three USPTO applications on February 17, 2020** and then presenting them as if *registered and incontestable*, while omitting material facts about concurrent uses and users long known to Appellee—conduct that, if proven, establishes Lanham Act fraud and *Rule* 60 relief. The exhibits marshaled to support these allegations include primary-source government records and contemporaneous press, compiled and authenticated in **Appendix E: Exhibits Exposition [Document 50]** and related filings summarized and presented under FRE 1006 for judicial economy when presenting voluminous evidence. This is professional, evidentiary litigation practice—not frivolous, harassing, or vexatious motioning by a pro-se Appellant.

Finally, in light of *FRAP* 27's consolidation requirement, Appellant presents this combined reply and supplement in a single filing to efficiently answer Appellee's **Response and Objection** and to support the limited-remand request with the legal and factual proffer already before the Court.

# Introduction

This Reply proceeds from the standards that govern limited remand: when a timely *Rule* 60(b)(3)/60(d)(3) motion is presented for an indicative ruling, *Rule* 62.1(a) authorizes the district court to state that it would **grant the motion** or that the motion **raises a substantial issue**, and *FRAP* 12.1(b) permits this Court to remand while retaining jurisdiction. *28 U.S.C.* § 2106 independently empowers this Court to "remand the cause and direct … such further proceedings … as may be just." These standards are set out in Appellant's **[Document 93]** and the district-court **[DE 185]** submissions.

The Appellee's objection does not undermine these authorities; it mistakenly insists that because the district court denied hearing the *Rule* 62.1 motion, this Court must also deny limited remand. But the

district court's order reflects jurisdictional divestiture during the appeal, denying the motion on discretion, not an adjudication on the "would grant/substantial issue" determinations *Rule* 62.1 contemplates—precisely why a limited remand is warranted to permit that court to speak to those points or, alternatively, why this Court may proceed under § 2106, or inasmuch can take one step further to resolve the question of whether the specific trademark(s) that were allegedly infringed upon by Appellant is/are/were legitimate and valid registered marks on February 20, 2020.

## Background

1. **Procedural posture.** Appellant noticed appeals from post-judgment enforcement orders (**[DE 129] and [DE 138]**) and sought an indicative ruling in the district court under *Rule* 62.1 to address fraud on the court and related relief under the Lanham Act. **[DE 185]**; **[DE 185-1]**; **[DE 185-3]**. The district court denied the motion on August 26, 2025 (**[DE 188]**).

2. **Appellee's rhetoric.** In opposing *Rule* 62.1 relief and elsewhere, Appellee deployed *ad hominem* characterizations of Appellant's *pro se* status while seeking pre-approval restrictions. See **[DE 187]** ("textbook example of a vexatious litigant"). The district court issued only a warning against filing "frivolous pro se documents"; it imposed no actual restriction on Appellant-Defendant, did not adjudicate merits, did not make a predicate finding, and did not enjoin him under 28 U.S.C. § 1651 (All Writs Act) from filing new actions or deem him a "vexatious litigant" for federal purposes in **[DE 188]**.

3. **Appellant's evidentiary foundation.** Appellant's filings rely on authenticated public materials—government records, libraries, and newspapers—submitted through **[Document 44]** and expanded via **[Documents 56–75]**, **[Document 78]**, and related memoranda (**[Documents 80–82]**).

4. **Trademark-fraud predicate.** The record proffer details that Appellee filed three USPTO applications days before suit and presented them to the court as if already registered and incontestable, while concealing known concurrent uses—including Appellant's longstanding use and other users—overreaching previous trademark filing first-use dates—thereby manufacturing the litigation basis using intangible facts and tainting subsequent orders.

## Issues Presented

1. Whether a limited remand under *FRAP* 12.1 is warranted to allow the district court to state whether it would grant *Rule* 60(b)(3)/(d)(3) relief or whether Appellant's motion raises a "substantial issue," given its prior denial based on jurisdictional divestiture.

2. Whether, independently or in the alternative, this Court should remand "as may be just" under *28 U.S.C.* § 2106 or to address the fraud and Lanham Act questions inevitably intertwined with the enforcement orders and permanent injunction on appeal.

3. Whether Appellee's *ad hominem* characterizations and requests for filing restrictions are immaterial to the *Rule* 62.1/*FRAP* 12.1 inquiry where the district court imposed no prefiling injunction and the judicial notice record shows government-sourced, authenticated evidence presented in good faith that is both relevant and essential to adjudication.

4. Whether the Court should recognize its authority under the Lanham Act to order appropriate relief on remand—including cancellation or correction under *15 U.S.C.* §§ 1064, 1119, 1120, 1121, 1125—where the record tenders evidence of fraud on the USPTO, descriptive of a class, naturally generic in use, and for lack of distinctiveness. See **[Document 90]** (identifying appellate authority to declare trademarks invalid or obtained by fraud).

## Legal Standards

**Rule 62.1 / FRAP 12.1.** When an appeal deprives the district court of authority to grant relief, *Rule* 62.1(a) authorizes an "indicative ruling" stating that the court would grant the motion or that it raises a substantial issue; *FRAP* 12.1(b) permits this Court to remand while retaining jurisdiction. These standards are articulated in Appellant's **[DE 185]** and **[Document 93]**.

**28 U.S.C. § 2106.** This Court may "remand the cause and direct … such further proceedings … as may be just," an authority preserved irrespective of the district court's refusal to opine on the merits.

**Rule 60(b)(3), 60(d)(3).** Appellant's **[DE 185]** and **[Document 93]** set out the Sixth Circuit standards for relief based on fraud by an adverse party and for "fraud on the court," respectively, including that fraud on the court is not time-barred and addresses schemes that corrupt[ed] the judicial process.

**Lanham Act Remedial Authority.** On remand, the district court may consider cancellation and correction under *15 U.S.C.* §§ 1064, 1119, 1120, 1121, 1125 where the record supports fraud on the USPTO or invalidity (e.g., genericness or descriptiveness without secondary meaning, false designation of origin). **[Document 90]** identifies these avenues of relief for the Court's consideration.

## Summary of the Argument

The Court should grant a limited remand under *FRAP* 12.1 and 28 U.S.C. § 2106 so the district court can adjudicate the substantial and case-dispositive *Rule* 60(b)(3) and 60(d)(3) fraud issues raised in the Appellant's pending submissions to this Court. *FRAP* 12.1 authorizes a remand that retains appellate jurisdiction when an indicative-ruling motion "would be granted" or "raises a substantial issue"; *Rule* 62.1 expressly contemplates that posture, and § 2106 empowers an appellate court to "require such further proceedings…as may be just" to resolve it efficiently. The record confirms that Appellant's motion for an indicative ruling sought targeted relief on nonfrivolous grounds, supported by public-record evidence and tethered to specific Lanham Act provisions; the Appellee's opposition does not meet those points but instead relies on rhetorical shaming and pejoratives of the *pro se* Appellant's judicial notice filings as frivolous and makes a request for procedural filing restrictions.

The fraud issues are not academic or theoretical, they are in plain view of the record. Appellant has identified material misrepresentations and omissions that go to the validity of three "Kentucky Colonels" trademark applications made on February 17, 2020 and then wielded as registered trademark rights in litigation just three days later—specifically, undisclosed concurrent users, inconsistent first-use claims, and reliance on third-party press to back-date use. Those allegations, if proven, satisfy the Sixth Circuit's standard for relief under *Rule* 60(b)(3) (clear and convincing proof that misconduct prevented a full and fair presentation) and plausibly constitute "fraud on the court" under *Rule* 60(d)(3). See *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008); *Workman v. Bell*, 227 F.3d 331, 336–37 (6th Cir. 2000) (en banc); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). These issues also intersect the Lanham Act's cancellation and

register-rectification powers, 15 U.S.C. §§ 1064, 1119, 1120, 1125, which the district court can implement on remand; § 1119 specifically authorizes federal courts to "order the cancellation of registrations…[and] otherwise rectify the register." The Appellant's evidentiary proffers consist of governmental, library, and newspaper archives appropriate for judicial notice under *FRE* 201—a standard applied by the Sixth Circuit on appeal. See *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012); *FRE* 201(b). A limited remand preserves this Court's jurisdiction (*Griggs* divestiture concerns are avoided by *FRAP* 12.1's retain-jurisdiction mechanism) while ensuring an orderly, fact-grounded resolution.

These 13 points are presented in the *appended* "Table Summary of the Argument" previewing the merits for a limited remand while preserving the appellate frame. Each is record-anchored and amenable to their expansion in the Argument section below with citations to [Document 93], [Document 94], [DE 185], [DE 185-1], [DE 185-3], and [DE 188], together with authorities including *Hazel-Atlas*, *Demjanjuk*, *PREI*, *KP Permanent*, *Matal v. Tam*, and *Building Champions* already catalogued in Appellant's submissions for further briefing before the District Court.

# ARGUMENT

## I. Limited remand is the correct vehicle to resolve the preserved fraud issues; alternatively, this Court may grant tailored relief under 28 U.S.C. § 2106.

1. **FRCP 62.1 / FRAP 12.1 posture.** Appellant sought an indicative ruling to present a proposed *Rule* 60(b)(3)/(d)(3) motion supported by public-record evidence. See **[Document 93]** describing the request for limited remand **[DE 185]**, **[DE 185-1]**, **[DE 185-3]** specific *Rule* 62.1 filings in the district court. The district court denied relief during the pendency of this appeal and issued only a warning, not prefiling restrictions. See **[DE 188]** after [DE 185], denying requested relief … and issuing only a general warning on the filing of "*frivolous pro se documents*." That posture fits the mechanism of *FRCP* 62.1(a) (district court "would grant" or "raises a substantial issue") and *FRAP* 12.1(b) (limited remand while retaining appellate

jurisdiction). *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–60 (1982) (divestiture principle).

2. **Independent § 2106 authority.** Even if the panel prefers not to invoke *FRAP* 12.1, *28 U.S.C.* § 2106 empowers the Court to "remand the cause and direct such further proceedings … as may be just"—including instructions for targeted *Rule* 60 proceedings directed to fraud-based relief and Lanham Act rectification.

3. **Appellee's pro se rhetoric is immaterial to the 62.1/12.1 calculus.** Appellee's accusations of "vexatiousness" and requests for filing restrictions cannot substitute for merits adjudication; the district court imposed no tailored restrictions, confirming the absence of predicate findings. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Appellee's objection to limited remand does not join issue on fraud; it leans on labels and volume-based complaints instead of evidence. **[Document 94]** (does not join issue on fraud … offers pejorative *ad hominem* rhetoric instead of evidence).

## II. The record demonstrates substantial, outcome-determinative fraud and omission warranting Rule 60(b)(3)/(d)(3) relief or corrective action under the Lanham Act.

4. **Litigation-driven applications and material misstatements.** Appellee filed three USPTO applications on February 17, 2020 (Ser. Nos. 88800020/35/38), then filed suit three days later—presenting nascent applications as if registered, incontestable, and famous at the TRO/PI stages. *See* **[Document 85]** (Memorandum on Generic/Descriptive Marks). *See generally Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246–47 (1944) (fraud on the court); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352–54 (6th Cir. 1993) (extraordinary relief for prosecutorial deception). *Also see* **[Document 80]** (Void Orders Memorandum) describing the consequences of those misstatements on early injunctive stages.

5. **Concealed concurrent users and inflated first-use claims (including HOKC's own for-profit subsidiary).** The applications and ensuing litigation omitted known concurrent users, including Appellant's "Kentucky Colonels International" and the HOKC-controlled, share-issued product-side subsidiary **Kentucky Colonels Collectibles, Inc.**—a commercial user of "Kentucky Colonels ®" for goods—while relying on inconsistent first-use narratives

and even third-party press to back-date use. **[Document 84]** (Responding to omnibus evidentiary suppression over judicial-notice submission) catalogues some concurrent uses; **[Document 70]** (HOKC Disambiguation) and **[Document 71]** (Legal Analysis of HOKC Trademarks) led Appellant to identify **Kentucky Colonels Collectibles, Inc. (a for-profit subsidiary)** as the only product-side user of the mark. That conduct is material to registrability and to the court's equitable analysis. *Cf. In re Bose Corp.*, 580 F.3d 1240, 1243–46 (Fed. Cir. 2009) (fraud requires a knowingly false omission or material representation made with intent to deceive the USPTO).

6. **Rule 60 fraud standard is met on the present proffer.** Relief under *Rule* 60(b)(3) requires "clear and convincing evidence" that misconduct "prevented the moving party from fully and fairly presenting his case." *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454–55 (6th Cir. 2008) (quotation omitted). "Fraud on the court" under *Rule* 60(d)(3) addresses schemes that corrupt the judicial process itself. *Demjanjuk*, 10 F.3d at 352–54. Appellant's evidentiary spine meets these standards and warrants adjudication **[DE 185-1]** (Proposed Rule 60 Draft) on a developed record. *See also* Appellant's **Appendix E: Exhibits Exposition [Document 50]** presenting the evidentiary spine**.**

7. **Genericness/descriptiveness and fair-use defenses underscore the need for rectification.** "Kentucky Colonels" is a civic honorific and class descriptor. The Lanham Act does not permit monopolization of descriptive or generic terms absent secondary meaning, and fair use does not require the defendant to negate confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118–22 (2004); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 513–15 (6th Cir. 2007); *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 765–66 (6th Cir. 2005). The First Amendment also disfavors restraints on expressive, referential use of public honorifics. *Matal v. Tam*, 582 U.S. 218, 223–25, 234–39 (2017); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924–28 (6th Cir. 2003). *Also see* Appellant's Memorandum of Law on the Generic and Descriptive Nature of the Terms "Kentucky Colonel" and "Kentucky Colonels" **[Document 85].**

8. **Judicial notice and record-correction are proper and efficient.** Governmental publications, archival materials, and contemporaneous press are appropriate subjects of adjudicative notice. *Fed. R. Evid.* 201(b), (c); *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). *FRAP* 10(e)(2)(B) likewise authorizes correction of material omissions. Appellant's filings proceed

under these rules and identify the exact exhibits requested for notice or correction. *See* Appellant's Response to Appellee's Omnibus Motion to Strike **[Document 84]** seeking to procedurally exclude judicial notice exhibits anchoring the *FRE* 201/*FRAP* 10(e) methodology; for a more detailed summary of the precise exhibits, see **Appellant's Appendix E: Exhibits Exposition [Document 50]**.

## III. Appellee's filings confirm a pattern of non-responsive rhetoric and efforts to curtail the record rather than join the merits—further supporting remand to adjudicate fraud.

9. **Opposition reserved merits and pressed labels.** In opposing *Rule* 62.1 relief, Appellee declared the motion "does not raise a substantial issue," reserved merits arguments, and asked for a gatekeeping order instead of confronting the fraud evidence. *See* **[DE 186]**.

10. **Motions to strike/limit instead of rebutting adjudicative facts.** Appellee sought to strike or limit more than thirty submissions rather than engage the evidence, despite Appellant's reliance on *FRE* 201 and *FRAP* 10(e). See Appellee's **[Document 53]** and **[Document 83]**. This confirms that limited remand to reach the merits is the orderly path.

11. **No tailored prefiling injunction; warnings only.** The district court issued a warning but no restriction **[DE 188]** after "no restriction," and, **[Document 78]** (consolidation/streamlining under *FRAP* 27 and local rules) as a supporting "good-faith litigation conduct"—foreclosing Appellee's narrative that filings are "frivolous", "vexatious", or "harassing" within Sixth Circuit standards. *See Ortman*, 99 F.3d at 811; *Feathers*, 141 F.3d at 269. This designation requires a pattern of vexatious behavior, not a single frivolous action, and results in sanctions, such as an injunction preventing future filings without court permission.

## IV. The Lanham Act provides the remedial framework for cancellation and rectification; this Court may direct or facilitate that process.

12. **Cancellation and rectification authority.** In any action "involving a registered mark," a federal court "may determine the right to registration … [and] order the cancellation of registrations [and] otherwise rectify the register." 15 U.S.C. § 1119. Fraud-based cancellation is available under 15 U.S.C. § 1064(3), and damages may be available under 15 U.S.C. § 1120. A limited remand can focus the district court on (i) procurement fraud and (ii)

genericness/descriptiveness, while this Court retains jurisdiction. **[Document 90]** (Motion for Court-Facilitated Mediation) discusses other cancellation/rectification avenues and judicial economy.

13. **Objective baselessness/sham litigation theory complements the fraud showing.** If the 2020 applications were procured or leveraged to weaponize litigation against lawful competition, Noerr-Pennington does not immunize objectively baseless petitioning pursued to interfere with a competitor. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993). The fraud and omission record satisfies the substantial-issue threshold for *Rule* 62.1 and warrants rectification proceedings under § 1119. **[Document 84]** addresses (the interference/weaponization chronology)

## V. Disposition

Limited remand is the narrow, proper course: permit the district court to take evidence and make findings on fraud in procurement and on the descriptive/generic non-trademarkable status of "Kentucky Colonels," with authority to cancel or rectify under §§ 1064 and 1119, while this Court retains jurisdiction. Alternatively, the Court may exercise § 2106 to vacate or modify orders infected by fraud and direct appropriate corrective relief. *See* **[Document 93]** and **[Document 94]** together to tie the requested reply dispositions to the motion and the objection.

**Good Cause Addendum.** Because *FRAP* 27(a)(2)(C) prohibits a separate brief in support of or in response to a motion, the combined **Reply & Supplement** houses both the reply and the essential limited-remand supplementation in one filing. The additional words are necessary to (i) answer Appellee's objection; (ii) set out the *FRCP* 62.1/*FRAP* 12.1 sequence and 28 U.S.C. § 2106 authority; and (iii) provide a focused record proffer regarding the February 17, 2020 applications and the narrow Lanham Act remedies sought on remand. Consolidating Appellee's multiple motions/responses (**[Document 40]**, **[Document 43]**, **[Document 53]**, **[Document 83]**, **[Document 94]**) into a single paper promotes judicial economy and avoids piecemeal litigation, while causing no prejudice.

# Conclusion

This Reply Supporting Motion for Limited Remand presents a discrete threshold question fit for limited remand: whether Appellant's *Rule* 60(b)(3)/(d)(3) allegations of fraud and concealment—aimed at the 2020 "Kentucky Colonels" applications (Ser. Nos. 88800020/35/38) and the litigation positions built upon them—raise a "substantial issue" warranting district-court adjudication under *FRCP* 62.1 while this Court retains jurisdiction under *FRAP* 12.1. The record proffers documentary evidence that Appellee's applications and court filings omitted material concurrent uses and overstated first-use claims, while leveraging applications filed three days before suit as if they were registered and incontestable—misstatements that infected the TRO/PI, the "Agreed Permanent Injunction," and subsequent enforcement proceedings.

The procedural posture further supports remand. The district court denied Appellant's *Rule* 62.1 motion on divestiture grounds rather than engaging the "would grant/substantial issue" determinations contemplated by the rule, placing the matter squarely within *FRAP* 12.1's limited-remand framework. As in *Demjanjuk v. Petrovsky*, the Sixth Circuit may address fraud on the court [*at any time*]; and under *FRAP* 12.1(b) and 28 U.S.C. § 2106 it may remand to the tribunal most familiar with the record to state whether the proposed *Rule* 60(b)(3)/(d)(3) motion would be granted or raises a substantial issue, or otherwise direct further proceedings "as may be just." The district court order [DE 188] confirms it denied the motion and issued only a warning—imposed no filing restrictions—underscoring that no predicate finding of frivolousness supports Appellee's rhetoric.

Appellee's objection posits that denial of an indicative ruling forecloses remand; it does not. *FRAP* 12.1 expressly permits this Court to remand for the district court to make the *Rule* 62.1 determination it declined to make in view of divestiture, or, alternatively, to exercise the Court's power under 28 U.S.C. § 2106 and the Lanham Act to rectify the register in an action "involving a registered mark." The record further shows Appellant's filings are evidence-driven and directed to judicial economy,

efficiency, and jurisprudence—not vexatiousness—while Appellee has pursued exclusionary tactics rather than merits joinder on the issues presented by the Appellant.

Under these circumstances, limited remand is the narrow, proper course; alternatively, this Court may itself rectify the consequences of fraud and misrepresentation to protect the integrity of its own proceedings and the public register.

## Prayer for Relief

For the foregoing reasons, Appellant respectfully requests that the Court enter an Order:

1. **Granting** the **[Combined Reply & Supplement in Support of Limited Remand in Document 93]** and **overruling** Appellee's objection **[Document 94]**;

2. **Remanding under *FRAP* 12.1** while retaining jurisdiction, for the limited purpose of adjudicating Appellant's proposed *Rule* 60(b)(3) and 60(d)(3) issues, with instructions that the district court:

    a. conduct an expedited evidentiary hearing on whether Appellee's litigation and USPTO submissions omitted material concurrent uses and overstated first-use claims relating to Ser. Nos. 88800020/35/38 and related marks;

    b. permit narrowly targeted discovery (including TSDR files, communications with counsel/agents, and records of **Kentucky Colonels Collectibles, Inc.** as a distinct commercial user of product marks) necessary to resolve fraud/misrepresentation and genericness/descriptiveness;

    c. make findings and conclusions on *Rule* 60(b)(3) and 60(d)(3) consistent with *Info-Hold* and *Demjanjuk*, as preserved in **[DE 185]**, **[DE 185-1]**, and **[DE 185-3]**;

    d. enter such orders as are "just" under 28 U.S.C. § 2106; and

    e. pending the limited remand, staying enforcement of district-court orders related to **[DE 129]**, including any collection or other enforcement efforts by Appellee, pursuant to *Fed. R. App. P.* 8(a), without prejudice to the district court's determination under *Fed. R. Civ. P.* 62 of any appropriate security.

3. **Directing, on remand**, the exercise of the district court's powers under *15 U.S.C.* §§ 1056, 1064, 1111, 1119, 1120, and 1125, using referencing when necessary to the USPTO's *Trademark Manual of Examining Procedure* (TMEP) as persuasive guidance, to:

    a. determine the registrability and validity of the "Kentucky Colonels" marks at issue, including whether they are generic or merely descriptive or lack secondary meaning when applied to the distinctive Kentucky Colonel class [Document 82] and whether fraud or material omission occurred;

    b. order, as warranted, cancellation or rectification of the register under §§ 1064 and 1119, including entry of appropriate **disclaimers** under § 1056, and any other corrective action necessary to reflect the scope of lawful rights;

    c. assess the parties' use (and any misuse or requirement) of registration notice ® with marks under § 1111 and its effect on equitable relief or damages calculations; and

    d. if fraud is found, enter such further relief as the equities require under §§ 1119 and 1120 (without prejudice to civil damages preserved under § 1120), and resolve any remaining *§ 1125* issues consistent with those findings.

4. **Alternatively to remand, exercising** this Court's authority under 28 U.S.C. § 2106 and 15 U.S.C. §§ 1119, 1120, and 1121 to:

    a. declare that the challenged "Kentucky Colonels" registrations/applications are invalid or void *ab initio* for fraud, material omission, and/or genericness/descriptiveness based on the evidentiary memoranda [Documents 81, 82, 85, 86] submitted to the Court;

    b. order the Director of the USPTO to cancel or amend the registrations accordingly; and

    c. vacate or modify any injunction-related orders premised on those marks, including **[DE 58]**, **[DE 93]**, and **[DE 129]**, and remand for further proceedings consistent with this Court's rulings;

5. **Denying** Appellee's requests for imposing sanctions, prefiling restrictions, or other punitive measures premised on accusations of vexatiousness as a *pro se* litigant without cause—in light of **[DE 188]** (warning issued without any restriction or predicate finding) and the evidentiary, record-corrective nature of Appellant's filings—and **denying as moot, or holding in abeyance** pending limited remand, Appellee's pending motions and responses—**[Document

40], [Document 43], [Document 53], and [Document 83]**—insofar as they seek to exclude, suppress, or restrict materials that will be addressed on limited remand under *FRAP* 12.1 for adjudication under *Rule* 60(b)(3)/(d)(3) or cancellation/rectification under 15 U.S.C. § 1119, without prejudice to any narrowly tailored request the district court may consider on remand consistent with *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), and *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); and

6. **Reserving** Appellant's right to tax appellate costs pursuant to *FRAP* 39(a)–(d) by timely bill of costs, without prejudice to Appellant's claim for damages under 15 U.S.C. § 1120 to be adjudicated, if necessary, by the district court on remand; and granting such other relief as this Court deems just under 28 U.S.C. § 2106.

For these reasons, the Court should grant limited remand under *FRAP* 12.1 to permit *Rule* 60 proceedings and Lanham Act rectification under *15 U.S.C.* §§ 1119, 1121, or alternatively exercise the Court's inherent powers under *28 U.S.C.* § 2106 to vacate or modify the challenged orders and direct the tailored relief set forth herein.

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: +1 (859) 379-8277

Dated: September 5, 2025
Puerto Carreño, Colombia

# Certificate of Compliance Rule 32(g)

I certify that this **Combined Reply & Supplement** complies with the type-volume limitation of **Fed. R. App. P. 27(d)(2)** as modified by the Court's order on Appellant's contemporaneously filed motion for leave to file an oversized reply. According to the word-processing system used to prepare this document, it contains **4,783** words, **excluding** the parts exempted by **Fed. R. App. P. 32(f)**.

This document was prepared in a proportionally spaced typeface using 12-point [Times New Roman] and therefore complies with **Fed. R. App. P. 27(d)(1)(E)** and **32(a)(5)–(6)**.

Dated: September 5, 2025

/s/ Col. David J. Wright

Col. David J. Wright, Pro Se Appellant

# Appendix: Table Summary of the Argument

| # | Core Proposition | Key Legal Authority | Record Anchors | Requested Action |
|---|---|---|---|---|
| 1 | Limited remand is the correct vehicle to obtain a *Rule* 62.1 "would grant/substantial issue" determination while the Court retains jurisdiction. | *FRCP* 62.1(a); *FRAP* 12.1(b); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–60 (1982) | **[Document 93]**; **[DE 185]**; **[DE 185-1]**; **[DE 185-3]**; **[DE 188]** | Remand under *FRAP* 12.1 with retention of appellate jurisdiction. |
| 2 | Independently, § 2106 empowers this Court to remand "as may be just," with instructions tailored to fraud and register rectification. | 28 U.S.C. § 2106 | **[Document 93]**; **[DE 185]**; **[DE 188]** | Remand with § 2106 instructions for targeted *Rule* 60/Lanham Act proceedings. |
| 3 | The three 2/17/2020 service mark applications were made three days before the Complaint was filed were litigation-driven and presented as if registered and incontestable, a material misstatement at TRO/PI stages. | *Hazel-Atlas*, 322 U.S. at 246–47; *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352–54 (6th Cir. 1993); *Info-Hold, Inc. v. Sound Merch.*, 538 F.3d 448, 454–55 (6th Cir. 2008) | **[DE 185-1]** (fact proffer); **[Document 50]** (Exhibits); **[Document 84]** (judicial notice set) | Limited remand to adjudicate misrepresentation and omission predicates under *Rule* 60. |
| 4 | HOKC concealed known concurrent users—including its separate, for-profit **Kentucky Colonels Collectibles, Inc.**—and inflated first-use claims. | *In re Bose Corp.*, 580 F.3d 1240, 1243–46 (Fed. Cir. 2009); 15 U.S.C. § 1051(a)(3)(D) | **[Document 84]**; **[Document 70]**; **[Document 71]** | Remand for findings on procurement fraud and concurrent-use nondisclosures. |
| 5 | Prior adverse authority in this District recognized the descriptiveness/weakness of "Kentucky Colonels," which was not forthrightly presented in court. | *Honorable Order of Ky. Colonels, Inc. v. Building Champions, LLC,* 345 F. Supp. 2d 716 (W.D. Ky. 2004) | **[Document 85]**; **[Document 71]** | Consider prior W.D. Ky. treatment; direct district court to weigh it on remand on trademark rights expansion. |
| 6 | The injunction regime functioned as a prior restraint and exceeded Lanham limits by enjoining domains/speech without analyzing § 1115(b)(4) or First Amendment carve-outs. | 15 U.S.C. § 1115(b)(4); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118–22 (2004); *Matal v. Tam*, 582 U.S. 218, 234–39 (2017); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924–28 (6th Cir. 2003) | **[Document 80]**; **[Document 85]** | Direct the district court to re-examine scope/relief after resolving validity/fraud. |

| | | | | |
|---|---|---|---|---|
| 7 | Appellant's filings are evidence-driven and non-frivolous; **[DE 183]** and **[DE 188]** reflect jurisdictional posture and a warning—not merits findings or restrictions. | *Griggs*, 459 U.S. at 58–60; *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Feathers v. Chevron*, 141 F.3d 264, 269 (6th Cir. 1998) | **[DE 183]**; **[DE 188]**; **[Document 78]** (consolidation) | Reject rhetoric re "vexatiousness"; proceed to merits via limited remand. |
| 8 | Noerr-Pennington does not immunize objectively baseless petitioning pursued to interfere with a competitor; the fraud record satisfies *PREI*. | *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993) | **[Document 84]** (chronology); **[DE 185-1]** | Remand for *Rule* 60 fact-finding on sham-litigation theory. |
| 9 | Cancellation/rectification for fraud or invalidity is available under §§ 1064(3) and 1119; § 1120 preserves damages for fraudulent procurement. | 15 U.S.C. §§ 1064(3), 1119, 1120 | **[Document 90]**; **[Document 85]**; **[DE 185-1]** | Authorize/require targeted § 1119 proceedings on remand. |
| 10 | The appellate record catalogs false first-use assertions, nondisclosure of descriptive concurrent users, and early reliance on nascent applications as "famous/incontestable." | *Demjanjuk*, 10 F.3d at 352–54; *Info-Hold*, 538 F.3d at 454–55 | **[DE 185-1]**; **[Document 84]**; **[Document 50]** | Remand for findings on *Rule* 60(b)(3)/(d)(3) elements. |
| 11 | "Kentucky Colonels" is a public honorific/descriptive term; exclusivity claims conflict with descriptiveness/genericness doctrine and expressive-use protections. | *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 513–15 (6th Cir. 2007); *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 765–66 (6th Cir. 2005); *KP Permanent*, 543 U.S. at 118–22; *Matal*, 582 U.S. at 234–39; *ETW*, 332 F.3d at 924–28 | **[Document 85]**; **[Document 72]** (press); **[Document 69]** (state publications) | Direct district court to adjudicate validity (descriptive/generic) and fair-use defenses. |
| 12 | Appellee's objection leans on rhetoric and **[DE 188]**'s divestiture posture rather than merits; that posture actually supports *Rule* 62.1/*FRAP* 12.1 usage. | FRCP 62.1(a); FRAP 12.1(b); *Griggs*, 459 U.S. at 58–60 | **[Document 94]**; **[DE 188]** | Overrule objection; grant limited remand. |
| 13 | The requested disposition is narrow and tailored: limited remand for *Rule* 60 and §§ 1064/1119 proceedings, or alternative § 2106 relief now. | FRAP 12.1(b); 28 U.S.C. § 2106; 15 U.S.C. §§ 1064, 1119 | **[Document 93]**; **[Document 94]** | Enter order granting limited remand; alternatively exercise § 2106 and direct rectification. |

## Pro Se Status and Procedural Compliance Statement

Appellant respectfully submits this filing in a *pro se* capacity, as he has done throughout the five-year history of this federal litigation. All legal arguments, authorities, and formatting herein are the result of the Appellant's sustained self-education and diligent effort to comply with the Federal Rules of Appellate Procedure, Sixth Circuit local rules, and governing precedents. This "Pro Se Status and Procedural Compliance Statement" is made in light of Appellee's rhetorical claims of Appellant filing harassing and frivolous documents before the District Court of the Western District of Kentucky and the Sixth Circuit Court of Appeals.

The degree of legal and procedural specificity contained in this filing reflects Appellant's commitment to clarity, efficiency, and adherence to court standards—not professional legal training or outside representation.

Appellant respectfully requests that the Court continue to construe his filings liberally under the governing standards for *pro se* litigants, as recognized in *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985), notwithstanding the legal rigor of the presentation.

This statement is submitted solely to preserve the equitable treatment afforded to unrepresented parties proceeding pro se and is not intended to substitute for the judgment of licensed counsel.

Dated: September 5, 2025

/s/ Col. David J. Wright

Col. David J. Wright, Pro Se Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on **September 05, 2025**, I **submitted** the foregoing **"Reply Supporting Limited Remand"** for filing via **email** to the Clerk of the Court, in accordance with the Court's procedures for pro se litigants. Upon docketing, the Court's **CM/ECF system** will automatically serve all registered ECF users, including counsel for Appellee.

| | |
|---|---|
| Deborah S. Hunt, Clerk | /s/ Col. David J. Wright |
| Sixth Circuit Court of Appeals | David J. Wright, Pro-se Appellant |
| 501 Potter Stewart U.S. Courthouse | DATED: September 05, 2025 |
| 100 East Fifth Street | |
| Cincinnati, Ohio 45202-3988 | |